LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

EMBARCADERO CENTER WEST
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CALIFORNIA  94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
NASHVILLE

December 16, 2011

**VIA ELECTRONIC CASE FILING AND MESSENGER**

The Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:   *James v. UMG Recordings, Inc.*, N.D. Cal. Case No. CV 11-01613 SI
> *Zombie v. UMG Recordings, Inc.*, N.D. Cal. Case No. CV 11-02431 SI

Dear Judge Illston:

Pursuant to the Court's Standing Order, Plaintiffs and Defendant UMG Recordings, Inc. ("UMGR") respectfully submit this joint statement regarding a discovery dispute they were unable to resolve through meet and confer.  The dispute concerns Plaintiffs' requests for: (a) agreements between recording artists and producers and UMGR and its various predecessors-in-interest; and (b) documents and testimony from the case, *F.B.T Productions, LLC et al. v. Aftermath Records et. al.* ("*F.B.T.*") that are not publicly available.  These issues were discussed at the most recent Case Management Conference ("CMC"), held in these cases on November 4, 2011, but remain unresolved.

***Plaintiffs' Statement***  Artist/Producer Agreements:  Plaintiffs allege UMGR failed to properly pay royalties for digital download and ringtone licenses, to Plaintiffs and the putative class members pursuant to agreements they entered into with UMGR and its labels between 1965 and 2004.  See James Docket No. 1 at 9, ¶ 32.  UMGR has indicated it will oppose class certification on the grounds that the agreements at issue purportedly vary too much to make class-wide adjudication appropriate.  Plaintiffs thus requested the production of all agreements between the putative class members and UMGR (including its various labels) during the class period.  More than four months later, UMGR has produced only a tiny fraction of the agreements.

The requested agreements are plainly relevant to these cases and to class certification. UMGR has represented to Plaintiffs and the Court that there are likely tens of thousands of responsive agreements.  During the most recent CMC, UMGR represented that it would begin

The Honorable Susan Illston
December 16, 2011
Page 2

producing agreements within two or three weeks, and that it anticipated producing agreements on rolling basis.  More than a month later, on December 5, 2011, Plaintiffs received the first production of agreements from UMGR, which consisted of <u>less than 50 agreements</u>, all from a single year, 2003, and from only some of UMGR's many labels.

UMGR has already had more than four months to collect and produce responsive agreements, and there is no excuse (other than the failure to devote the necessary resources) for the fact that, during that time, UMGR has only produced a tiny fraction of the agreements at issue.  Plaintiffs respectfully ask the Court to order UMGR to produce all of the agreements on a reasonable schedule.  Plaintiffs would suggest that, if the documents are to be produced on a rolling basis, we would be satisfied with a schedule that concludes in approximately 60 days.  If UMGR maintains its current production pace, it could be *more than a year* before all agreements are produced.  That is clearly too long, and would delay extensively certification and the rest of the litigation.  Plaintiffs are represented by resourced counsel with extensive experience conducting large document reviews, and are fully prepared to review the agreements at a far faster pace than UMGR apparently intends to produce them.[1]

*F.B.T.* Documents:  UMGR refuses to commit to producing most of the documents from the *F.B.T.* case, even though such documents are: (a) within UMGR's possession, custody and control;[2] and (b) within the proper scope of discovery under applicable federal rules.  The Court should order UMGR to produce the requested documents forthwith.[3]

The alleged misconduct challenged in *F.B.T.* was the same as in these cases.  *See F.B.T.*, 621 F.3d 958 (9th Cir. 2010); *James* Docket No. 1 (Complaint), ¶¶ 1-11.  Certain of the pleadings filed in *F.B.T.* are publicly available, and Plaintiffs have already retrieved those documents.  However, a large portion of the *F.B.T.* pleadings, including the papers filed in support of and opposition to the summary judgment motion, were filed under seal.  Also not publicly available are other critical portions of the record, such as the reports prepared by the parties' experts; transcripts of the depositions of defendants' employees and corporate designees, the designees of the third party digital download vendors, and defendants' experts; the trial exhibits; the other documents produced by UMGR and Aftermath to plaintiffs in discovery; and hearing transcripts.  These materials contain information that may be highly pertinent to the issues in these cases.

UMGR has only produced a relatively small subset of the *F.B.T.* documents, and has not committed to producing the rest, let alone committed to a time for that.  The primary objection UMGR has offered is that such production would be burdensome.  However, UMGR itself

---

[1] As for UMGR's characterization of the agreements, the few relevant provisions will say what they say.  The sooner the agreements are produced, the sooner the parties can review them.

[2] UMGR and its label, Aftermath Records, were defendants in the *F.B.T.* case.  Any suggestion that UMGR does not have access to the requested documents is without merit.

[3] The requests at issue are Request Nos. 2 through 19 of Plaintiffs' First Set of Requests for Production of Documents, served in the *James* case.  For the Court's reference, a copy of the relevant requests and UMGR's responses and objections thereto are attached as Exhibit A.

The Honorable Susan Illston
December 16, 2011
Page 3

indicated that the requested documents total approximately 75,000 pages.  Moreover, since these documents are almost certainly maintained in a single place, and are very likely organized and maintained electronically by UMGR's counsel in the *F.B.T.* case, producing these documents would no doubt be far less burdensome than the extensive document search, review, and production routinely required of parties in complex civil litigation.[4]

UMGR also asserts that the production of the *F.B.T.* documents would be burdensome because they contain "confidential" information.  The vast majority of confidentiality designations made with respect to the documents requested were made by UMGR, itself; of course, UMGR may designate these materials, as appropriate, as confidential and subject to the protective Order entered in these cases (*James* Docket No. 48; *Zombie* Docket No. 32), but this is no great burden.  As for documents designated as confidential by non-parties in *F.B.T.* (likely a small minority of the documents), those too could be addressed and produced in accordance with the terms of the protective Order here.  (*James* Docket No. 48, § 9; *Zombie* Docket No. 32, § 9.)  While third parties may need to be involved in this process, and that may slow down the production of documents designated confidential by third parties, that ought not slow the production of the bulk of the documents, from the files of UMGR.

***UMGR's Statement***   Artist/Producer Agreements:  UMGR's production of agreements with recording artists and producers is proceeding apace and does not require the Court's intervention.  Indeed, since it began two weeks ago, the pace of UMGR's production has been increasing.  UMGR produced 49 agreements on December 2, and then produced 414 agreements in the past week.  But what Plaintiffs fail to address is that "UMGR" encompasses numerous current and former record labels, all of whose recording and producer agreements encompassing a forty-year period have been requested by Plaintiffs.  Those agreements are intermingled in UMGR's files with all sorts of other types of agreements (e.g., agreements with photographers, agreements with video production companies, marketing agreements, agreements to permit third parties to use recordings in motion pictures, commercials, television shows, etc.).  There is no precedent for the massive production of agreements sought by Plaintiffs.

Even more important, though Plaintiffs are demanding that the pace of UMGR's production increase, they have not explained what infrastructure they have put in place to review and analyze these agreements at a pace faster than 200 per week or suggested that their review of the agreements has been able to keep up with the pace of UMGR's production thus far.   The agreements being produced are not form agreements.  Each agreement is an individually negotiated, long-form agreement between sophisticated parties, typically seventy or more pages long, including several pages of detailed, complex royalty provisions and definitions regarding the numerous defined terms used therein.   For Plaintiffs to meet their burden to establish all the elements necessary for class certification, they will need to show how a jury could viably resolve "in one stroke" – *Wal-Mart Stores, Inc. v. Dukes*, – U.S. –, 131 S. Ct. 2541, 2551 (2011) – complex royalty issues arising from many thousands of individually negotiated agreements with

---

[4] Notably, approximately 48,000 pages (*i.e.*, about 2/3) of the *F.B.T.* documents requested are the trial exhibits, which are almost certainly maintained electronically in a single place.

The Honorable Susan Illston
December 16, 2011
Page 4

different applicable royalty provisions, and different limitations periods governed by the laws of different states. *See, e.g.*, *Broussard v. Meineke Disc. Muffler Shops*, 155 F.3d 331, 340 (4th Cir. 1998) ("plaintiffs simply cannot advance a single collective breach of contract action on the basis of multiple different contracts.").  Even if Plaintiffs seek improperly to bypass their burden by proffering conclusory and inaccurate assertions that all of the thousands of agreements are "basically" the same, UMGR (out of an abundance of caution) and the Court will still need to perform the necessary analysis.  "The United States Supreme Court requires district courts to engage in a 'rigorous analysis' of each Rule 23(a) factor" and "a district court *must* consider the merits if they overlap with the Rule 23(a) requirements."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (emphasis in original).  Absent any proposed and realistic plan for the review and analysis of UMGR's complex commercial agreements, no court order governing the pace of production is necessary or appropriate at this time.

_F.B.T._ Documents:  Plaintiffs have requested essentially ten categories of documents from the *F.B.T.* litigation. UMGR has produced to Plaintiffs the bulk of five of these categories – trial transcripts[5]; hearing transcripts; trial briefs; jury instructions; and the trial exhibits that do not implicate third party confidentiality concerns.[6]  However, there are serious issues attendant to the remaining five categories Plaintiffs have requested: (1) expert reports; (2) motion *in limine* briefing; (3) summary judgment filings; (4) discovery motion-related materials; and (5) depositions (with exhibits).  From the outset, Plaintiffs have demanded that UMGR produce every single page of what Plaintiffs collectively refer to as "the *F.B.T.* documents" – over 75,000 pages – without exception and without discussion, and Plaintiffs have refused to conduct the meaningful meet and confer this Court's rules require.  As a result, this Court is being asked to micromanage issues the parties could easily resolve if Plaintiffs were interested in doing so rather than in tactical gamesmanship.

The *F.B.T.* documents that are not publicly available were filed under seal because they contain material designated confidential by one of the parties to the action (UMGR or the plaintiffs) or a third party (such as Apple or T-Mobile).  Many were designated Confidential - Attorneys-Eyes-Only, prohibiting even UMGR's outside counsel in this case from seeing them or knowing their contents.  The federal district court in *F.B.T.* has already **agreed** that this

---

[5] Only 23 pages of the trial transcript have been excluded, because these were deemed "highly confidential" by the District Court in the *F.B.T.* case.  These limited portions of the trial transcript concern the terms of a highly confidential agreement designated as such by third party Apple, Inc., and the highly confidential financial terms of an agreement related to the sale of a portion of Andre Young's interest in Aftermath Records, which has nothing to do with the exploitation of permanent downloads or the appropriate royalty for such uses.  Because these pages were designated confidential by third parties (Apple and Mr. Young), UMGR is precluded by the Court's orders in the *F.B.T.* case from producing them.

[6] UMGR's production has excluded only those trial exhibits (i) that were designated confidential by a party other than UMGR (the *F.B.T.* plaintiffs, Apple, or T-Mobile), (ii) the royalty statements of the recording artist Marshall Mathers p/k/a Eminem, which have no relevance to this case and implicate Eminem's private financial information, and which Plaintiffs' lawyers have no possible need to see, and (iii) a few agreements between UMGR and third party vendors for which contractual notice of production is required.

The Honorable Susan Illston
December 16, 2011
Page 5

material implicates serious confidentiality concerns justifying the "under seal" filing in the first place (as is the practice in the Central District, to file "under seal," the parties had to make a separate motion detailing the reasons for confidential treatment).  UMGR and its counsel in the *F.B.T.* case, Munger Tolles & Olson ("MTO"), could be held in contempt for releasing such documents to Plaintiffs (or even to UMGR's own outside counsel in this case).  MTO estimates it would take at least 88 hours to manually review all of the documents Plaintiffs have requested to determine where the confidential material resides and which party (or non-party) designated it, redact the confidential material that MTO is prohibited from disclosing, and prepare the redacted documents for production by UMGR (the "Confidentiality Review").  As discussed below, many of "the *F.B.T.* documents" that have not been review produced are not even conceivably relevant to this action.  Before UMGR is required to undertake a lengthy Confidentiality Review of such documents, Plaintiffs should be required to explain why such documents are relevant, and work with UMGR to develop a fair and workable solution to avoid such busywork.  For example:

• What Plaintiffs call "the *F.B.T.* case" is actually a four-year, multi-issue litigation in which discovery on a wide variety of issues was also combined with discovery in a Michigan copyright infringement case brought by a music publisher against Apple and Aftermath Records (neither parties to this case) which concerned whether Apple and Aftermath had obtained certain publishing licenses to exploit nearly 100 musical compositions in iTunes (the "*Eight Mile*" litigation).  Because witnesses overlapped between *Eight Mile* and *F.B.T.*, depositions were taken in both cases simultaneously.  As a result, a substantial proportion of the "depositions and exhibits" Plaintiffs seek are not even related to *F.B.T.* at all, let alone the issues in this case.

• Even apart from *Eight Mile*, *F.B.T.* alone was really two consolidated cases: the claim the Ninth Circuit eventually ruled upon which Plaintiffs assert is relevant to the present lawsuit, and another lawsuit involving numerous accounting issues specific to Eminem's and F.B.T.'s recording agreements which had nothing to do with the royalty treatment of permanent downloads or mastertones.  Plaintiffs cannot possibly explain how documents related to issues other than the first one have any potential relevance to this case.

• The non-public "motion in limine briefing" involved highly controversial and prejudicial documents and information.  Many of these motions *in limine* were granted by the court in *F.B.T.* (for both sides), suggesting that, in retrospect, such materials should never have been subject to discovery at all.  Such excluded material by definition was not considered by either the jury when it found for UMGR, or the Ninth Circuit when it issued its opinion, and should not be automatically discoverable in this case, without individualized consideration of the issues that motivated their exclusion from evidence in *F.B.T.*  Similarly, the "discovery motion related documents" include many motions concerning issues with no relation to the royalty issue on which Plaintiffs base their claims here.

Accordingly, UMGR asks that the Court order Plaintiffs to do what UMGR has been asking them to do all along – engage in a real, meaningful meet and confer process with UMGR regarding "the *F.B.T.* documents."  There simply is no excuse for Plaintiff's refusal to even try to

The Honorable Susan Illston
December 16, 2011
Page 6


do so.  UMGR is confident that such a process will result in the elimination, or significant
narrowing, of the *F.B.T.*-related discovery issues with which the Court need be involved.


Dated:  December 16, 2011          By:     */s/ David M. Given*_____
                                                            David M. Given

                                            Nicholas A. Carlin
                                            Kara M. Wolke
                                            Alexander H. Tuzin
                                            PHILLIPS, ERLEWINE & GIVEN LLP

                                            Leonard B. Simon
                                            LAW OFFICES OF LEONARD B. SIMON

                                            Michael W. Sobol
                                            Eric B. Fastiff
                                            Roger N. Heller
                                            LIEFF CABRASER HEIMANN & BERNSTEIN LLP

                                            *Attorneys for Plaintiffs*


Dated:  December 16, 2011          By:     */s/  Jeffrey D. Goldman*_____
                                                            Jeffrey D. Goldman

                                            JEFFER MANGELS BUTLER & MITCHELL LLP

                                            *Attorneys for Defendant*


949069.3

# Exhibit A

RECEIVED

AUG 2 9 2011

LIEFF, CABRASER, HEIMANN
& BERNSTEIN

RNH

1    JEFFREY D. GOLDMAN (Bar No. 155589),
     JGoldman@jmbm.com
2    RYAN S. MAUCK (Bar No. 223173), RMauck@jmbm.com
     BRIAN M. YATES (Bar No. 241798), BYates@jmbm.com
3    JEFFER MANGELS BUTLER & MITCHELL LLP
     1900 Avenue of the Stars, Seventh Floor
4    Los Angeles, California  90067-4308
     Telephone:    (310) 203-8080
5    Facsimile:    (310) 203-0567

6    Attorneys for Defendant UMG RECORDINGS, INC.

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11   RICK JAMES, by and through THE JAMES       CASE NO.    CV11-01613 SI
     AMBROSE JOHNSON, JR., 1999 TRUST, his
12   successor in interest, individually and on behalf   **RESPONSES OF DEFENDANT UMG**
     of all others similarly situated,          **RECORDINGS, INC. TO PLAINTIFF'S**
13                                              **FIRST SET OF REQUESTS FOR**
                 Plaintiff,                      **PRODUCTION OF DOCUMENTS**
14
          v.
15
     UMG RECORDINGS, INC., a Delaware
16   corporation,

17               Defendant.

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
       Butler & Mitchell LLP

7975678v2

UMG Recordings, Inc.'s Responses to Plaintiff's
First Set of RFP

1    Pursuant to Federal Rule of Civil Procedure ("FRCP") 34, defendant UMG Recordings, Inc.

2    ("Defendant"), hereby responds to the First Set of Requests for Production of Documents

3    ("Request" or "Requests") propounded by plaintiff Rick James, by and through the James Ambrose

4    Johnson, Jr., 1999 Trust, his successor in interest, individually and on behalf of all others similarly

5    situated ("Plaintiff") as follows:

6

7                                                    **I.**

8                                    **PRELIMINARY STATEMENT**

9         A.    These responses and all documents produced are given solely for the purpose of, and

10   in relation to, this action.  Each response is given and each document is produced subject to all

11   appropriate objections (including but not limited to objections concerning competency, relevancy,

12   materiality, propriety and admissibility) which would require the exclusion of any statement

13   contained herein if made by a witness present and testifying in court.  All such objections and

14   grounds therefore are reserved and may be interposed at the time of trial.

15        B.    Defendant is pursuing its investigation of the facts and law relating to this case and

16   has not completed its discovery or its preparation for trial.  Therefore, the responses set forth herein

17   and any documents produced are provided without prejudice to Defendant's right to produce

18   additional documents or produce evidence of any subsequent facts or interpretations thereof, or to

19   add to, modify or otherwise change or amend the responses herein.  The information hereinafter set

20   forth is true and correct to Defendant's best knowledge as of this date, and is subject to correction

21   for inadvertent errors, mistakes or omissions if any such errors, mistakes or omissions should be

22   found to exist.  These responses and any documents produced are based upon documents and

23   information presently available to Defendant.  References in a response to a preceding or

24   subsequent response incorporate both the information and objections set forth in the referenced

25   response.

26        C.    Defendant reserves the right to introduce at trial any and all evidence heretofore or

27   hereinafter produced by all parties in this action or by any third party that supports or tends to

28   support Defendant's contentions at trial or in support of or in opposition to any motion in this case.

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

7975678v2

                                                - 1 -

1   To the extent that Defendant produces any documents in response to a Request herein, it does so

2   without prejudice to produce additional documents and to establish at a later date any additional

3   facts that may be discovered as a result of any additional investigation and discovery.

4          D.      Any response contained herein does not constitute a waiver of any applicable

5   privilege, nor does any response contained herein waive any objection, including relevancy, to the

6   admission of such responses or responsive documents in evidence.

7          E.      The fact that a Request has been responded to herein should not be taken as an

8   admission, or a concession of the existence of any facts set forth or assumed by the Request, or that

9   such response constitutes evidence of any fact.  In addition, the fact that Defendant has responded to

10  part or all of any Request is not intended and shall not be construed to be a waiver by Defendant of

11  all or any part of any objection to any Request.

12

13                                          **II.**

14                              **<u>GENERAL OBJECTIONS</u>**

15          The following general objections apply to each Request propounded by Plaintiff and are

16  incorporated into each response thereto by Defendant:

17          A.      Defendant objects to each Request to the extent that it calls for the production of

18  documents which are subject to the attorney-client privilege, the attorney work-product doctrine or

19  any other privilege, immunity or protection available under law.  Inadvertent disclosure of any

20  documents subject to any applicable privilege or doctrine, including, but not limited to, the attorney-

21  client privilege and the work-product doctrine, is not intended to be, and shall not operate as, a

22  waiver of such privilege or doctrine, in whole or in part.  Nor is any such inadvertent disclosure

23  intended to be, nor shall it constitute, a waiver of the right to object to any use of such document.

24          B.      Defendant objects to the Requests to the extent that they purport to impose any

25  obligations on Defendant that are not imposed by the Federal Rules of Civil Procedure or other

26  applicable law.

27          C.      Defendant objects to the definition of the terms "YOU," "YOUR," "DEFENDANT,"

28  and "UMG" on the basis that Plaintiff's definition of these terms is overbroad.  Defendant will

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   respond to the Requests solely on its own behalf and only with respect to documents in Defendant's

2   possession, custody or control, not those in the possession, custody, or control of other persons or

3   entities.

4          D.   Defendant objects to the definition of the term "DIGITAL DOWNLOAD

5   PROVIDER" on the basis that Plaintiff's definition of this term is argumentative and misleading.

6   Defendant further objects that Plaintiff's definition of this term is vague and ambiguous.  Defendant

7   will respond to the Requests based on its understanding of its relationship with retailers of digital

8   permanent downloads, not based on the definition provided by Plaintiff.

9          E.   Defendant objects to the definition of the term "MASTER LICENSED

10   PROVISION" on the basis that Plaintiff's definition of this term is argumentative and misleading.

11   Defendant further objects that Plaintiff's definition of this term is vague and ambiguous.  Defendant

12   will respond to the Requests based on its understanding of the nature of contractual provisions that

13   concern compensation for various types of licensing activity, not based on the definition provided

14   by Plaintiff.

15       Subject to the foregoing Preliminary Statement and General Objections, which are hereby

16   incorporated by reference into each individual response below, and without waiving same,

17   Defendant responds to the Requests as follows:

18

19                                 **III.**

20             **RESPONSES TO REQUESTS FOR PRODUCTION**

21   REQUEST NO. 1:

22       All contracts from January 1, 1965, to April 30, 2004 containing MASTER LICENSED

23   PROVISIONS.

24   RESPONSE TO REQUEST NO. 1:

25       Defendant incorporates by reference herein its General Objections stated above.  Defendant

26   further objects to this Request on the grounds that it is overly broad and the burden of the requested

27   discovery outweighs its likely benefit; that it is vague and ambiguous; that it seeks the production of

28   documents which are neither relevant to the subject matter of this action nor reasonably calculated

1   to lead to the discovery of admissible evidence; and that Plaintiff's definition of the term

2   "MASTER LICENSED PROVISION" is argumentative and misleading.

3        Subject to and without waiving its objections, Defendant responds as follows:  Upon entry

4   of an appropriate protective order and redaction of highly confidential and irrelevant terms,

5   Defendant will produce non-privileged responsive documents in its possession, custody, or control

6   that it is able to locate after a reasonably diligent search constituting agreements entered into

7   between Motown Record Company, L.P. and its predecessors and successors, if any, on the one

8   part, and recording artists or production companies furnishing the services of recording artists, on

9   the other part, between January 1, 1965 and April 30, 2004.

11   REQUEST NO. 2:

12        All trial transcripts generated in *F.B.T.*

13   RESPONSE TO REQUEST NO. 2:

14        Defendant incorporates by reference herein its General Objections stated above.  Defendant

15   further objects to this Request on the grounds that it is overly broad and the burden of the requested

16   discovery outweighs its likely benefit; that it seeks the production of documents which are neither

17   relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

18   admissible evidence; that it seeks confidential financial or other information of Defendant and/or

19   third parties; and that it seeks documents and information which are subject to a protective order

20   which prohibits their production.

22   REQUEST NO. 3:

23        All deposition transcripts, including exhibits, of UMG'S and Aftermath Records' personnel

24   and corporate designees taken in *F.B.T.*

25   RESPONSE TO REQUEST NO. 3:

26        Defendant incorporates by reference herein its General Objections stated above.  Defendant

27   further objects to this Request on the grounds that it is overly broad and the burden of the requested

28   discovery outweighs its likely benefit; that it seeks the production of documents which are neither

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

2  admissible evidence; that it seeks confidential financial or other information of Defendant and/or

3  third parties; and that it seeks documents and information which are subject to a protective order

4  which prohibits their production.

5

6  **REQUEST NO. 4:**

7  All deposition transcripts, including exhibits, of any personnel and corporate designees of

8  any DIGITAL DOWNLOAD PROVIDER taken in *F.B.T.*

9  **RESPONSE TO REQUEST NO. 4:**

10  Defendant incorporates by reference herein its General Objections stated above.  Defendant

11  further objects to this Request on the grounds that it is overly broad and the burden of the requested

12  discovery outweighs its likely benefit; that it seeks the production of documents which are neither

13  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

14  admissible evidence; that it seeks confidential financial or other information of Defendant and/or

15  third parties; that it seeks documents and information which are subject to a protective order which

16  prohibits their production; and that Plaintiff's definition of the term "DIGITAL DOWNLOAD

17  PROVIDER" is argumentative and misleading.

18

19  **REQUEST NO. 5:**

20  All reports prepared by any expert in *F.B.T.*

21  **RESPONSE TO REQUEST NO. 5:**

22  Defendant incorporates by reference herein its General Objections stated above.  Defendant

23  further objects to this Request on the grounds that it seeks documents protected from disclosure by

24  the attorney-client privilege and/or work-product doctrine; that it is overly broad and the burden of

25  the requested discovery outweighs its likely benefit; that it seeks the production of documents

26  which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the

27  discovery of admissible evidence; that it seeks confidential financial or other information of

28

*JMBM* | Jeffer Mangels
Butler & Mitchell LLP

1    Defendant and/or third parties; and that it seeks documents and information which are subject to a

2    protective order which prohibits their production.

3

4    REQUEST NO. 6:

5            All deposition transcripts, including exhibits, of any expert taken in *F.B.T.*

6    RESPONSE TO REQUEST NO. 6:

7            Defendant incorporates by reference herein its General Objections stated above.  Defendant

8    further objects to this Request on the grounds that it is overly broad and the burden of the requested

9    discovery outweighs its likely benefit; that it seeks the production of documents which are neither

10   relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

11   admissible evidence; that it seeks confidential financial or other information of Defendant and/or

12   third parties; and that it seeks documents and information which are subject to a protective order

13   which prohibits their production.

14

15   REQUEST NO. 7:

16           All trial exhibits designated by any party for use at trial in *F.B.T.*

17   RESPONSE TO REQUEST NO. 7:

18           Defendant incorporates by reference herein its General Objections stated above.  Defendant

19   further objects to this Request on the grounds that it is overly broad and the burden of the requested

20   discovery outweighs its likely benefit; that it seeks the production of documents which are neither

21   relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

22   admissible evidence; that it seeks confidential financial or other information of Defendant and/or

23   third parties; and that it seeks documents and information which are subject to a protective order

24   which prohibits their production.

25

26

27

28

1   REQUEST NO. 8:

2       All DOCUMENTS, including unredacted moving, responding, and reply papers and exhibits

3   attached thereto, RELATING TO any motions for summary judgment, partial or total, filed by any

4   party in *F.B.T.*

5   RESPONSE TO REQUEST NO. 8:

6       Defendant incorporates by reference herein its General Objections stated above.  Defendant

7   further objects to this Request on the grounds that it seeks documents protected from disclosure by

8   the attorney-client privilege and/or work-product doctrine; that it is overly broad and harassing in

9   that the burden of the requested discovery outweighs its likely benefit to the extent that certain

10  documents responsive to this Request are publicly available and equally accessible to Plaintiff; that

11  it seeks the production of documents which are neither relevant to the subject matter of this action

12  nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks confidential

13  financial or other information of Defendant and/or third parties; and that it seeks documents and

14  information which are subject to a protective order which prohibits their production.

15

16  REQUEST NO. 9:

17      All DOCUMENTS, including unredacted moving, responding, and reply papers and exhibits

18  attached thereto, RELATING TO any Motions in Limine filed by any party in *F.B.T.*

19  RESPONSE TO REQUEST NO. 9:

20      Defendant incorporates by reference herein its General Objections stated above.  Defendant

21  further objects to this Request on the grounds that it seeks documents protected from disclosure by

22  the attorney-client privilege and/or work-product doctrine; that it is overly broad and harassing in

23  that the burden of the requested discovery outweighs its likely benefit to the extent that certain

24  documents responsive to this Request are publicly available and equally accessible to Plaintiff; that

25  it seeks the production of documents which are neither relevant to the subject matter of this action

26  nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks confidential

27  financial or other information of Defendant and/or third parties; and that it seeks documents and

28  information which are subject to a protective order which prohibits their production.

REQUEST NO. 10:

All DOCUMENTS, including unredacted moving, responding, and reply papers and exhibits attached thereto, RELATING TO F.B.T. Production, LLC's and Em2M, LLC's Motion to Compel Further Response to Subpoena Served on Nonparty Apple Computers, Inc. filed in *F.B.T.*

RESPONSE TO REQUEST NO. 10:

Defendant incorporates by reference herein its General Objections stated above. Defendant further objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine; that it is overly broad and harassing in that the burden of the requested discovery outweighs its likely benefit to the extent that certain documents responsive to this Request are publicly available and equally accessible to Plaintiff; that it seeks the production of documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks confidential financial or other information of Defendant and/or third parties; and that it seeks documents and information which are subject to a protective order which prohibits their production.

REQUEST NO. 11:

All DOCUMENTS, including unredacted moving, responding, and reply papers and exhibits attached thereto, RELATING TO UMG's and Aftermath Record's Motion for Protective Order re Plaintiffs' Notice of Deposition of Jimmy Iovine filed in *F.B.T.*

RESPONSE TO REQUEST NO. 11:

Defendant incorporates by reference herein its General Objections stated above. Defendant further objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine; that it is overly broad and harassing in that the burden of the requested discovery outweighs its likely benefit to the extent that certain documents responsive to this Request are publicly available and equally accessible to Plaintiff; that it seeks the production of documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks confidential

1   financial or other information of Defendant and/or third parties; and that it seeks documents and

2   information which are subject to a protective order which prohibits their production.

3

4   REQUEST NO. 12:

5         All DOCUMENTS, including unredacted moving, responding, and reply papers and exhibits

6   attached thereto, RELATING TO any motions to compel filed by F.B.T. Production, LLC and

7   Em2M, LLC in *F.B.T.*

8   RESPONSE TO REQUEST NO. 12:

9         Defendant incorporates by reference herein its General Objections stated above.  Defendant

10  further objects to this Request on the grounds that it seeks documents protected from disclosure by

11  the attorney-client privilege and/or work-product doctrine; that it is overly broad and harassing in

12  that the burden of the requested discovery outweighs its likely benefit to the extent that certain

13  documents responsive to this Request are publicly available and equally accessible to Plaintiff; that

14  it seeks the production of documents which are neither relevant to the subject matter of this action

15  nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks confidential

16  financial or other information of Defendant and/or third parties; and that it seeks documents and

17  information which are subject to a protective order which prohibits their production.

18

19  REQUEST NO. 13:

20        All DOCUMENTS, including unredacted moving, responding, and reply papers and exhibits

21  attached thereto, RELATING TO the deposition of Gary Stiffleman taken in *F.B.T.*, including

22  UMG's and Aftermath Record's Motion to Compel Further Responses, Motion to Quash Notice of

23  Taking Deposition of Gary Stiffleman and F.B.T. Production, LLC's and Em2M, LLC's Motion for

24  Discovery regarding Leave to Take Deposition of Gary Stiffleman and to Compel Supplemental

25  Responses filed in *F.B.T.*

26  RESPONSE TO REQUEST NO. 13:

27        Defendant incorporates by reference herein its General Objections stated above.  Defendant

28  further objects to this Request on the grounds that it seeks documents protected from disclosure by

UMG Recordings, Inc.'s Responses to Plaintiff's
First Set of RFP

PRINTED ON
RECYCLED PAPER

JMBM   Jeffer Mangels
Butler & Mitchell LLP

1   the attorney-client privilege and/or work-product doctrine; that it is overly broad and harassing in

2   that the burden of the requested discovery outweighs its likely benefit to the extent that certain

3   documents responsive to this Request are publicly available and equally accessible to Plaintiff; that

4   it seeks the production of documents which are neither relevant to the subject matter of this action

5   nor reasonably calculated to lead to the discovery of admissible evidence; that it seeks confidential

6   financial or other information of Defendant and/or third parties; and that it seeks documents and

7   information which are subject to a protective order which prohibits their production.

8

9   REQUEST NO. 14:

10       All hearing transcripts and minutes generated in *F.B.T.*

11   RESPONSE TO REQUEST NO. 14:

12       Defendant incorporates by reference herein its General Objections stated above.  Defendant

13   further objects to this Request on the grounds that it is overly broad and harassing in that the burden

14   of the requested discovery outweighs its likely benefit to the extent that certain documents

15   responsive to this Request are publicly available and equally accessible to Plaintiff; that it seeks the

16   production of documents which are neither relevant to the subject matter of this action nor

17   reasonably calculated to lead to the discovery of admissible evidence; that it seeks confidential

18   financial or other information of Defendant and/or third parties; and that it seeks documents and

19   information which are subject to a protective order which prohibits their production.

20

21   REQUEST NO. 15:

22       All proposed jury instructions filed by any party in *F.B.T.*

23   RESPONSE TO REQUEST NO. 15:

24       Defendant incorporates by reference herein its General Objections stated above.  Defendant

25   further objects to this Request on the grounds that it is overly broad and harassing in that the burden

26   of the requested discovery outweighs its likely benefit to the extent that certain documents

27   responsive to this Request are publicly available and equally accessible to Plaintiff; and that it seeks

28

1    the production of documents which are neither relevant to the subject matter of this action nor

2    reasonably calculated to lead to the discovery of admissible evidence.

3

4    REQUEST NO. 16:

5         All final jury instructions in *F.B.T.*

6    RESPONSE TO REQUEST NO. 16:

7         Defendant incorporates by reference herein its General Objections stated above.  Defendant

8    further objects to this Request on the grounds that it is overly broad and harassing in that the burden

9    of the requested discovery outweighs its likely benefit to the extent that certain documents

10   responsive to this Request are publicly available and equally accessible to Plaintiff; and that it seeks

11   the production of documents which are neither relevant to the subject matter of this action nor

12   reasonably calculated to lead to the discovery of admissible evidence.

13

14   REQUEST NO. 17:

15        All trial briefs and pre-trial memoranda filed by any party in *F.B.T.*

16   RESPONSE TO REQUEST NO. 17:

17        Defendant incorporates by reference herein its General Objections stated above.  Defendant

18   further objects to this Request on the grounds that it is overly broad and harassing in that the burden

19   of the requested discovery outweighs its likely benefit to the extent that certain documents

20   responsive to this Request are publicly available and equally accessible to Plaintiff; and that it seeks

21   the production of documents which are neither relevant to the subject matter of this action nor

22   reasonably calculated to lead to the discovery of admissible evidence.

23

24   REQUEST NO. 18:

25        All witness lists filed by any party in *F.B.T.*

26   RESPONSE TO REQUEST NO. 18:

27        Defendant incorporates by reference herein its General Objections stated above.  Defendant

28   further objects to this Request on the grounds that it is overly broad and harassing in that the burden

JMBM   Jeffer Mangels
Butler & Mitchell LLP

1  of the requested discovery outweighs its likely benefit to the extent that certain documents

2  responsive to this Request are publicly available and equally accessible to Plaintiff; and that it seeks

3  the production of documents which are neither relevant to the subject matter of this action nor

4  reasonably calculated to lead to the discovery of admissible evidence.

5

6  REQUEST NO. 19:

7      All exhibit lists filed by any party in *F.B.T.*

8  RESPONSE TO REQUEST NO. 19:

9      Defendant incorporates by reference herein its General Objections stated above. Defendant

10  further objects to this Request on the grounds that it is overly broad and harassing in that the burden

11  of the requested discovery outweighs its likely benefit to the extent that certain documents

12  responsive to this Request are publicly available and equally accessible to Plaintiff; and that it seeks

13  the production of documents which are neither relevant to the subject matter of this action nor

14  reasonably calculated to lead to the discovery of admissible evidence.

15

16  REQUEST NO. 20:

17      All agreements between UMG and any DIGITAL DOWNLOAD PROVIDER or any entity

18  from January 1, 1999 to the present time for the sale or distribution of digital music or sound

19  recordings to end-users who can either download the recording onto a device or play the recording

20  in a stream on the Internet.

21  RESPONSE TO REQUEST NO. 20:

22      Defendant incorporates by reference herein its General Objections stated above. Defendant

23  further objects to this Request on the grounds that it is overly broad and the burden of the requested

24  discovery outweighs its likely benefit; that it is vague and ambiguous; that it seeks the production of

25  documents which are neither relevant to the subject matter of this action nor reasonably calculated

26  to lead to the discovery of admissible evidence; and that Plaintiff's definition of the term

27  "DIGITAL DOWNLOAD PROVIDER" is argumentative and misleading.

28

JMBM | Jeffer Mangels
      | Butler & Mitchell LLP

1    Subject to and without waiving its objections, Defendant responds as follows:  Upon entry

2  of an appropriate protective order and redaction of highly confidential and irrelevant terms,

3  Defendant will produce non-privileged responsive documents in its possession, custody or control

4  that it is able to locate after a reasonably diligent search constituting agreements entered into

5  between Defendant and its predecessors and successors, if any, on the one part, and retailers of

6  digital permanent downloads for sale and download within the United States, on the other part,

7  between January 1, 1999 and the present.

8

9  DATED:  August 25, 2011                    JEFFREY D. GOLDMAN
                                              RYAN S. MAUCK
10                                            BRIAN M. YATES
                                              JEFFER MANGELS BUTLER & MITCHELL LLP
11

12                                            By: _____
13                                                      RYAN S. MAUCK
                                              Attorneys for Defendant UMG RECORDINGS, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

7975678v2

UMG Recordings, Inc.'s Responses to Plaintiff's
First Set of RFP

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business address is:  1900 Avenue of the Stars, 7th Floor,
4    Los Angeles, California 90067.

5      On August 25, 2011, I served the document(s) described as **RESPONSES OF
DEFENDANT UMG RECORDINGS, INC. TO PLAINTIFF'S FIRST SET OF REQUESTS**
6    **FOR PRODUCTION OF DOCUMENTS** in this action addressed as follows:

7    Michael W. Sobol                              David M. Given
     Eric B. Fastiff                              R. Scott Erlewine
8    Roger N. Heller                              Nicholas A. Carlin
     Cecilia Han                                  PHILLIPS, ERLEWINE & GIVEN LLP
9    LIEFF CABRASER HEIMANN &                      50 California Street, 35th Floor
10   BERNSTEIN LLP                                San Francisco, CA  94111
     275 Battery Street, 29th Floor
11   San Francisco, CA  94111-3336

12   ☒    (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a
          sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that
13        same day to be mailed via first class mail at Los Angeles, California.  I am aware that on
          motion of the party served, service is presumed invalid if postal cancellation date or postage
14        meter date is more than one day after date of deposit for mailing in affidavit.

15        Executed on August 25, 2011, at Los Angeles, California.

16        I declare under penalty of perjury under the laws of the United States that the above
     is true and correct.
17

18

19                                              Roberta L. Franchimone

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
8000811v1