IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through The James Ambrose Johnson, Jr., 1999 Trust, his successor in interest, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>UMG RECORDINGS, INC.,<br><br>        Defendant.<br>_____/ | No. C 11-1613 SI; No. C 11-2431 SI<br>Related Case: No. C 11-5321 SI<br><br>**ORDER RE: DISCOVERY** |

The parties have submitted two discovery disputes to the Court.

First, the parties disagree about whether the pace of defendant's production of artist/producer agreements has been expeditious enough. The Court has reviewed the parties' submissions on this point, and finds it reasonable to require defendant to complete its production of agreements within 90 days of the filing date of this order.

The second dispute concerns plaintiffs' request for documents in *F.B.T. Productions, LLC v. Aftermath Records*. Plaintiffs assert that "the alleged misconduct challenged in *F.B.T.* was the same as in these cases," and that the documents sought (such as expert reports, deposition transcripts, and pleadings) contain information that may be highly relevant. Plaintiffs state that they have already obtained the publicly-available documents, and the documents at issue are those that were designated "confidential" or "highly confidential" by the parties or third parties in *F.B.T.*

Defendant objects to producing the *F.B.T.* documents that are not publicly available on several grounds. First, defendant states that the documents at issue include many that are not conceivably

relevant to this action, and defendant states that plaintiffs have refused to engage in a meaningful meet and confer to narrow the *F.B.T.* discovery issues. For example, defendant states that the "*F.B.T.* case" is actually a litigation in which discovery on a wide variety of issues was also combined with discovery in a Michigan copyright infringement case brought by a music publisher against Apple and Aftermath Records (neither of whom are parties to this case) which concerned whether Apple and Aftermath had obtained certain publishing licenses to nearly 100 musical compositions on iTunes. Defendant refers to the Michigan copyright infringement case as the "*Eight Mile*" litigation. Defendant states that witnesses overlapped between *Eight Mile* and *F.B.T.*, and thus discovery was coordinated. Defendant asserts that "a substantial proportion of the depositions and exhibits Plaintiffs seek are not even related to *F.B.T.* at all, let alone the issues in this case." Docket No. 56 at 5. As another example, defendant states that even apart from *Eight Mile*, *F.B.T.* was actually two consolidated cases: the claim the Ninth Circuit eventually ruled upon which plaintiffs assert is relevant to the present lawsuit, and another lawsuit involving numerous accounting issues specific to Eminem's and F.B.T.'s recording agreements, which defendant asserts had nothing to do with the royalty treatment of permanent downloads or mastertones.

Plaintiffs do not address the distinction between *Eight Mile* and *F.B.T.* documents, nor do they address how documents related to the accounting issues specific to Eminem and F.B.T. are relevant to this case. The Court directs the parties to engage in a further meet and confer about the "*F.B.T.* documents," and if there are further disagreements about the relevance of particular categories of documents (as opposed to the confidentiality issues, discussed *infra*), the parties shall file a joint letter brief specifically discussing the relevance of the documents at issue.[1]

Defendant also objects to producing the non-public *F.B.T.* documents on the ground that these documents have been designated confidential. Defendant states that it is precluded from producing

---

[1] Another category of documents includes the non-public motion in limine briefing in *F.B.T.* Defendant asserts that many of these motions were granted, and thus the excluded material was not considered by the jury or the Ninth Circuit, and thus "should not be automatically discoverable in this case, without individualized consideration of the issues that motivated their exclusion from evidence in *F.B.T.*" Docket No. 56 at 5. The Court agrees with defendant that a further meet and confer on these documents is required. However, in order to have an "individualized consideration of the issues that motivated their exclusion from evidence," defendant must provide sufficient information to plaintiff's counsel about the substance of these motions in order to make the meet and confer productive.

these documents by the Court's orders in the *F.B.T.* case. The Court finds that to the extent that there are non-public documents in the *F.B.T.* case that are relevant to the claims and defenses in this case, those documents should be produced, subject to the same confidentiality designations and protections in place in the *F.B.T.* litigation. However, this Court cannot order that those documents be produced without the cooperation of the *F.B.T.* court. Accordingly, the Court directs the parties to meet and confer and file a motion with the *F.B.T.* court seeking relief from the protective order to permit production of under seal *F.B.T.* documents in this case, provided such documents are afforded the same confidentiality protections in this litigation as they have received in the *F.B.T.* litigation.

**IT IS SO ORDERED.**

Dated: December 23, 2011

SUSAN ILLSTON
United States District Judge