Michael W. Sobol (State Bar No. 194857)
msobol@lchb.com
Roger N. Heller (State Bar No. 215348)
rheller@lchb.com
Cecilia Han (State Bar No. 235640)
chan@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3336
Telephone:  415-956-1000
Facsimile:  415-956-1008

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant. | Case No:  CV-11-1613 SI<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        January 25, 2012<br>Time:       4:00 p.m.<br>Judge:      Hon. Susan Illston<br>Courtroom: 10, 19th Floor |
| ROB ZOMBIE, a/k/a Robert Wolfgang Zombie, f/k/a Robert Cummings; WHITE ZOMBIE, a general partnership; WHITESNAKE, a doing business as designation of David Coverdale, by and for WHITESNAKE PRODUCTIONS (OVERSEAS) LIMITED; and DAVE MASON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation, | Case No:  CV-11-2431 SI<br><br>CASES CONSOLIDATED PURSUANT TO F.R.C.P. 42 |

Defendant.

SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT —
Case Nos.  CV-11-1613 SI; CV-11-2431 SI

946116.1

Pursuant to Civil Local Rule 16-10(d), the parties in the above-captioned actions respectfully submit the following Supplemental Joint Case Management Statement, in connection with the further Case Management Conference scheduled for January 25, 2012.

### 1. Procedural History and Current Posture

Plaintiff in *James* filed a class action complaint on April 1, 2011. Plaintiffs in *Zombie* filed a class action complaint on May 18, 2011. On June 1, 2011, the Court issued an Order relating the *Zombie* action to the *James* Action.

During June and July 2011, Defendant UMG Recordings, Inc ("UMGR") filed separately in both the *James* and *Zombie* actions: (a) a Motion to Dismiss Action for Improper Venue or Transfer Action to Central District of California; and (b) a Motion to Dismiss Fourth Cause of Action for Violation of California Business & Professions Code § 17200. These motions were heard on September 22, 2011. On November 1, 2011, the Court issued an Order denying both motions. (*James* Docket No. 49).

On July 27, 2011, The Tubes, acting by and through Charles L. Prince, filed a motion for leave to intervene as a party in the *Zombie* Action. On November 1, 2011, the Court issued an Order denying this motion (*James* Docket No. 49).

On November 15, 2011, UMGR filed its answer to the class action complaints in the *James* and *Zombie* actions.

On December 20, 2011, the Court entered a stipulated Order consolidating the *James* and *Zombie* actions for all purposes pursuant to Fed. R. Civ. P. 42(a)(2) (*James* Docket No. 57).

### 2. The *Ridenhour* Action

On or about November 2, 2011, *Ridenhour v. UMG Recordings, Inc.*, Case No. 11-CV-05321, was deemed related to these consolidated actions. *Ridenhour* is also a putative class action brought by a recording artist which alleges that UMGR has allegedly underpaid royalties for digital downloads and ringtones. Plaintiff in *Ridenhour* is represented by different counsel than Plaintiffs in these actions. This Court has set a Case Management Conference in the *Ridenhour* action for February 10, 2012. UMGR requested that Plaintiffs stipulate to move the January 27 Case Management Conference in these cases to February 10, 2012, to coincide with

the date of the *Ridenhour* Case Management Conference, but Plaintiffs were unable to agree to such continuance due to the unavailability of one of their counsel

### 3. Discovery

Discovery in these consolidated actions has commenced. Plaintiffs propounded their first demands for production on July 22, 2011. Plaintiffs propounded a second set of document demands and a first set of interrogatories on December 1, 2011, and third demand for documents later in December 2011. UMGR has also served multiple rounds of discovery requests. The parties have both produced responsive documents, and production of documents is ongoing. The parties also continue to respond to, and meet and confer regarding, the outstanding discovery requests.

On December 23, 2011, the Court issued an Order regarding two discovery issues, one regarding UMGR's production of artist/producer contracts, and the other regarding Plaintiffs' requests for documents concerning the litigation in *F.B.T. Productions v. Aftermath Records* ("*FBT*"). (*James* Docket No. 58). With respect to the contracts, the Court stated in its December 23, 2011, Order that it found "it reasonable to require defendant to complete its production of agreements within 90 days of the filing date of this order." *Id*. UMGR is continuing to produce recording and producer agreements in compliance with the Court's Order.

With respect to the documents related to *F.B.T.*, UMGR has produced certain documents, and the Court ordered the parties to meet and confer further regarding which additional documents, if any, are relevant and should be produced. The parties are doing so and continue to do so. To address concerns raised by UMGR regarding the production of materials designated by the parties and third parties in *F.B.T.* as confidential, the Court ordered that "to the extent that there are non-public documents in the F.B.T. case that are relevant to the claims and defenses in this case, those documents should be produced, subject to the same confidentiality designations and protections in place in the *F.B.T.* litigation." To facilitate the production of such "relevant" documents, if any, the Court ordered the parties to "file a motion with the *F.B.T.* court seeking relief from the protective order to permit production of under seal *F.B.T.* documents in this case, provided such documents are afforded the same confidentiality

protections in this litigation as they have received in the *F.B.T.* litigation." (*James* Docket No. 58 at 3).  On January 18, 2012, Plaintiffs sent to UMGR a proposed joint motion and [proposed] order, to be filed in *F.B.T.*, seeking modification of the protective order in that case, consistent with this Court's directions.  Since receiving the draft motion and [proposed] order from Plaintiffs two days ago, UMGR has commenced revising the draft Motion and [proposed] order.

      Plaintiffs expect to notice their initial fact depositions in the next few weeks.  UMGR anticipates serving additional written discovery requests and noticing depositions after Plaintiffs complete their identification of witnesses in response to UMGR's initial set of interrogatories, which Plaintiffs have commenced.

      **4.**      **Settlement and ADR**:

      The parties have been advised of the available ADR options, but believe that engaging in a formal ADR procedure at this stage would be premature.

Dated: January 20, 2012

By:_____/s/_____
    Michael W. Sobol
    Eric B. Fastiff
    Roger N. Heller
    LIEFF CABRASER HEIMANN & BERNSTEIN LLP

    David M. Given
    Nicholas A. Carlin
    Kara M. Wolke
    Alexander H. Tuzin
    PHILLIPS, ERLEWINE & GIVEN LLP

    Leonard B. Simon
    LAW OFFICES OF LEONARD B. SIMON

    Attorneys for Plaintiffs and the Putative Class

Dated: January 20, 2012      By:_____/s/_____
    Jeffrey D. Goldman
    JEFFER MANGELS BUTLER MITCHELL LLP

3
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT —
Case Nos.  CV-11-1613 SI; CV-11-2431 SI**

946116.1

Attorneys for Defendant

959884.1