1  JEFFREY D. GOLDMAN (Bar No. 155589),
   JGoldman@jmbm.com
2  RYAN S. MAUCK (Bar No. 223173), RMauck@jmbm.com
   BRIAN M. YATES (Bar No. 241798), BYates@jmbm.com
3  JEFFER MANGELS BUTLER & MITCHELL LLP
   1900 Avenue of the Stars, Seventh Floor
4  Los Angeles, California  90067-4308
   Telephone:    (310) 203-8080
5  Facsimile:     (310) 203-0567

6  Attorneys for Defendant UMG RECORDINGS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant,<br><br>and related cases. | CASE NO.    CV11-01613 SI (MEJx)<br><br>**ANSWER OF DEFENDANT UMG RECORDINGS, INC. TO COMPLAINT OF PLAINTIFFS OTIS WILLIAMS, RON TYSON, JOINTLY D/B/A "THE TEMPTATIONS"**<br><br>**DEMAND FOR JURY TRIAL** |

1   Defendant UMG Recordings, Inc. ("UMGR"), in answer to the Complaint of plaintiffs Otis
2   Williams, Ron Tyson, jointly d/b/a "The Temptations" ("Plaintiffs"), on behalf of themselves and
3   all others similarly situated, denies, avers and admits as follows:

## I. NATURE OF THE ACTION

5   1.   Answering paragraph 1, UMGR admits that Plaintiffs purport to bring a class action
6   against UMGR based on Plaintiffs' alleged claims for breach of contract and certain statutory
7   violations under California law; denies that the action is appropriate for class treatment; denies that
8   the action is brought against any entities "related and affiliated" to UMGR or "owned and
9   distributed by" UMGR; and avers that it is a corporation organized under the laws of the state of
10  Delaware and that its principal place of business is in Santa Monica, California. Except as
11  expressly admitted and averred herein, UMGR denies the averments of paragraph 1.

12  2.   Answering paragraph 2, UMGR admits that Plaintiffs purport to seek various forms
13  of relief. Except as expressly admitted herein, UMGR denies the averments of paragraph 2, and
14  without limitation specifically denies that Plaintiffs or any other person or entity is entitled to
15  damages, injunctive relief, declaratory relief, or any other relief as a result of Plaintiffs' claims.

16  3.   UMGR denies the averments of paragraph 3.
17  4.   UMGR denies the averments of paragraph 4.
18  5.   UMGR denies the averments of paragraph 5.
19  6.   UMGR denies the averments of paragraph 6.
20  7.   UMGR denies the averments of paragraph 7.

21  8.   Answering paragraph 8, UMGR avers that it sells digital permanent downloads and
22  mastertones of its sound recordings through normal retail channels just as it sells physical products
23  containing its sound recordings through brick-and-mortar and other stores; and without limitation,
24  denies that it has failed to properly account to and pay Plaintiffs or other putative class members
25  moneys allegedly owed for exploitation of digital permanent downloads, mastertones, and streams.
26  Except as expressly averred herein, UMGR denies the averments of paragraph 8.

27  9.   UMGR denies the averments of paragraph 9.
28  10.  UMGR denies the averments of paragraph 10.

11. Answering paragraph 11, UMGR admits that the Ninth Circuit rendered an opinion in *F.B.T. Productions, LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010); avers that the content of said opinion speaks for itself; denies Plaintiffs' characterizations of said opinion and of isolated portions of said opinion and denies that said opinion is applicable to Plaintiffs' Complaint or supports Plaintiffs' claims or the claims of putative class members in this action. Except as expressly admitted and averred herein, UMGR denies the averments of paragraph 11.

12. Answering paragraph 12, UMGR admits that the Ninth Circuit rendered an opinion in *F.B.T. Productions, LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010); avers that the content of said opinion speaks for itself; denies Plaintiffs' characterizations of said opinion and of isolated portions of said opinion and denies that said opinion is applicable to Plaintiffs' Complaint or supports Plaintiffs' claims or the claims of putative class members in this action. Except as expressly admitted and averred herein, UMGR denies the averments of paragraph 12.

13. Answering paragraph 13, UMGR admits that Plaintiffs purport to make various allegations regarding the manner in which UMGR has accounted to Plaintiffs and putative class members for its exploitation of digital permanent downloads and ringtones. Except as expressly admitted herein, UMGR denies the averments of paragraph 13.

14. UMGR denies the averments of paragraph 14, including but not limited to Plaintiffs' characterization of the hearings involving the California State Senate Select Committee on the Entertainment Industry.

15. UMGR denies the averments of paragraph 15.

16. Answering paragraph 16, UMGR admits that Plaintiffs purport to seek various forms of relief, and denies that Plaintiffs or any other person or entity is entitled to such relief, or any other relief, based upon Plaintiffs' claims. Except as expressly admitted herein, UMGR denies the averments of paragraph 16.

## II. THE PARTIES

### Plaintiff

17. UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of the averments of paragraph 17, and on that basis denies said averments.

1     18.     UMGR lacks knowledge and information sufficient to form a belief as to the truth or

2 falsity of the averments of paragraph 18, and on that basis denies said averments.

3     19.     UMGR lacks knowledge and information sufficient to form a belief as to the truth or

4 falsity of the averments of paragraph 19, and on that basis denies said averments.

5                                   **Defendant**

6     20.     Answering paragraph 20, UMGR admits and avers that it is a corporation organized

7 under the laws of the state of Delaware, that its principal place of business is in Santa Monica,

8 California, that it is in the business of exploiting certain sound recordings and certain audiovisual

9 recordings of musical performances, including, in particular instances, by marketing, promoting,

10 arranging for the manufacture of, arranging for the distribution of, licensing, and selling such sound

11 recordings and audiovisual recordings, that it owns recorded performances of many well-known

12 artists, including some, but not all, of those listed in paragraph 20 of the Complaint, and that its

13 divisions include but are not limited to Interscope Geffen A&M Records, Interscope Records,

14 Geffen Records, A&M Records, Universal Republic Records, Universal Music Latin Entertainment,

15 The Verve Music Group, Decca Label Group, and Universal Music Enterprises.  Except as

16 expressly admitted herein, UMGR denies the averments of paragraph 20.

17                          **III.   JURISDICTION AND VENUE**

18     21.     UMGR denies the averments of paragraph 21.

19     22.     UMGR denies the averments of paragraph 22.

20                          **IV.   SUBSTANTIVE ALLEGATIONS**

21     23.     Answering paragraph 23, UMGR admits that some music download retailers allow

22 consumers to purchase and download digital versions of master recordings directly to their

23 computers or other electronic storage devices.  Except as expressly admitted herein, UMGR denies

24 the averments of paragraph 23.

25     24.     UMGR denies the averments of paragraph 24.

26     25.     Answering paragraph 25, UMGR denies that it entered into a "licensing agreement"

27 with Ritmoteca.com.  UMGR lacks knowledge and information sufficient to form a belief as to the

28 truth or falsity of the remaining averments of paragraph 25, and on that basis denies said averments.

1    26. Answering paragraph 26, UMGR admits and avers that digital permanent downloads have been sold by many different retailers. Except as expressly admitted and averred herein, UMGR denies the remaining averments of paragraph 26.

27. UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of the averments of paragraph 27, and on that basis denies said averments.

28. Answering paragraph 28, UMGR denies that its agreements with retailers of digital permanent downloads are "licensing deals." UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 28, and on that basis denies said averments.

29. Answering paragraph 29, UMGR denies that its agreements with retailers of digital permanent downloads are "licensing" transactions. UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 29, and on that basis denies said averments.

30. UMGR denies the averments of paragraph 30.

31. Answering paragraph 31, UMGR denies that it licenses "Music Downloads sold by Music Download Providers." UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 31, and on that basis denies said averments.

32. UMGR denies the averments of paragraph 32.

33. UMGR denies the averments of paragraph 33.

34. UMGR denies the averments of paragraph 34.

35. Answering paragraph 35, UMGR admits that some music services allow consumers to listen to recordings through their computers or other devices without purchasing a copy of the recording, and sometimes contain various restrictions on how a consumer uses such recordings. Except as expressly admitted herein, UMGR denies the averments of paragraph 35.

36. Answering paragraph 36, with respect to the averments regarding UMGR's agreements with "Music Streaming Providers," UMGR avers that the terms of those agreements speak for themselves, and denies the averments of paragraph 36 regarding its agreements with

1  "Music Streaming Providers" to the extent they are inconsistent with the terms of those agreements.
2  With respect to the averments of paragraph 36 regarding "other record labels'" agreements with
3  "Music Streaming Providers," UMGR lacks knowledge and information sufficient to form a belief
4  as to the truth or falsity of those averments, and on that basis denies said averments.

5      37.    Answering paragraph 37, UMGR denies that it fails to provide appropriate royalty
6  payments to artists, including but not limited to Plaintiffs and putative class members, from the
7  income it receives from music streaming providers. UMGR lacks knowledge and information
8  sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 37, and
9  on that basis denies said averments.

10      38.    Answering paragraph 38, UMGR avers that a mastertone is typically a portion of a
11  sound recording converted into a digital file and which may be used to replace the traditional ring a
12  mobile phone makes when the owner receives a call. Except as expressly averred herein, UMGR
13  denies the averments of paragraph 38.

14      39.    Answering paragraph 39, UMGR admits and avers that it sells mastertones through
15  Verizon Wireless, Sprint, T-Mobile, and many others. Except as expressly admitted and averred
16  herein, UMGR denies the averments of paragraph 39.

17      40.    Answering paragraph 40, UMGR denies that its agreements with retailers of
18  mastertones are "licensing agreements." UMGR lacks knowledge and information sufficient to
19  form a belief as to the truth or falsity of the remaining averments of paragraph 40, and on that basis
20  denies said averments.

21      41.    Answering paragraph 41, UMGR denies that its agreements with retailers of
22  mastertones are "licensing agreements." UMGR lacks knowledge and information sufficient to
23  form a belief as to the truth or falsity of the remaining averments of paragraph 41, and on that basis
24  denies said averments.

25      42.    Answering paragraph 42, UMGR denies that its agreements with retailers of
26  mastertones are "licensing agreements." UMGR lacks knowledge and information sufficient to
27  form a belief as to the truth or falsity of the remaining averments of paragraph 42, and on that basis
28  denies said averments.

1  43.  UMGR lacks knowledge and information sufficient to form a belief as to the truth or

2  falsity of the averments of paragraph 43, and on that basis denies said averments.

3  44.  UMGR denies the averments of paragraph 44.

4  45.  UMGR denies the averments of paragraph 45.

5  46.  UMGR denies the averments of paragraph 46.

6  47.  Answering paragraph 47, UMGR avers and admits that it has entered into various

7  agreements with persons or entities in connection with the creation of sound recordings, and that

8  many of said agreements provide that, subject to certain conditions, such persons or entities are to

9  receive royalties derived from certain exploitations of said sound recordings, which royalties are

10  calculated based upon the particular, negotiated terms and conditions in each such agreement.

11  Except as expressly averred herein, UMGR denies the averments of paragraph 47, and without

12  limitation denies that there is any "Standard" recording agreement.

13  48.  Answering paragraph 48, UMGR avers and admits that it has entered into various

14  agreements with persons or entities in connection with the creation of sound recordings, and that

15  many of said agreements provide that, subject to certain conditions, such persons or entities are to

16  receive royalties derived from certain exploitations of said sound recordings, which royalties are

17  calculated based upon the particular, negotiated terms and conditions in each such agreement.

18  Except as expressly averred herein, UMGR denies the averments of paragraph 48, and without

19  limitation denies that there is any "Standard" recording agreement.

20  49.  UMGR denies the averments of paragraph 49.

21  50.  UMGR denies the averments of paragraph 50.

22  51.  UMGR denies the averments of paragraph 51.

23  52.  UMGR denies the averments of paragraph 52.

24  53.  UMGR denies the averments of paragraph 53.

25  54.  UMGR denies the averments of paragraph 54.

26  55.  Answering paragraph 55, UMGR admits that as of May 1, 1987, Motown Record

27  Corporation entered into a written agreement with A Song For You, Inc. f/s/o Dennis Edwards,

28  David English, Ronald Tyson Presson, Richard Street, Otis William [*sic*], p/k/a "The Temptations,"

1  the terms of which speak for themselves, and that UMGR is the successor-in-interest to Motown

2  Record Corporation's rights and obligations under said agreement. Except as expressly admitted

3  herein, UMGR denies the averments of paragraph 55.

4      56.    UMGR denies the averments of paragraph 56.

5      57.    UMGR denies the averments of paragraph 57.

6      58.    Answering paragraph 58, UMGR avers that the terms of the agreement speak for

7  themselves, and denies the averments of paragraph 58 to the extent they are inconsistent with the

8  terms of the agreement.

9      59.    Answering paragraph 59, UMGR avers that the terms of the agreement speak for

10 themselves, and denies the averments of paragraph 59 to the extent they are inconsistent with the

11 terms of the agreement.

12     60.    Answering paragraph 60, UMGR avers that the terms of the agreement speak for

13 themselves, and denies the averments of paragraph 60 to the extent they are inconsistent with the

14 terms of the agreement.

15     61.    Answering paragraph 61, UMGR avers that the terms of the agreement speak for

16 themselves, denies the averments of paragraph 61 to the extent they are inconsistent with the terms

17 of the agreement, and lacks knowledge and information sufficient to form a belief as to the truth or

18 falsity of the averments of paragraph 61 related to Plaintiffs' contacts with California, and on that

19 basis denies said averments.

20     62.    Answering paragraph 62, UMGR admits that as of May 1, 1987, Motown Record

21 Company, L.P. entered into a written agreement with Tall Temptations Productions, Inc. f/s/o Otis

22 Williams, Melvin Franklin, and three (3) other individuals whose exclusive recording artist services

23 were to be furnished pursuant to the terms and conditions set forth in said agreement as members of

24 the recording artist group collectively p/k/a "the Temptations," the terms of which speak for

25 themselves, and that UMGR is the successor-in-interest to Motown Record Company, L.P.'s rights

26 and obligations under said agreement. Except as expressly admitted, UMGR denies the averments

27 of paragraph 62.

28

63. Answering paragraph 63, UMGR avers that the terms of the agreement speak for themselves, and denies the averments of paragraph 63 to the extent they are inconsistent with the terms of the agreement.

64. Answering paragraph 64, UMGR admits that the quoted language represents an isolated portion of the alleged agreement, and avers that all of the terms of the agreement must be read in conjunction with one another and speak for themselves, and denies the averments of paragraph 64 to the extent they are inconsistent with the terms of the agreement.

65. UMGR denies the averments of paragraph 65.

66. Answering paragraph 66, UMGR avers that the terms of the agreement speak for themselves, denies the averments of paragraph 66 to the extent they are inconsistent with the terms of the agreement, and lacks knowledge and information sufficient to form a belief as to the truth or falsity of the averments of paragraph 66 related to Plaintiffs' contacts with California, and on that basis denies said averments.

67. UMGR denies the averments of paragraph 67.

68. UMGR denies the averments of paragraph 68.

69. Answering paragraph 69, UMGR admits and avers that it has entered into agreements with various retailers regarding the sale of digital permanent downloads, and that the content of such agreements speak for themselves. Except as expressly admitted and averred herein, UMGR denies the averments of paragraph 69.

70. Answering paragraph 70, UMGR admits and avers that it sells digital permanent downloads through some but not all of the entities identified in paragraph 70. Except as expressly admitted and averred herein, UMGR denies the averments of paragraph 70.

71. UMGR denies the averments of paragraph 71.

72. UMGR denies the averments of paragraph 72.

73. UMGR denies the averments of paragraph 73.

74. UMGR denies the averments of paragraph 74.

75. Answering paragraph 75, UMGR avers that it has entered in a number of recording agreements that permits deductions sometimes colloquially referred to as "container charges." Except as expressly averred herein, UMGR denies the averments of paragraph 75.

76. Paragraph 76 consists entirely of legal conclusions, not factual allegations, to which no response is required. To the extent that any response is required, UMGR denies the averments of paragraph 76.

77. Paragraph 77 consists entirely of legal conclusions, not factual allegations, to which no response is required. To the extent that any response is required, UMGR avers that Plaintiffs have apparently adopted isolated language from the Ninth Circuit's opinion in *F.B.T. Productions, LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010), and avers that the content of said opinion speaks for itself; and without limitation, denies Plaintiffs' characterizations of said opinion and of isolated portions of said opinion, and denies that said opinion is applicable to Plaintiffs' Complaint or supports Plaintiffs' claims or the claims of putative class members in this action. Except as expressly averred herein, UMGR denies the averments of paragraph 77.

78. UMGR denies the first two sentences of paragraph 78 of the Complaint, including because they constitute a simplistic and incomplete statement of the law that they purport to summarize. UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of the third sentence of paragraph 78 of the Complaint, and on the basis denies said averments.

79. UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 79 of the Complaint, and on the basis denies said averments.

80. UMGR lacks knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 80 of the Complaint, and on the basis denies said averments.

81. UMGR denies the averments of paragraph 81.

82. UMGR denies the averments of paragraph 82.

83. UMGR denies the averments of paragraph 83.

84. UMGR denies the averments of paragraph 84.

85. Answering paragraph 85, UMGR admits and avers that many of its agreements with Plaintiffs and others govern the payment of royalties for the exploitation of the sound recordings covered by said agreements, except to the extent that such agreements have been modified or amended by subsequent acts, conduct, or omissions of the parties or their representatives, an issue to be explored in discovery. Except as expressly admitted herein, UMGR denies the averments of paragraph 85.

### V. CLASS ACTION ALLEGATIONS

86. Answering paragraph 86, UMGR admits that Plaintiffs purport to bring a class action, but denies that Plaintiff's claims are the proper subject of a class action or that this action is properly maintainable as a class action. Except as expressly admitted herein, UMGR denies the averments of paragraph 86.

87. UMGR denies the averments of paragraph 87, and without limitation denies that Plaintiffs' claims are the proper subject of a class action or that this action is properly maintainable as a class action.

88. UMGR denies the averments of paragraph 88.

89. UMGR denies the averments of paragraph 89.

90. UMGR denies the averments of paragraph 90.

91. UMGR denies the averments of paragraph 91.

92. UMGR denies the averments of paragraph 92.

93. UMGR denies the averments of paragraph 93.

94. UMGR denies the averments of paragraph 94.

95. UMGR denies the averments of paragraph 95.

96. UMGR denies the averments of paragraph 96.

97. UMGR denies the averments of paragraph 97.

### VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Breach of Contract)**

1   98.   UMGR repeats and incorporates by reference each and every denial, averment, and
2   admission contained in Paragraphs 1 through 97 above as though fully set forth herein.
3   99.   UMGR denies the averments of paragraph 99.
4   100.  UMGR denies the averments of paragraph 100.
5   101.  UMGR denies the averments of paragraph 101.
6   102.  UMGR denies the averments of paragraph 102.
7   103.  UMGR denies the averments of paragraph 103.
8   104.  UMGR denies the averments of paragraph 104.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment)**

105.  UMGR repeats and incorporates by reference each and every denial, averment, and admission contained in Paragraphs 1 through 104 above as though fully set forth herein.

106.  UMGR denies the averments of paragraph 106.
107.  UMGR denies the averments of paragraph 107.
108.  UMGR denies the averments of paragraph 108.

## THIRD CAUSE OF ACTION

**(Common Counts – Open Book Account:**

**California Code Civ. Proc. § 337a)**

109.  UMGR repeats and incorporates by reference each and every denial, averment, and admission contained in Paragraphs 1 through 108 above as though fully set forth herein.

110.  UMGR denies the averments of paragraph 110.
111.  UMGR denies the averments of paragraph 111.
112.  UMGR denies the averments of paragraph 112.
113.  UMGR denies the averments of paragraph 113.
114.  UMGR denies the averments of paragraph 114.

## FOURTH CAUSE OF ACTION

**(Violations of California's Unfair Competition Law:**

**California Business & Professions Code § 17200, *et seq.*)**

115. UMGR repeats and incorporates by reference each and every denial, averment, and admission contained in Paragraphs 1 through 114 above as though fully set forth herein.

116. Paragraph 116 consists entirely of legal conclusions, not factual allegations, to which no response is required. To the extent that any response is required, UMGR denies the averments of paragraph 116.

117. UMGR denies the averments of paragraph 117.

118. UMGR denies the averments of paragraph 118.

119. UMGR denies the averments of paragraph 119.

120. UMGR denies the averments of paragraph 120.

121. UMGR denies the averments of paragraph 121.

Without waiving or excusing any of Plaintiffs' own burdens of proof and production of evidence, should UMGR have any such burdens herein, which UMGR denies, then UMGR avers the following separate, affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

122. The Complaint fails to state facts sufficient to state a claim upon which relief can be granted against UMGR.

**SECOND AFFIRMATIVE DEFENSE**

123. Plaintiffs lack standing to maintain some or all of the claims in the action, including because Plaintiffs are not proper representatives of the parties on whose behalf they seek to maintain the action, and because Plaintiffs are neither consumers nor competitors of UMGR and the general public and consumers generally are not affected by the alleged conduct of UMGR.

**THIRD AFFIRMATIVE DEFENSE**

124. This Court lacks subject matter jurisdiction over some or all of the claims alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

125. The Complaint is barred in whole or in part by the applicable statutes of limitations, including but not limited to Cal. Civ. Proc. Code § 337, Tenn. Code Ann. § 28-3-109(3), New York CPLR § 213, Fla. Stat. § 95.11(2)(b), Cal. Bus. & Prof. Code § 17208, and New York CPLR § 214.

- 12 - Answer to Complaint
CV11-1613 SI (MEJx)

8735360v3

**FIFTH AFFIRMATIVE DEFENSE**

126. The Complaint is barred in whole or in part by the applicable agreements between Plaintiffs and UMGR's predecessor-in-interest, and those between UMGR and particular putative class members, including but not limited to the contractual limitations periods, conditions precedent, notice and cure provisions, and other provisions in such agreements.

**SIXTH AFFIRMATIVE DEFENSE**

127. Plaintiffs, and/or particular putative class members, have released and/or settled their claims in whole or in part.

**SEVENTH AFFIRMATIVE DEFENSE**

128. The Complaint is barred in whole or in part by Plaintiffs', and/or particular putative class members', acquiescence in the conduct complained of.

**EIGHTH AFFIRMATIVE DEFENSE**

129. The Complaint is barred in whole or in part to the extent it purports to bind non-California residents to California statutes or case law, or non-New York residents to New York statutes or case law, or otherwise to bind putative class members without providing adequate notice and other constitutionally-required protections.

**NINTH AFFIRMATIVE DEFENSE**

130. The Complaint is barred in whole or in part by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

131. Plaintiffs, and/or particular putative class members, are estopped by their own statements, actions, or inaction from asserting the claims averred in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

132. Plaintiffs, and/or particular putative class members, have waived their right to relief, in whole or in part.

**TWELFTH AFFIRMATIVE DEFENSE**

133. The Complaint is barred in whole or in part by the doctrine of laches in that Plaintiffs, and/or particular putative class members, unreasonably delayed in bringing their claims, to UMGR's prejudice.

**THIRTEENTH AFFIRMATIVE DEFENSE**

134. The Complaint is barred in whole or in part based on a nonjoinder or misjoinder of parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

135. The conduct complained of constituted the reasonable exercise of business judgment in that there existed reasonable reasons, justifications, and motives for the business practice and thus such conduct cannot constitute an unlawful business practice.

**FIFTEENTH AFFIRMATIVE DEFENSE**

136. Certain of the conduct complained of constitutes protected and/or otherwise non-actionable expressions of opinion.

**SIXTEENTH AFFIRMATIVE DEFENSE**

137. In calculating Plaintiffs' and/or particular putative class members' damages, UMGR is entitled to set off any amounts it overpaid Plaintiffs and/or particular putative class members, and any damages UMGR suffered by reason of their breaches and/or failure to perform their obligations to UMGR, against any amount UMGR allegedly underpaid Plaintiffs and/or particular putative class members.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

138. UMGR may have compulsory and/or permissive counterclaims against one or more putative class members, and reserves the right to amend this Answer to state such claims at the appropriate time.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

139. UMGR has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available to it. UMGR reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates such defenses would be appropriate.

WHEREFORE, UMGR prays:

1. That Plaintiffs and putative class members take nothing by the Complaint.

2. That the Complaint, and all claims therein, be dismissed with prejudice.

3. That UMGR be awarded its costs of suit and attorneys' fees as permitted by law.

4. For such other relief as the Court may deem just and proper.

DATED: May 21, 2012
JEFFREY D. GOLDMAN
RYAN S. MAUCK
BRIAN M. YATES
JEFFER MANGELS BUTLER & MITCHELL LLP


By: /s/ Jeffrey D. Goldman
JEFFREY D. GOLDMAN
Attorneys for Defendant UMG RECORDINGS, INC.

**DEMAND FOR JURY TRIAL**

UMGR hereby demands a trial by jury on all claims properly triable to a jury.

DATED: May 21, 2012

JEFFREY D. GOLDMAN
RYAN S. MAUCK
BRIAN M. YATES
JEFFER MANGELS BUTLER & MITCHELL LLP


By: /s/ Jeffrey D. Goldman
      JEFFREY D. GOLDMAN
Attorneys for Defendant UMG RECORDINGS, INC.