UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant.<br>_____/ | No. C 11-1613 SI<br><br>**ORDER REGARDING DISCOVERY DISPUTE LETTERS**<br><br>**Re: Dkt. Nos. 112 to 118** |

This matter consists of five putative class action lawsuits — that were consolidated by stipulation — in which Plaintiffs (who are recording artists and producers) allege that they were underpaid royalties owed to them under written contracts with Defendant (a record company). From September 12 to September 18, 2012, the parties filed seven letters before this Court concerning various discovery disputes they have been unable to resolve. Dkt. Nos. 112 to 118.

A. Plaintiffs' Discovery Requests (Dkt. Nos. 112 to 114)

In the first joint discovery dispute letter, Plaintiffs ask the Court to compel Defendant to provide further responses and documents to their interrogatories and requests for production (RFPs). Dkt. No. 112. Plaintiffs claim that this dispute is urgent and requires a resolution as soon as possible, presumably because the deadline to file their motion for class certification is currently set for October 12, 2012 (with a hearing date of January 18, 2013). However, on September 25, 2012, the parties filed a stipulation before the presiding judge in this matter, the Honorable Susan Illston, requesting

that (1) if Plaintiffs' currently pending motion to amend the complaint is granted,[1] the above class certification proceedings should be continued until after the pleadings are settled, or (2) if the motion to amend the complaint is denied, the deadline for Plaintiffs to file their motion for class certification should be continued until December 21, 2012. Dkt. No. 120. Judge Illston has not yet ruled on this stipulation.

The day after this joint letter was filed, Defendant asked the Court to strike the letter and allow it to provide a new response because it had just learned that Plaintiffs had sent a subpoena, without providing notice to Defendant, to the Recording Industry Association of America (RIAA) regarding some of the documents at issue in the RFPs. Dkt. No. 113. Because the RIAA did not produce any non-privileged communications, Defendant sought to include this information and additional arguments in the joint letter for the Court to consider in this discovery dispute. *Id.* Plaintiffs responded by objecting to Defendant's request to strike the joint letter, and instead asked the Court to permit the parties to file a supplemental joint letter regarding the RIAA issue. Dkt. No. 114. Plaintiffs argued that their failure to notify Defendant about the third-party subpoena did not affect the "vast majority" of the joint letter at issue, and noted that the Court may wish to hold a telephone conference regarding the dispute. *Id.*

Due to the new issues being raised, the Court finds that it is better and more efficient to proceed with the parties filing a new joint letter regarding this particular discovery dispute, **if the parties still believe such a letter is warranted.** The parties may file this letter at this juncture, or, in the alternative, after Judge Illston rules on their proposed stipulation for a continuance and Plaintiffs' motion to amend the complaint, if they believe the resolution of this discovery dispute will be better served by such rulings. A new joint letter will also allow the parties to address how the production of Defendant's privilege log — which Defendant claims it is "now in the process of preparing" — affects the dispute. Dkt. No. 112 at 3. This Order consequently DENIES WITHOUT PREJUDICE Plaintiffs' requests to compel further responses and documents, and it disposes of the letters filed on

---

[1] Plaintiffs' motion for leave to file a consolidated class action complaint is scheduled to be heard by Judge Illston on October 12, 2012. Dkt. No. 111.

September 12 and 13, 2012. Dkt. Nos. 112 to 114.

B. Defendant's Discovery Requests (Dkt. Nos. 115 to 118)

On September 17 and 18, 2012, the parties filed four joint letters in which Defendant sought leave to serve more than 25 interrogatories on each of the named Plaintiffs and an order compelling Plaintiffs to provide full and complete responses to interrogatories, RFPs, and Requests for Admissions (RFAs) that were propounded on July 20, 2012. Dkt. Nos. 115 to 118. One of the arguments Plaintiffs asserted in objecting to these requests is that many of the issues in these letters will potentially be moot if Judge Illston permits Plaintiffs to amend their complaint. According to Plaintiffs, the proposed consolidated amended complaint does the following:

> drops some named Plaintiffs and adds others, adds a few claims, and, most importantly for present purposes, does not make reference to the term 'standard recording agreements' . . . which is the underlying premise for both interrogatories and the RFAs on which they are based . . . . Given this logic, the Court should not support [Defendant's] effort to press for responses to these obsolete and burdensome requests.

Dkt. No. 117 at 4-5. In other words, Plaintiffs contend that Defendant's current discovery requests are based on a complaint that may potentially no longer govern this action, and it would be more prudent to not address these discovery requests until the pleadings are settled.

The Court agrees with this approach, and rather than providing what may essentially be an advisory opinion, finds that it is more appropriate to wait until Plaintiffs' complaint is set before analyzing the merits of Defendants' proposed interrogatories, RFPs, and RFAs.[2] Postponing this decision until after Judge Illston rules also provides Plaintiffs with some additional time, as Plaintiffs claim that they need, to review the documents produced by Defendant and to conduct any depositions

---

[2] *See Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2011) ("The Court fails to see how RFAs coupled with contention interrogatories directed at allegations no longer contained in the operative complaint substantially furthers the litigation at this stage, particularly given the burdensome nature of the discovery request. In view of the precision required in crafting RFAs and responses thereto, the Court fails to see the utility of these now obsolete RFAs. Simply put, when the allegations at issue have been removed, requests for admissions and interrogatories directed specifically at those allegations lack foundation.").

necessary to respond to Defendant's discovery requests.[3] Accordingly, Defendant's requests are DENIED WITHOUT PREJUDICE. After Judge Illston rules on Plaintiffs' motion to amend the complaint, the parties shall meet and confer to determine how the ruling has affected the discovery disputes at issue. If any disputes remain, the parties shall refile joint discovery dispute letters on only those issues.[4]

**IT IS SO ORDERED.**

Dated: October 1, 2012

Maria-Elena James
Chief United States Magistrate Judge

---

[3] The Court notes, however, that if Defendant raises these same issues again, the Court is less likely to be persuaded by Plaintiffs' request for additional time, considering Defendant is entitled to some discovery to oppose class certification and Plaintiffs will have by then had more time to review Defendant's documents and conduct any further discovery that they deem necessary.

[4] If, for some reason, the exact same discovery disputes remain between the parties, they are not required to refile the joint letter already submitted and may simply notify the undersigned that the issues in that letter are now ripe for review.