IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through The James Ambrose Johnson, Jr., 1999 Trust, his successor in interest, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>UMG RECORDINGS, INC.<br><br>        Defendant. | No. C 11-1613 SI; No. C 11-2431 SI<br>Related Case: No. C 11-5321 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED AMENDED COMPLAINT** |

Currently before the Court is plaintiffs' motion for leave to file a consolidated amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for October 12, 2012. Having considered the parties' papers, and for good cause appearing, the motion is GRANTED, for the reasons set forth below.

**BACKGROUND**

This case was initially filed in April 2011 by Rick James through The James Ambrose Johnson, Jr., 1999 Trust. By April 2012, four additional cases were filed and then consolidated before this Court. Plaintiffs have never sought to amend their initial complaint until this motion.

The proposed Consolidated Amended Complaint ("CAC") would make the following changes: (1) allow three plaintiffs, Rob Zombie, White Zombie, and Otis Robert Harris, to withdraw from the action; (2) add three new plaintiffs, William McLean and Andres Titus (jointly "the Black Sheep"), and Robert Walter "Bo" Donaldson; (3) join the claims of all plaintiffs into a single complaint; (4) separate the claims for unfair business practices between those brought pursuant to California law and those brought pursuant to New York law; and (5) add a claim for breach of the covenant of good faith and fair dealing.

Prior to this motion, plaintiffs and defendant UMG Recordings, Inc. ("UMGR") have been focused on discovery and depositions. Between December 2011 and March 2012, UMGR produced over 25,000 recording contracts. Additional contracts and amendments were produced in July and August of 2012. At this point the parties are still embroiled in discovery disputes that have not yet been resolved by the magistrate judge.

This motion was filed on September 7, 2012.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that a party may amend after obtaining leave of the court, or by consent of the adverse party. Leave to amend is generally within the discretion of the district court. *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996). Rule 15 advises the court that "leave shall be freely given when justice so requires." The case law advises that this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Despite this liberality, leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court should consider four factors when deciding whether to give leave to amend: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). However, the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052.

# DISCUSSION

## I. Bad Faith by Plaintiffs

There has been no showing that plaintiffs engaged in bad faith by filing this motion for leave to file a consolidated amended complaint. Defendant UMGR asserts that bad faith may be inferred by the timing of the motion. The motion was filed on September 7, and the hearing before this Court was scheduled for October 12, which is the same day that plaintiffs' class certification brief is due.

This does not rise to the level of bad faith. This is plaintiffs' first motion to amend their complaint. A consolidated complaint will reduce the litigation burdens for both parties and this Court. The date is merely a coincidence, and, as shown below, there has been no showing that the timing of this motion was caused by undue delay or will prejudice UMGR. *Compare Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (finding bad faith when the amendment was solely to add a defendant to defeat diversity); *Morris v. Fresno Police Dept.*, 2010 WL 4977626 (E.D. Cal. Dec. 2, 2010) (finding on inference of bad faith where plaintiff was seeking leave to file an eighth amended complaint and violated court orders in its amendments).

## II. Undue Delay

There has been no showing that plaintiffs unduly delayed in the filing of this motion. Plaintiffs have had to review 25,000 contracts since March 2012, and additional documents produced since then. Discovery is ongoing. Five months to complete a review of the discovery and draft the consolidated amended complaint is not *undue* delay. Indeed, courts have found that undue delay cannot exist where, as in this case, discovery has not ended. *Am. Express Travel Related Services Co., Inc. v. D & A Corp.*, 2007 WL 2462080 (E.D. Cal. Aug. 28, 2007) (citing *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005)).

## III. Prejudice to Defendant

"Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capital, LLC*, 316 F.3d at 1052 (internal citation omitted) (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001)). If a court is to deny leave to amend on grounds of undue prejudice, the prejudice

must be substantial. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Serpa v. SBC Telecommunications, Inc.*, 318 F.Supp.2d 865, 872 (N.D. Cal. 2004). Furthermore, "[t]he party opposing the amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987).

Defendant UMGR argues that it will be unfairly prejudiced by the CAC. The addition of the new claim for the breach of the covenant of good faith and fair dealing will add a substantial amount of time and expense because UMGR will need to reanalyze the contracts and materials in light of this claim. Also, the addition of three new plaintiffs will add time and expense because UMGR will need to conduct discovery and depositions regarding their claims.

The Court finds that UMGR has not shown that it will be substantially prejudiced. Although it may incur additional time and expense, UMGR will not have to radically change its litigation strategy in order to defend against a good faith and fair dealing claim or the three new plaintiffs. *See Serpa*, 318 F. Supp. 2d at 872 (finding no substantial prejudice where the additional claim would not shift defendants' litigation strategy); *accord Castle v. Wells Fargo Fin., Inc.*, 2008 WL 2079192 (N.D. Cal. May 15, 2008). *Compare Morongo Band of Mission Indians*, 893 F.2d at 1079 (finding substantial prejudice where the new claim would have "greatly altered the nature of the litigation" and required an "entirely new course of defense"). The original complaint included a claim of illegal, fraudulent, and unfair conduct, which is similar to a breach of good faith and faith dealing; both claims inquire into the ethics and conduct of UMGR toward plaintiffs and both depend on the proof of largely similar facts. Additionally, the three new plaintiffs do not have different claims or a substantially different set of facts as the other plaintiffs in this litigation. Thus, the nature of the litigation and the course of defense will not be substantially altered, and UMGR will not suffer substantial prejudice.

**IV. Futility**

Denial of leave to amend is appropriate if the amendment would be futile, such as where it would inevitably be defeated on a summary judgment motion. *California ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). "Where the theory presented in the amendment is lacking in legal foundation, or where previous attempts have failed to

4

cure a deficiency and it is clear that the proposed amendment does not correct the defect, the court has discretion to deny the motion to amend." *Serpa*, 318 F. Supp. 2d at 872 (citing *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir.1992)).

UMGR argues that the proposed amendment would be futile because the implied covenant of good faith and fair dealing claim would be duplicative of an express contract claim, which is impermissible. Plaintiffs argue that the good faith and fair dealing claim is not duplicative because the allegations go beyond mere contract claims to reach industry custom and the business ethics of UMGR.

Futility is usually grounds for denying leave to amend after a motion to dismiss or summary judgment motion. Here, the parties attempt to argue the legal merits of a claim before that claim has even been alleged, before there has been specific discovery regarding that claim, and before the parties have made any formal motion challenging the claim. At this point, the Court cannot say as a matter of law that the amendment would be futile.

## V. Dismissal of Plaintiffs

Finally, UMGR opposes the motion for leave to file a consolidated amended complaint because the three plaintiffs, Rob Zombie, White Zombie, and Otis Robert Harris, would withdraw from the action without prejudice. Instead, it asks the Court to dismiss them with prejudice so that they are barred from relitigating this action.

Under Federal Rule of Civil Procedure 41(a), if a defendant has filed an answer, an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper. Rule 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some *plain legal prejudice* as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (emphasis added). Legal prejudice "means 'prejudice to some legal interest, some legal claim, some legal argument.'" Id., at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). The decision to dismiss a plaintiff under Rule 41(a)(2) is a matter of the district court's sound discretion. *Stevedoring Services of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

5

Here, UMGR asserts that it will suffer prejudice because it has already expended considerable effort in producing discovery, reviewing documents, and deposing the three plaintiffs. However, UMGR has failed to demonstrate how the dismissal of these plaintiffs will unfairly harm its legal claims. Because UMGR cannot show that it will suffer "plain legal prejudice," the Court hereby DISMISSES WITHOUT PREJUDICE plaintiffs Rob Zombie, White Zombie, and Otis Robert Harris.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion for leave to file a consolidated class action complaint and DISMISSES WITHOUT PREJUDICE plaintiffs Rob Zombie, White Zombie, and Otis Robert Harris.(Docket No. 110).

**IT IS SO ORDERED.**

Dated: October 11, 2012

SUSAN ILLSTON
United States District Judge