UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>    Defendant.<br>_____ | No. C 11-1613 SI (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTERS FILED ON NOVEMBER 19, 2012**<br><br>**Re: Dkt. Nos. 135 and 136** |

In these putative class action lawsuits, Plaintiffs (who are recording artists and producers) allege that they were underpaid royalties owed to them under written contracts with Defendant (a record company). On November 19, 2012, the parties filed two more joint discovery dispute letters, which the Court discusses in turn below. Dkt. Nos. 135 and 136.

**1.** <u>**Dkt. No. 135**</u>

In the parties' first letter, Defendant seeks an order compelling Plaintiffs to provide further responses to interrogatories 9 to 13.

    A. <u>Interrogatory 9</u>

In this interrogatory, Defendant asks Plaintiffs to state whether their agreements with music download providers, such as iTunes, require the provider to compensate them for each download on a (1) flat rate or flat fee basis, (2) cent rate basis, (3) royalty rate basis, or (4) some other basis. Plaintiffs do not argue that this interrogatory is improper; instead, they ask for more time to respond, explaining that "discovery is not nearly complete, and a definitive answer should await

further proceedings." Dkt. No. 135 at 4. Plaintiffs point out that they are still reviewing the 436 agreements[1] produced by Defendant and have yet to start taking depositions on this issue. Moreover, Defendant will learn about Plaintiffs' position regarding this interrogatory when they file their motion for class certification, at which point Defendant can conduct any additional discovery it needs to before filing an opposition.[2]

The Court does not find Plaintiffs' position persuasive. In a previous discovery order issued by this Court on October 1, 2012, Plaintiffs were notified that Defendant is entitled to some discovery before class certification. Dkt. No. 123 at 4. This order should have indicated to Plaintiffs that they should finish their review of the agreements at issue — most of which were produced by Defendant almost one year ago — and begin conducting any needed depositions as soon as possible. It appears that Plaintiffs have still not done this. And allowing them to have an indefinite amount of time to review the agreements and conduct any needed depositions will only further delay this case. Accordingly, the Court finds that it needs to set a deadline, before any class certification motion is filed, for Plaintiffs to respond to interrogatory 9. Defendant's request on this issue is consequently GRANTED, subject to the caveat discussed below, and Plaintiffs must provide a response to interrogatory 9 by January 25, 2013.

The Court also finds that requiring Plaintiffs to respond to this interrogatory for 436 agreements is a burdensome task, especially considering that each additional answer will likely be less useful and more repetitive (i.e., the responses to agreement numbers 400 to 436 will not provide Defendant with as much value as the responses to agreement numbers 1 to 36). Therefore, the Court

---

[1] It is not clear from the parties' joint letter whether the number of agreements at issue in this dispute is 436 (the number used by Defendant) or over 14,000 (the number used by Plaintiffs), and the parties do not explain the reason for this discrepancy. For the purpose of consistency, the Court uses Defendant's number of 436 throughout this order without commenting on whether this number is accurate.

[2] The parties do not currently have a class certification briefing schedule, which was reset when the presiding judge in this matter, the Honorable Susan Illston, granted Plaintiffs' motion for leave to amend the complaint. *See* Dkt. Nos. 125 and 129.

ORDERS the parties to meet and confer to determine a reasonable number of contracts (i.e, agreements with respect to individual class members) that can be used as a representative sample for this discovery response and others. Such a representative sample should provide Defendant with the information it needs to contest class certification without placing an undue burden on Plaintiffs. If the parties cannot agree on a reasonable number of agreements to include in this representative sample, they may file a joint discovery dispute letter (pursuant to this Court's standing order) that sets forth each of their positions, and the Court will then rule on this issue.

### B. Interrogatory 11

Interrogatory 11 asks Plaintiffs to state all facts supporting their contention that they have complied with all of the conditions for filing a lawsuit that were set out in their agreements, such as timely objecting to any incorrect royalty statements, conducting an audit, and providing notice to Defendant along with an opportunity to cure. Defendant points out that these conditions vary from contract to contract and may undermine Plaintiffs' claims of typicality and commonality.

Plaintiffs argue that such individual contractual defenses may never defeat class certification. But the cases cited by Plaintiffs did not issue such broad holdings. Instead, these cases stand for the proposition that even though potential class members may have individual defenses and damages issues, this does not make class certification unreasonable if other common factors predominate. *In re Conseco Life Ins. Co. LifeTrend Ins. Sale & Mktg. Litig.*, 270 F.R.D. 521, 530 n. 8 (N.D. Cal. 2010) ("Courts have held, however, that individual issues relating to the statute of limitations do not bar certification *where there is otherwise a sufficient showing of commonality*.") (emphasis added); *Estrella v. Freedom Fin. Network, LLC*, 2010 WL 2231790, at *12 (N.D. Cal. June 2, 2010).

The Court finds that Defendant is entitled to some discovery on this issue to learn whether common questions of law and fact for potential class members predominate over any questions affecting individual members. However, applying the Court's rationale from above that the value of providing responses for every Plaintiff is outweighed by the burden of such an exercise, the Court GRANTS Defendant's request to compel further responses to interrogatory 11 for only a representative sample of Plaintiffs. As explained earlier, the parties should agree to a reasonable

number of Plaintiffs to use for this representative sample, and, if they cannot, they may file another joint discovery dispute letter on this issue. Either way, Plaintiffs must respond to interrogatory 11 by January 25, 2013.

C. <u>Interrogatories 10 and 12</u>

In interrogatories 10 and 12, Defendant seeks information about Plaintiffs' damages. Plaintiffs argue that Defendant's request to compel such answers is premature, especially since Defendant was only ordered on November 6, 2012 to produce digital download revenue data (which, according to Plaintiffs, contains essential information with respect to their claim for damages and therefore needs to be produced and reviewed before Plaintiffs can answer interrogatories 10 and 12). But this digital download revenue data does not affect Plaintiffs' ability to set forth the parameters of an individual class member's damage theory. As Plaintiffs stated in their previous joint discovery dispute letter, in which the Court granted the production of digital download revenue data pursuant to Plaintiffs' request, the "data will provide evidence from which Plaintiffs will establish that damages can be measured on a *class-wide basis* and calculated for each artist through a formula or computer program, issues likely to be addressed at class certification." Dkt. No. 131 at 2 (emphasis added). Plaintiffs never indicated in the previous letter that the data was needed to help calculate an individual class member's damages.

Plaintiffs also argue once again that Defendant will be able to learn about their damages when they file their motion for class certification. This argument is denied for the same reasons as those outlined in the previous section. The Court therefore finds that Defendant is entitled to some information about Plaintiffs' damages and GRANTS its request to compel further responses for interrogatories 10 and 12. As with the previous interrogatories, the parties should agree on a representative sample to use for these responses, which will also be due on January 25, 2013.

D. <u>Interrogatory 13</u>

In interrogatory 13, Defendant asks Plaintiffs to identify each contract that they contend falls within their class definition. However, unlike its requests from above, Defendant does not explain why it needs to know this information before Plaintiffs file their motion for class certification. The

4

1 Court therefore agrees with Plaintiffs' position that the burden of requiring them to identify all
2 putative class members' contracts at this time outweighs the value of such information, particularly
3 because Plaintiffs will be required to provide a specific class definition in its class certification
4 motion. *See Zeisel v. Diamond Foods, Inc.*, 2011 WL 2221113, at *6 (N.D. Cal. June 7, 2011)
5 ("While the identity of the class members need not be known at the time of certification, the class
6 definition must [be] definite enough so that it is administratively feasible for the court to ascertain
7 whether an individual is a member.") (internal quotations and citations omitted). Accordingly, this
8 request is DENIED.

**2. Dkt. No. 136**

In the parties' second letter, Defendant requests an order compelling Plaintiffs to respond to requests for production (RFP) 36 and 37.

A. RFP 36

In RFP 36, Defendant seeks all documents supporting Plaintiffs' responses to the propounded interrogatories. Defendant points out in the letter that it is only requesting, at this time, for Plaintiffs to produce documents with respect to interrogatories 9 to 13 (the subject of the parties' first joint letter). Defendant notes that the scope of these particular interrogatories has not been affected by the recent filing of Plaintiffs' consolidated amended complaint (CAC).

Plaintiffs appear to have misunderstood Defendant's argument on this issue. They contend that Defendant is not entitled to documents relating to interrogatories 9 to 22 since the filing of Plaintiffs' CAC has made some of these interrogatories obsolete. But Defendant has clearly set forth in the letter that it is only seeking documents with respect to interrogatories 9 to 13 (which Plaintiffs do not argue are obsolete in the parties' first joint letter).[3] Because Plaintiffs do not provide any

---

[3] Plaintiffs' response in the joint letter provides that Defendant "states above that it intends to revise some of these interrogatories in light of the filing of the CAC." Dkt. No. 136 at 3. This argument is misplaced since Defendant only states the following: "In light of the amended allegations of the CAC, UMGR intends to revise Interrogatories 14-22, or (if necessary) seek leave to re-propound them in revised form." *Id.* at 2. Defendant does not state that it intends to revise interrogatories 9 to 13, which are at issue here.

UNITED STATES DISTRICT COURT
For the Northern District of California

substantive response to Defendant's arguments on this issue, the request is GRANTED and Plaintiffs are ordered to produce any responsive documents in connection with interrogatories 9 to 12 by January 25, 2013. Plaintiffs are not required to produce documents relating to interrogatory 13 because Defendant's request on this interrogatory was denied.

B. <u>RFP 37</u>

By way of this RFP, Defendant seeks documents reflecting Plaintiffs' individual damages calculations. In their response, Plaintiffs indicate that "no non-expert materials exist that are responsive to this request." Dkt. No. 136 at 3. In a previous discovery order, this Court accepted Defendant's position that it had no additional responsive documents to a certain RFP from Plaintiffs, and consequently denied Plaintiffs' request to force Defendant to conduct an additional search and then submit a supporting declaration. Dkt. No. 133. In the same manner, this Court accepts Plaintiffs' position that only documents based on expert testimony are responsive to RFP 37. Accordingly, Defendant's request to compel further responses on this issue is DENIED.[4]

**IT IS SO ORDERED.**

Dated: November 29, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

---

[4] To the extent that Defendant asks for Plaintiffs to update their official response to RFP 37 to provide that only expert materials are responsive to this request, this is denied. This Court did not require Defendant to update its official RFP responses in such a manner; similarly, it does not require Plaintiffs to do so here.