IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, *et al.*, | No. C 11-1613 SI |
| Plaintiffs, | **ORDER RE: DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE DATED NOVEMBER 6, 2012** |
| v. | |
| UMG RECORDINGS, INC., | |
| Defendant. / | |

    Defendant has filed a motion for relief from a November 6, 2012 discovery order issued by Magistrate Judge James. Docket No. 145. Defendant objects to a portion of that order which would require defendant to disclose its download revenues on an artist-by-artist basis (for artists with agreements with defendant during the putative class period) for each year since 1998. Defendant contends that Judge James ordered the discovery based on plaintiffs' "bare assurance that they somehow needed this information to meet their (unspecified) burden to prove damages at the class certification stage." Docket No. 145 at 1:10-12. Defendant contends that this assertion has no foundation, and that it also contradicts plaintiffs' later contentions to Judge James that damages are irrelevant class certification.

    The Court has reviewed Judge James' order and the parties' underlying briefing that was submitted to Judge James. Defendant has mischaracterized plaintiffs' articulated need for the discovery at issue. Plaintiffs asserted that "this data will provide evidence from which Plaintiffs will establish that damages can be measured on a class-wide basis and calculated for each artist through a formula or computer program, issue certain to be addressed at class certification." Docket No. 112 at 2. Judge James ordered defendant to disclose the download revenues because "during class certification, the

Court, usually based on arguments set forth by those opposing class certification, evaluates whether class plaintiffs can establish a uniform claim for damages." Docket No. 133 at 4:8-10. Judge James noted that defendant "has not indicated that it will not raise such issues during classification." *Id*. at 4:12-13. The Court agrees with Judge James' reasoning, and accordingly DENIES defendant's request for relief from this portion of Judge James' order.

Defendant also asserts that the order would severely infringe the privacy interests of thousands of recording artists with whom defendant has business relationships. Defendant requests that if the Court does not reverse the November 6, 2012 order, that the Court modify the order to allow defendant to provide the requested data without disclosing individual artist names, and instead referring to each artist by serial number. The Court finds that this modification is a reasonable measure to protect the privacy of the recording artists, while still providing plaintiffs with the data that they seek to prepare the class certification motion. Accordingly, the Court will permit defendant to provide the information at issue without disclosing individual artist names and instead by referring to each artist by serial numbers.

**IT IS SO ORDERED.**

Dated: February 6, 2013

SUSAN ILLSTON
United States District Judge