IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICK JAMES, *et al.*,

    Plaintiffs,

v.

UMG RECORDINGS, INC.

    Defendant.

No. C 11-1613 SI

**ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO SEEK RECONSIDERATION OF FEBRUARY 6, 2013 ORDER**

    In an order filed on February 6, 2013, this Court denied defendant's motion for relief from a November 6, 2012 discovery order issued by Magistrate Judge James. Judge James had ordered defendant to disclose artists' download revenues because "during class certification, the Court, usually based on arguments set forth by those opposing class certification, evaluates whether class plaintiffs can establish a uniform claim for damages." Docket No. 133 at 4:8-10. However, in response to defendant's assertion that production of the artists' download revenues infringed those artists' privacy rights, the Court modified the November 6, 2012 order to allow defendant to provide the data without disclosing individual artist names, and instead referring to each artist by serial number.

    Plaintiffs seek reconsideration of this aspect of the Court's order. Plaintiffs state that they had no opportunity to comment on defendant's "serial number" suggestion (and that defendant did not make such a suggestion in the parties' meet and confer efforts or before Magistrate Judge James), and that the anonymous serial number approach handicaps plaintiffs in various respects. Plaintiffs assert, *inter alia*, that defendant has already produced numerous artists' and producers' contracts, and that plaintiffs will not be able to compare the download revenue data with the contracts that they have, and thus plaintiffs will not be able to calculate or estimate class period download volume and revenue associated with each

artist. Plaintiffs assert that they need to be able to compare contracts with revenue download data because they need to be able to separate that data into class period and non-class period categories.

The Court directs the parties to meet and confer regarding the issues raised in plaintiffs' motion for reconsideration and to present any disputes on these matters to Magistrate Judge James. It may be that there are alternative methods of production that both address defendant's privacy concerns and also enable plaintiffs to use the data in a meaningful way. Conversely, the protective order (or some modified protective order) may be sufficient. However, because the parties have not met and conferred regarding these specific issues and have not raised them with Judge James, the present record is insufficient for this Court to make this determination.

This order resolves Docket No. 149.

**IT IS SO ORDERED.**

Dated: March 18, 2013

SUSAN ILLSTON
United States District Judge