# EXHIBIT A

1   JEFFREY D. GOLDMAN (Bar No. 155589),
    JGoldman@jmbm.com
2   RYAN S. MAUCK (Bar No. 223173), RMauck@jmbm.com
    BRIAN M. YATES (Bar No. 241798), BYates@jmbm.com
3   JEFFER MANGELS BUTLER & MITCHELL LLP
    1900 Avenue of the Stars, Seventh Floor
4   Los Angeles, California  90067-4308
    Telephone:    (310) 203-8080
5   Facsimile:    (310) 203-0567

6   Attorneys for Defendant UMG RECORDINGS, INC.

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  RICK JAMES, by and through THE JAMES          CASE NO.    CV11-01613 SI (MEJx)
    AMBROSE JOHNSON, JR., 1999 TRUST, his
12  successor in interest, individually and on behalf   **RESPONSES OF DEFENDANT UMG
    of all others similarly situated,                **RECORDINGS, INC. TO PLAINTIFFS'
13                                                   **SECOND SET OF INTERROGATORIES**
                Plaintiff,
14                                                   [NOS. 3-18]
        v.
15
    UMG RECORDINGS, INC., a Delaware
16  corporation,
17              Defendant,
18  and related cases.

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

8886995v1

1   Pursuant to Federal Rule of Civil Procedure 33, defendant UMG Recordings, Inc.

2   ("Defendant"), hereby responds to the Second Set of Interrogatories ("Interrogatory" or

3   "Interrogatories") propounded by the plaintiffs in the above-entitled action and related cases

4   ("Plaintiffs") as follows:

5

6                                              **I.**

7                            **PRELIMINARY STATEMENT**

8   A.      These responses are made solely for the purpose of, and in relation to, this action.

9   Each answer is given subject to all appropriate objections (including but not limited to objections

10  concerning competency, relevancy, materiality, propriety and admissibility) which would require

11  the exclusion of any statement contained herein if made by a witness present and testifying in court.

12  All such objections and grounds therefore are reserved and may be interposed at the time of trial.

13  B.      Defendant is pursuing its investigation and analysis of the facts and law relating to

14  this case and has not completed discovery or its preparation for trial. Therefore, the responses set

15  forth herein are given without prejudice to Defendant's right to produce evidence of any subsequent

16  facts or interpretations thereof, or to add to, modify or otherwise change or amend the responses

17  herein. The information hereinafter set forth is true and correct to Defendant's best knowledge as of

18  this date, and is subject to correction for inadvertent errors, mistakes or omissions if any such errors,

19  mistakes or omissions should be found to exist. These responses are based upon records and

20  information presently available to Defendant. References in a response to a preceding or

21  subsequent response incorporate both the information and objections set forth in the referenced

22  response.

23  C.      Defendant reserves the right to introduce at trial any and all evidence heretofore or

24  hereinafter produced by the parties in this action or by any third party that supports or tends to

25  support Defendant's contentions at trial or in support of or in opposition to any motion in this case.

26  To the extent that Defendant identifies evidence or documents in response to an Interrogatory

27  herein, it does so without prejudice to establish at a later date any additional facts that may be

28  discovered as a result of any additional investigation and discovery.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    D.    Any response contained herein does not constitute a waiver of any applicable

2    privilege, nor does any response contained herein waive any objection, including relevancy, to the

3    admission of such responses or responsive documents in evidence.

4    E.    Except for explicit facts admitted herein, no incidental or implied admissions of any

5    nature whatsoever are intended hereby, are implied, or should be inferred. The fact that an

6    Interrogatory has been responded to herein should not be taken as an admission, or a concession of

7    the existence of any facts set forth or assumed by the Interrogatory, or that such response constitutes

8    evidence of any fact. In addition, the fact that Defendant has responded in part or all to any

9    Interrogatory is not intended and shall not be construed to be a waiver by Defendant of all or any

10    part of any objection to any Interrogatory.

11

12                                            **II.**

13                                **GENERAL OBJECTIONS**

14        The following general objections apply to each individual Interrogatory propounded by

15    Plaintiffs and are incorporated into each response thereto by Defendant:

16        A.    Defendant objects to each Interrogatory to the extent that it calls for information that

17    is subject to the attorney-client privilege, the attorney work-product doctrine or any other privilege,

18    immunity or protection available under law. Inadvertent disclosure of any information subject to

19    any applicable privilege or doctrine, including, but not limited to, the attorney-client privilege and

20    the work-product doctrine, is not intended to be, and shall not operate as, a waiver of such privilege

21    or doctrine, in whole or in part. Nor is any such inadvertent disclosure intended to be, nor shall it

22    constitute, a waiver of the right to object to any use of such information.

23        B.    Defendant objects to each Interrogatory to the extent that it purports to impose any

24    obligations on Defendant that are not imposed by the Federal Rules of Civil Procedure or other

25    applicable law.

26        C.    Defendant objects to the definition of the term "DIGITAL DOWNLOAD(S)" on the

27    basis that Plaintiffs' definition of this term is overbroad. Defendant further objects that Plaintiffs'

28    definition of this term is vague and ambiguous. Defendant will respond to the Interrogatories based

1    on its understanding of digital permanent downloads, not based on the definition provided by

2    Plaintiffs.

3          D.     Defendant objects to the definition of the term "DIGITAL DOWNLOAD

4    PROVIDER" on the basis that Plaintiffs' definition of this term is argumentative and misleading.

5    Defendant further objects that Plaintiffs' definition of this term is vague and ambiguous.  Defendant

6    will respond to the Interrogatories based on its understanding of its relationship with retailers of

7    digital permanent downloads, not based on the definition provided by Plaintiffs.

8          E.     Defendant objects to the definition of the term "MASTERS LICENSED

9    PROVISION" on the basis that Plaintiffs' definition of this term is argumentative and misleading.

10   Defendant will respond to the Interrogatories based on its understanding of the nature of contractual

11   provisions that concern compensation for various types of licensing activity, not based on the

12   definition provided by Plaintiffs.

13         F.     Defendant objects to the definition of the term "RECORDING CONTRACT" on the

14   basis that Plaintiffs' definition of this term is vague and ambiguous and incorporates Plaintiffs'

15   objectionable definition of the term "MASTERS LICENSED PROVISION."  Defendant will

16   respond to the Interrogatories based on its understanding of its relationship with its recording artists

17   and producers, not based on the definition provided by Plaintiffs.

18         G.     Defendant objects to the definition of the term "ROYALTY SOFTWARE" on the

19   basis that Plaintiffs' definition of this term is vague, ambiguous and overbroad and incorporates

20   Plaintiffs' objectionable definition of the term "RECORDING CONTRACT."  Defendant will

21   respond to the Interrogatories based on its understanding of its royalty accounting system, not based

22   on the definition provided by Plaintiffs.

23         H.     Defendant objects to the definition of the term "UMGR" on the basis that Plaintiffs'

24   definition of this term is overbroad.  Defendant will respond to the Interrogatories solely on its own

25   behalf and only with respect to information in Defendant's possession, custody or control, not

26   information in the possession, custody, or control of other persons or entities.

27

28

1  Subject to the foregoing Preliminary Statement and General Objections, which are hereby

2  incorporated by reference into each individual response below, and without waiving same,

3  Defendant responds to the Interrogatories as follows:

4

5  ## III.

6  ## RESPONSES TO INTERROGATORIES

7  INTERROGATORY NO. 3:

8  Identify, on an annual basis from 1998 to the present, the total revenue (gross and net) that

9  UMGR has received from DIGITAL DOWNLOAD PROVIDERS in connection with DIGITAL

10  DOWNLOADS.

11  RESPONSE TO INTERROGATORY NO. 3:

12  Defendant incorporates by reference herein its General Objections stated above. Defendant

13  further objects to this Interrogatory on the grounds that it is overly broad and the burden of the

14  requested discovery outweighs its likely benefit; that it seeks information which is neither relevant

15  to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

16  evidence; that it seeks "the total revenue" received from retailers of digital permanent downloads

17  "from 1998 to the present" regardless of whether that revenue relates to recording artists or

18  agreements at issue in this case; and that it seeks information related to recording artists and

19  agreements which are neither parties to this action nor potential members of Plaintiffs' alleged

20  putative class.

21

22  INTERROGATORY NO. 4:

23  Identify, for each RECORDING CONTRACT, on an annual basis from 1998 to the present,

24  the number of DIGITAL DOWNLOADS that have been downloaded via a DIGITAL

25  DOWNLOAD PROVIDER for which UMGR has received income.

26  RESPONSE TO INTERROGATORY NO. 4:

27  Defendant incorporates by reference herein its General Objections stated above. Defendant

28  further objects to this Interrogatory on the grounds that it seeks information which is neither

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

2   admissible evidence; that it is vague and ambiguous such that it is impossible to respond to due to

3   Plaintiffs' definition of the term "RECORDING CONTRACT," which incorporates Plaintiffs'

4   vague, ambiguous and misleading definition of the term "MASTERS LICENSED PROVISION";

5   that it seeks information related to recording artists and agreements which are neither parties to this

6   action nor potential members of Plaintiffs' alleged putative class; and that it is overly broad and

7   unduly burdensome in that even if Defendant could identify the information sought by this

8   Interrogatory, such information would be so voluminous, difficult and time-consuming to assemble

9   that the burden imposed on Defendant outweighs its likely benefit.

10

11  INTERROGATORY NO. 5:

12      Identify, for each RECORDING CONTRACT, on an annual basis from 1998 to the present,

13  the total revenue (gross and net) that UMGR has received from DIGITAL DOWNLOAD

14  PROVIDERS in connection with DIGITAL DOWNLOADS.

15  RESPONSE TO INTERROGATORY NO. 5:

16      Defendant incorporates by reference herein its General Objections stated above. Defendant

17  further objects to this Interrogatory on the grounds that it seeks information which is neither

18  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

19  admissible evidence; that it is vague and ambiguous such that it is impossible to respond to due to

20  Plaintiffs' definition of the term "RECORDING CONTRACT," which incorporates Plaintiffs'

21  vague, ambiguous and misleading definition of the term "MASTERS LICENSED PROVISION";

22  that it seeks information related to recording artists and agreements which are neither parties to this

23  action nor potential members of Plaintiffs' alleged putative class; and that it is overly broad and

24  unduly burdensome in that even if Defendant could identify the information sought by this

25  Interrogatory, such information would be so voluminous, difficult and time-consuming to assemble

26  that the burden imposed on Defendant outweighs its likely benefit.

27

28

PRINTED ON
RECYCLED PAPER

8886995v1

- 5 -     UMG Recordings, Inc.'s Responses to Plaintiffs'
Second Set of Interrogatories

1   INTERROGATORY NO. 6:

2       Identify all ROYALTY SOFTWARE that UMGR has used at any time from January 1,

3   1998 to the present, and, for each such ROYALTY SOFTWARE: (a) the UMGR music label(s) for

4   which such ROYALTY SOFTWARE was or is used and the time period(s) during which it was or

5   is used for such music label(s); and (b) the UMGR employee, officer, or executive most

6   knowledgeable regarding the operation of such ROYALTY SOFTWARE.

7   RESPONSE TO INTERROGATORY NO. 6:

8       Defendant incorporates by reference herein its General Objections stated above. Defendant

9   further objects to this Interrogatory on the grounds that it is overly broad and the burden of the

10   requested discovery outweighs its likely benefit; that it seeks information which is neither relevant

11   to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

12   evidence; that it is compound and constitutes at least three, if not more, separate Interrogatories; and

13   that it incorporates Plaintiffs' vague, ambiguous and overbroad definition of the term "ROYALTY

14   SOFTWARE."

15       Subject to and without waiving its objections, Defendant responds as follows: Defendant

16   refers Plaintiffs to the document produced concurrently herewith bearing bates number

17   UMGR764496. The UMGR employee, officer or executive most knowledgeable regarding the

18   operation of the current royalty system is James Harrington, Defendant's Vice-President, Royalties.

19

20   INTERROGATORY NO. 7:

21       Identify (by date, title, and contractual party names) all agreements (including any original

22   agreement and any modifications, supplements, and amendments thereto) between UMGR and any

23   DIGITAL DOWNLOAD PROVIDER(S) regarding DIGITAL DOWNLOADS.

24   RESPONSE TO INTERROGATORY NO. 7:

25       Defendant incorporates by reference herein its General Objections stated above. Defendant

26   further objects to this Interrogatory on the grounds that it is overly broad and the burden of the

27   requested discovery outweighs its likely benefit; that it seeks information which is neither relevant

28   to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   evidence; and that it seeks information that may be determined by examining, auditing, compiling,

2   abstracting, or summarizing Defendant's business records, and the burden of deriving or

3   ascertaining the answer will be substantially the same for either party.

4       Subject to and without waiving its objections, Defendant responds as follows: Defendant

5   refers Plaintiffs to the documents previously produced in this matter, including but not limited to the

6   documents bearing bates numbers UMGR000001-671, 4057-17708, 25756-26014, 26672-27205,

7   from which Plaintiffs can derive or ascertain the answer to this Interrogatory.

8

9   INTERROGATORY NO. 8:

10      For each agreement (including any original agreement and any modifications, supplements,

11  and amendments thereto) identified in response to Interrogatory No. 7, above, identify (by name,

12  title, and employer/professional affiliation) all PERSON(S), whether UMGR personnel, personnel

13  from a DIGITAL DOWNLOAD PROVIDER, or otherwise, that were involved in the negotiation of

14  such agreement.

15  RESPONSE TO INTERROGATORY NO. 8:

16      Defendant incorporates by reference herein its General Objections stated above. Defendant

17  further objects to this Interrogatory on the grounds that it seeks information which is neither

18  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

19  admissible evidence; that it is overly broad and unduly burdensome in that Defendant has produced

20  at least 436 agreements with retailers of digital permanent downloads and mastertones, and the

21  extreme burden of identifying each individual that was involved in the negotiation of each of those

22  agreements, assuming such a task were even possible, outweighs any benefit likely to result from

23  such a process; and that it seeks information that may be determined by examining, auditing,

24  compiling, abstracting, or summarizing Defendant's business records, and the burden of deriving or

25  ascertaining the answer will be substantially the same for either party.

26      Subject to and without waiving its objections, Defendant responds as follows: Defendant

27  refers Plaintiffs to the documents previously produced in this matter, including but not limited to the

28  documents bearing bates numbers UMGR000001-671, 4057-17708, 25756-26014, 26672-27205,

1    from which Plaintiffs can derive or ascertain the answer to this Interrogatory, including the

2    identities of the representatives of Defendant and retailers of digital permanent downloads and

3    mastertones who executed the agreements. In addition, Defendant is currently in the process of

4    conducting a reasonably diligent search to identify the individuals who were involved in the

5    negotiation of its agreements with retailers of digital permanent downloads.

6

7    INTERROGATORY NO. 9:

8        Identify all RECORDING CONTRACTS pursuant to which UMGR has paid royalties under

9    the MASTERS LICENSED PROVISION for revenue received by UMGR in connection with

10   DIGITAL DOWNLOADS.

11   RESPONSE TO INTERROGATORY NO. 9:

12       Defendant incorporates by reference herein its General Objections stated above. Defendant

13   further objects to this Interrogatory on the grounds that it is vague and ambiguous in that it

14   incorporates Plaintiffs' vague, ambiguous and misleading definitions of the terms "RECORDING

15   CONTRACTS" and "MASTERS LICENSED PROVISION"; that it is overly broad and the burden

16   of the requested discovery outweighs its likely benefit; that it seeks information which is neither

17   relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

18   admissible evidence; and that it seeks information subject to confidentiality agreements between

19   UMGR and third parties.

20

21   INTERROGATORY NO. 10:

22       For each RECORDING CONTRACT, identify the contractual provision(s) in such

23   RECORDING CONTRACT pursuant to which UMGR has determined royalty payment amounts

24   for revenue received by UMGR in connection with DIGITAL DOWNLOADS, including the time

25   period(s) during which such payments amounts were determined pursuant to such contractual

26   provision(s).

27

28

1 RESPONSE TO INTERROGATORY NO. 10:

2   Defendant incorporates by reference herein its General Objections stated above. Defendant

3 further objects to this Interrogatory on the grounds that it seeks information which is neither

4 relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

5 admissible evidence; that it is vague and ambiguous such that it is impossible to respond to due to

6 Plaintiffs' definition of the term "RECORDING CONTRACT," which incorporates Plaintiffs'

7 vague, ambiguous and misleading definition of the term "MASTERS LICENSED PROVISION";

8 that it seeks information related to recording artists and agreements which are neither parties to this

9 action nor potential members of Plaintiffs' alleged putative class; and that it is overly broad and

10 unduly burdensome in that even if Defendant could identify the information sought by this

11 Interrogatory for the over 25,000 recording agreements produced to date by Defendant, such

12 information would be so voluminous, difficult and time-consuming to assemble that the burden

13 imposed on Defendant outweighs its likely benefit. Further, the answer to this Interrogatory would

14 likely differ from agreement to agreement, and require individual analysis of each agreement, as

15 provisions often interrelate to, depend upon, or affect other provisions or definitions in unique and

16 different ways from agreement to agreement, and amendments may have caused the answer to this

17 Interrogatory to change over time.

18

19 INTERROGATORY NO. 11:

20   Describe how UMGR has determined royalty payment amounts, pursuant to RECORDING

21 CONTRACTS, for revenue received by UMGR in connection with DIGITAL DOWNLOADS,

22 including any change(s) to such process or methodology.

23 RESPONSE TO INTERROGATORY NO. 11:

24   Defendant incorporates by reference herein its General Objections stated above. Defendant

25 further objects to this Interrogatory on the grounds that it is overly broad and the burden of the

26 requested discovery outweighs its likely benefit; that it seeks information which is neither relevant

27 to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

28 evidence; that it is vague and ambiguous such that it is impossible to respond to due to Plaintiffs'

PRINTED ON
RECYCLED PAPER

8886995v1     - 9 -    UMG Recordings, Inc.'s Responses to Plaintiffs'
Second Set of Interrogatories

JMBM | Jeffer Mangels Butler & Mitchell LLP

definition of the term "RECORDING CONTRACT," which incorporates Plaintiffs' vague, ambiguous and misleading definition of the term "MASTERS LICENSED PROVISION"; and that it seeks information related to recording artists and agreements which are neither parties to this action nor potential members of Plaintiffs' alleged putative class.

INTERROGATORY NO. 12:

Identify and describe any polices [sic], orders, directives, guidelines, or procedures that have been in place at UMGR, and any general practices not specific to any particular RECORDING CONTRACT or RECORDING ARTIST that have been in place at UMGR, at any time, regarding how to determine or calculate royalty payment amounts for revenue received by UMGR in connection with DIGITAL DOWNLOADS, including, but not limited to the following:

    (a)    policies, orders, directives, guidelines, procedures, or practices referenced, discussed and/or summarized in the memorandum authored by Michael Ostroff, dated September 17, 2002, produced by UMGR in this litigation at Bates Number UMGR002574-76;

    (b)    policies, orders, directives, guidelines, procedures, or practices referenced, discussed and/or summarized in the letter authored by Zach Horowitz, dated April 22, 2004, produced in this litigation at Bates Number RJT0000127; and

    (c)    policies, orders, directives, guidelines, procedures, or practices regarding whether to treat DIGITAL DOWNLOADS as licenses or "sales" for purposes of determining or calculating royalty payment amounts for revenue received in connection with DIGITAL DOWNLOADS.

RESPONSE TO INTERROGATORY NO. 12:

Defendant incorporates by reference herein its General Objections stated above. Defendant further objects to this Request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege and/or work-product doctrine; that it is overly broad and the burden of the requested discovery outweighs its likely benefit; that it seeks information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

1   admissible evidence; that it is compound and constitutes at least three, if not more, separate

2   Interrogatories; that it is vague and ambiguous such that it is impossible to respond to due to

3   Plaintiffs' definition of the term "RECORDING CONTRACT," which incorporates Plaintiffs'

4   vague, ambiguous and misleading definition of the term "MASTERS LICENSED PROVISION";

5   and that it seeks information related to recording artists and agreements which are neither parties to

6   this action nor potential members of Plaintiffs' alleged putative class.

7       Subject to and without waiving its objections, Defendant responds as follows: Defendant

8   refers Plaintiffs to the documents previously produced in this matter bearing bates numbers

9   UMGR002574-76.

10

11   INTERROGATORY NO. 13:

12       For each policy, order, directive, guideline, procedure, or practice identified in response to

13   Interrogatory No. 12, above, identify when it was adopted by UMGR and all PERSON(s) (by name,

14   title, and employer/professional affiliation) involved in the decision to adopt it.

15   RESPONSE TO INTERROGATORY NO. 13:

16       Defendant incorporates by reference herein its General Objections stated above. Defendant

17   further objects to this Request on the grounds that it seeks documents protected from disclosure by

18   the attorney-client privilege and/or work-product doctrine; that it is overly broad and the burden of

19   the requested discovery outweighs its likely benefit; and that it seeks information which is neither

20   relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

21   admissible evidence.

22       Subject to and without waiving its objections, Defendant responds as follows: Defendant

23   refers Plaintiffs to the documents previously produced in this matter bearing bates numbers

24   UMGR002574-76. Defendant further identifies the following individuals with knowledge related to

25   Defendant's adoption of the policy reflected in the September 17, 2002 memorandum from Michael

26   Ostroff: Michael Ostroff and Zach Horowitz.

27

28

1    INTERROGATORY NO. 14:

2         Identify and describe any polices [sic], orders, directives, guidelines, or procedures that have

3    been in place at UMGR, and any general practices not specific to any particular RECORDING

4    CONTRACT or RECORDING ARTIST that have been in place at UMGR, at any time from 1998

5    to the present (even if adopted earlier), regarding how to determine or calculate royalty payment

6    amounts for income received by UMGR in connection with compilation or soundtrack albums

7    containing musical tracks, or excerpts thereof, which are/were licensed by UMGR to another entity

8    for such use.

9    RESPONSE TO INTERROGATORY NO. 14:

10        Defendant incorporates by reference herein its General Objections stated above. Defendant

11   further objects to this Request on the grounds that it seeks documents protected from disclosure by

12   the attorney-client privilege and/or work-product doctrine; that it is overly broad and the burden of

13   the requested discovery outweighs its likely benefit; that it seeks information which is neither

14   relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

15   admissible evidence; that it is vague and ambiguous such that it is impossible to respond to due to

16   Plaintiffs' definition of the term "RECORDING CONTRACT," which incorporates Plaintiffs'

17   vague, ambiguous and misleading definition of the term "MASTERS LICENSED PROVISION";

18   and that it seeks information related to recording artists and agreements which are neither parties to

19   this action nor potential members of Plaintiffs' alleged putative class.

20

21   INTERROGATORY NO. 15:

22        For each policy, order, directive, guideline, procedure, or practice identified in response to

23   Interrogatory No. 14, above, identify when it was adopted by UMGR and all PERSON(s) (by name,

24   title, and employer/professional affiliation) involved in the decision to adopt it.

25   RESPONSE TO INTERROGATORY NO. 15:

26        Defendant incorporates by reference herein its General Objections stated above. Defendant

27   further objects to this Request on the grounds that it seeks documents protected from disclosure by

28   the attorney-client privilege and/or work-product doctrine; that it is overly broad and the burden of

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  the requested discovery outweighs its likely benefit; that it seeks information which is neither

2  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

3  admissible evidence; that it is vague and ambiguous such that it is impossible to respond to due to

4  Plaintiffs' definition of the term "RECORDING CONTRACT," which incorporates Plaintiffs'

5  vague, ambiguous and misleading definition of the term "MASTERS LICENSED PROVISION";

6  and that it seeks information related to recording artists and agreements which are neither parties to

7  this action nor potential members of Plaintiffs' alleged putative class.

8

9  <u>INTERROGATORY NO. 16:</u>

10      Identify and describe any polices [sic], orders, directives, guidelines, or procedures that have

11  been in place at UMGR, and any general practices not specific to any particular RECORDING

12  CONTRACT or RECORDING ARTIST that have been in place at UMGR, at any time, regarding

13  whether to take or apply any deduction(s) (*e.g.,* packaging deductions, shipping deductions) in

14  calculating or determining royalty payment amounts for revenue received by UMGR in connection

15  with DIGITAL DOWNLOADS.

16  <u>RESPONSE TO INTERROGATORY NO. 16:</u>

17      Defendant incorporates by reference herein its General Objections stated above. Defendant

18  further objects to this Request on the grounds that it seeks documents protected from disclosure by

19  the attorney-client privilege and/or work-product doctrine; that it is overly broad and the burden of

20  the requested discovery outweighs its likely benefit; that it seeks information which is neither

21  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

22  admissible evidence; and that the term "deduction(s)" is vague, ambiguous and overbroad.

23      Subject to and without waiving its objections, Defendant responds as follows: Defendant

24  refers Plaintiffs to the documents previously produced in this matter bearing bates numbers

25  UMGR002574-76.

26

27

28

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  INTERROGATORY NO. 17:

2      For each policy, order, directive, guideline, procedure, or practice identified in response to

3  Interrogatory No. 16, above, identify when it was adopted by UMGR and all PERSON(s) (by name,

4  title, and employer/professional affiliation) involved in the decision to adopt it.

5  RESPONSE TO INTERROGATORY NO. 17:

6      Defendant incorporates by reference herein its General Objections stated above. Defendant

7  further objects to this Request on the grounds that it seeks documents protected from disclosure by

8  the attorney-client privilege and/or work-product doctrine; that it is overly broad and the burden of

9  the requested discovery outweighs its likely benefit; that it is compound and constitutes at least two,

10  if not more, separate Interrogatories; and that it seeks information which is neither relevant to the

11  subject matter of this action nor reasonably calculated to lead to the discovery of admissible

12  evidence.

13      Subject to and without waiving its objections, Defendant responds as follows: Defendant

14  refers Plaintiffs to the documents previously produced in this matter bearing bates numbers

15  UMGR002574-76. Defendant further identifies the following individuals with knowledge related to

16  Defendant's adoption of the policy reflected in the September 17, 2002 memorandum from Michael

17  Ostroff: Michael Ostroff and Zach Horowitz.

18

19  INTERROGATORY NO. 18:

20      For each ROYALTY SOFTWARE identified in response to Interrogatory No. 6, above,

21  describe: (a) how information from RECORDING CONTRACTS is input into such ROYALTY

22  SOFTWARE; (b) how such ROYALTY SOFTWARE determines and calculates royalty payment

23  amounts for revenue received by UMGR in connection with DIGITAL DOWNLOADS; (c) how

24  such ROYALTY SOFTWARE determines and calculates royalty payment amounts for income

25  received by UMGR in connection with compilation or soundtrack albums containing musical tracks,

26  or excerpts thereof, which are/were licensed by UMGR to another entity for such use; (d) how such

27  ROYALTY SOFTWARE determines and calculates royalty payment amounts for income received

28  by UMGR that is not covered by parts (b) or (c) of this Interrogatory; and (e) how such ROYALTY

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  SOFTWARE determines and calculates any deduction(s) (*e.g.,* packaging deductions, shipping

2  deductions) in calculating or determining royalty payment amounts for revenue received by UMGR,

3  including but not limited to revenue received by UMGR in connection with DIGITAL

4  DOWNLOADS.

5  RESPONSE TO INTERROGATORY NO. 18:

6  Defendant incorporates by reference herein its General Objections stated above. Defendant

7  further objects to this Interrogatory on the grounds that it is overly broad and the burden of the

8  requested discovery outweighs its likely benefit; that it seeks information which is neither relevant

9  to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

10  evidence; that it is compound and constitutes at least five, if not more, separate Interrogatories; and

11  that it incorporates Plaintiffs' vague, ambiguous and overbroad definition of the term "ROYALTY

12  SOFTWARE."

13  Subject to and without waiving its objections, Defendant responds as follows: Defendant

14  refers Plaintiffs to the documents produced concurrently herewith bearing bates numbers

15  UMGR764483-764495.

16

17  DATED:  July 23, 2012

JEFFREY D. GOLDMAN
RYAN S. MAUCK
18  BRIAN M. YATES
JEFFER MANGELS BUTLER & MITCHELL LLP

19

20  By: _____

21  BRIAN M. YATES
Attorneys for Defendant UMG RECORDINGS, INC.

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

8886995v1

UMG Recordings, Inc.'s Responses to Plaintiffs'
Second Set of Interrogatories

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

3    I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business address is:  1900 Avenue of the Stars, 7th Floor,
4    Los Angeles, California 90067.

5    On July 23, 2012 I served the document(s) described as **RESPONSES OF DEFENDANT
UMG RECORDINGS, INC. TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**
6    [NOS. 3-18] in this action addressed as follows:

7

## SEE ATTACHED LIST

8    ☒    (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a
sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that
9    same day to be mailed via first class mail at Los Angeles, California.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
10    meter date is more than one day after date of deposit for mailing in affidavit.

11    ☐    (BY ELECTRONIC SERVICE) On _____, I transmitted the aforementioned document(s) as
PDF attachments to the aforementioned electronic notification address(es).  The
12    transmission originated from my electronic notification address, which is        and was
reported as complete and without error.

13
☐    (BY PERSONAL SERVICE) I placed the aforementioned document(s) in a sealed envelope
14    and I delivered such envelope by hand to the offices of the addressee.

15    ☐    (BY OVERNIGHT DELIVERY) I placed the aforementioned document(s) in a sealed
envelope with postage thereon fully prepaid and I caused said envelope to be delivered
16    overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

17    Executed on July 23, 2012 at Los Angeles, California.

18    I declare under penalty of perjury under the laws of the United States that the above
is true and correct.

19

20

21                                                        ROBERTA L. FRANCHIMONE

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER
LA 8735001v1

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1

**SERVICE LIST**

2

Leonard B. Simon
LAW OFFICES OF LEONARD B. SIMON
655 West Broadway, Suite 1900
San Diego, CA 92101
Email: lens@rgrdlaw.com

Michael E. Sobol
Roger N. Heller
LEIFF CABRASER HEIMANN &
BERNSTEIN, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Email: msobol@lchb.com
Email: rheller@lchb.com

3

4

5

6

7

Bruce L. Simon
Daniel L. Warshaw
PEARSON, SIMON, WARSHAW & PENNY
LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3336
Email: bsimon@pswplaw.com
Email: dwarshaw@pswplaw.com

R. Alexander Saveri
Cadio Zirpoli
Melissa Shapiro
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Email: rick@saveri.com
Email: cadio@saveri.com
Email: melissa@saveri.com

8

9

10

11

12

13

Bryan L. Clobes
Michael Tarringer
CAFFERTY FAUCHER LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Email: bclobes@caffertyfaucher.com
Email: mtarringer@caffertyfaucher.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

LA 8735001v1

- 2 -          Proof of Service