UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant. | No. C 11-1613 SI (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTER FILED ON MARCH 27, 2013**<br><br>**Re: Dkt. No. 152** |

## BACKGROUND

This is a consolidated putative class action for breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations of various state laws against defendant, UMG Recordings, Inc., and its affiliated and subsidiary entities ("UMGR"). Plaintiff recording artists and producers ("Plaintiffs") allege that UMGR underpaid licensing royalties on digital downloads of Plaintiffs' recordings by paying them at the lower "records sold" rate, instead of at the higher "licensing" rate in their contracts.

On March 13, 2013, the parties stipulated that UMGR could serve additional Interrogatory Nos. 26-40. Dkt. 152, Jt. Ltr., Ex. B. The parties could not agree on whether UMGR should be permitted to serve additional interrogatories (Interrogatory Nos. 41-49), and thus filed a joint discovery dispute letter. Dkt. 152, Jt. Ltr. at 3. UMGR requests the Court permit the additional discovery pursuant to Federal Rule of Civil Procedure 33(a)(1) because the complex issues raised by this lawsuit outweigh any burden to Plaintiffs in responding to additional discovery. *Id.* at 1.

UMGR further asserts that it requires this additional discovery to challenge class certification by testing whether Plaintiffs can establish a uniform claim for damages. *Id*. at 2. Plaintiffs request the Court deny UMGR's request in its entirety because the interrogatories are redundant, overbroad, and seek detailed explanations of the royalty data and systems Plaintiffs have requested from UMGR, but have not yet received. *Id*.

## DISCUSSION

**A. Legal Standard**

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." *Id.* The court must limit the extent or frequency of discovery if it finds that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(I)-(iii). To obtain an order allowing more than 25 interrogatories, a party must make a "particularized showing" why the additional discovery is necessary. *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.* 187 FRD 578, 586 (D.Minn. 1999).

**B. Application to the Case at Bar**

1. <u>Interrogatory Nos. 41, 46-48</u>

UMGR states that it requires leave to serve Interrogatory No. 41 because Plaintiffs' response to Interrogatory Nos. 23-25 were unsatisfactory, and that this is more efficient than making a motion to compel. Dkt. 152, Jt. Ltr. at 2 and 3. Similarly, UMGR requires leave to serve "replacement" Interrogatory Nos. 46-48 because Plaintiffs objected to Interrogatory Nos. 14-22. *Id*. at 2. Plaintiffs object, asserting that UMGR failed to comply with the discovery rules in serving new interrogatories

rather than meet and confer, and that these interrogatories should also be disallowed as cumulative, since they are "virtually identical" to the second set of Requests for Admissions ("RFA") Nos. 85-152 previously served on each named Plaintiff.

The Court DENIES UMGR's request to compel responses to Interrogatory Nos. 41, 46, 47, and 48. Upon review of the parties' arguments, the Court finds that UMGR's remedy for responses containing objections, or evasive or incomplete answers, is a motion to compel in the form of a joint letter. Fed. R. Civ. P. 37(a)(iii). UMGR may not circumvent the discovery rules by simply filing new interrogatories seeking the same information. The parties must meet and confer if UMGR seeks further responses to existing interrogatories. The Court additionally DENIES UMGR's request to compel responses to Interrogatory Nos. 46-48 because they are duplicative of RFA Nos. 85-152 (Set No. Two). UMGR bears the burden of establishing that the need for this extra discovery outweighs the burden to Plaintiffs, but UMGR has failed to explain why the RFA alone are insufficient. Dkt. 152 at p. 4. These interrogatories are thus unreasonably cumulative and burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i).

2. <u>Interrogatory Nos. 42-43</u>

These interrogatories seek Plaintiffs Ridenhour's, Williams', and Tyson's contentions as to whether they claim breach under amended or multiple contracts. Plaintiffs oppose these interrogatories on the grounds they call for lay opinion, and are irrelevant in that they concern only a few contracts out of the 10,000 at issue. These objections go only to the substance of the interrogatories. Plaintiffs do not contend the Court should bar these interrogatories as cumulative or unduly burdensome under Rule 26(b)(2), nor can they, as they state they are willing to entertain the same line of questioning at deposition. Accordingly, Plaintiffs shall respond to Interrogatory Nos. 42-43.

3. <u>Interrogatory Nos. 44-45</u>

Interrogatory Nos. 44-45 seek to test Plaintiffs' theory that a uniform method of calculating damages exists. Dkt. 152 at 2. Plaintiff argues that Interrogatory Nos. 10 and 12 seek essentially the same information, namely the basis for calculation of each claim for damages in each royalty

statement of the named Plaintiffs, (Dkt. 152, Ex. C), and thus this additional burdensome and cumulative discovery should not be allowed. Read in conjunction with Docket Number 153 and Plaintiffs' supplemental responses to Interrogatory Nos. 10 and 12, the Court finds that these additional interrogatories relate to the parameters of Plaintiffs' uniform method of calculating class-wide damages. Therefore the Court GRANTS UMGR's request to compel responses to these further interrogatories. However, in accord with its prior discovery rulings, the Court finds it would be burdensome for Plaintiffs to review several thousand contracts in response to these interrogatories, and thus limits Plaintiffs response to the nine named putative class members.

4. <u>Interrogatory No. 49</u>

This interrogatory asks whether Plaintiffs contend *former* plaintiffs Rob Zombie, White Zombie, and Damon "Otis" Harris" satisfy the criteria for membership in the putative class alleged in the Consolidated Amended Complaint ("CAC"), and if so, to identify the specific provisions of each former plaintiffs' contract that sets forth the licensing income rate. UMGR asserts this interrogatory is necessary because "recent public statements by Rob Zombie suggest these artists still view themselves as putative class members," despite the fact that UMGR asserts that their claims are foreclosed by prior settlement with UMGR (Rob Zombie and White Zombie), or contractual limitations (Harris). Dkt. 152 at 3. However, the Court finds that UMGR fails to meet the burden of Rule 26(b)(2)(C)(1) because UMGR asserts it already possesses the knowledge that these artists do not meet class criteria. *Id*. Plaintiffs' opinion on the subject would therefore be needlessly duplicative. UMGR's request is therefore DENIED.

**IT IS SO ORDERED.**

Dated: May 2, 2013

_____
Maria-Elena James
United States Magistrate Judge