UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>            Defendant. | No. C 11-1613 SI (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTER FILED ON APRIL 26, 2013**<br><br>**Re: Dkt. No. 154** |

## INTRODUCTION

This is a consolidated putative class action for breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations of various state laws against defendant, UMG Recordings, Inc., and its affiliated and subsidiary entities ("UMGR"). Plaintiff recording artists and producers ("Plaintiffs") allege that UMGR underpaid licensing royalties on digital downloads of Plaintiffs' recordings by paying them at the lower "records sold" rate, instead of at the higher "licensing" rate in their contracts.

Before the Court is a joint letter brief seeking resolution of previously argued discovery issues relevant to the upcoming class certification. Dkt. No. 154. On November 6, 2012, this Court ordered UMGR to produce its download revenues on an artist-by-artist basis, for artists with agreements with UMGR during the putative class period, for each year since 1998, because it was relevant to the issue of whether Plaintiffs could establish a uniform claim for damages during class certification. Dkt. No. 133 at 4:8-10. Thereafter, UMGR sought relief from the Order, arguing that the data should be

produced anonymously, if at all. Dkt. No. 148. Judge Illston denied UMGR's request to reconsider the portion of the Order requiring production of the agreements. Dkt. No. 148 at 2:4-5. However, Judge Illston modified the order to permit UMGR to provide the information anonymously, referring to each artist by serial number instead of by name, as a "reasonable measure to protect the privacy of the recording artists while still providing plaintiffs with the data that they seek to prepare for the class certification motion." *Id*. at 11-14.

Plaintiffs then moved for reconsideration of the portion of Judge Illston's Order allowing UMGR to produce the records without identifying the individual artists because Plaintiffs had no prior opportunity to brief this issue, and it had not been raised in prior meet and confer efforts or in argument before Magistrate Judge James. Dkt. No. 150. Plaintiffs also argued that the anonymous production would handicap their ability to prepare or defend damages issues at class certification. *Id*. Judge Illston ordered the parties to meet and confer regarding this issue and to present any disputes to the undersigned. *Id*. at 3-4.

The parties met and conferred as ordered, but could not reach a resolution. Plaintiffs' position is that production of the material, designated "For Attorneys' Eyes Only," under the Protective Order would be sufficient to safeguard any privacy concerns, while allowing Plaintiffs to use the data in a meaningful way. *Id*. Plaintiffs state that on balance, anonymity would prevent or severely impede their ability to compare the download revenue data with the contracts that they have, so they may separate that data into class period and non-class period categories, structure proposed classes, develop and test common methods of proof for measuring damages, evaluate damage models, identify artists who do not meet class requirements, and evaluate the merits of liability and damage issues for the case-in-chief. *Id*. at 4.

UMGR asserts that Plaintiffs have not shown that access to the artists' names would materially assist them in meaningfully using the data for class certification purposes. Dkt. 154 at 5. UMGR's primary concern is that disclosure would severely infringe the privacy interests of numerous recording artists by disclosing their career earnings to over 50 recording industry attorneys and their experts, who UMGR fears may potentially use the information in violation of the protective

order. *Id*. UMGR additionally asserts that: (1) full disclosure is unnecessary since Plaintiffs intend to rely on a single, uniform damages formula which they state is independent from the terms of any artist's contract; (2) Plaintiffs cannot adequately establish how the artists' names will aid in evaluating subclasses since the number of downloads per contract would not be relevant; (3) the artists' names are not required to identify instances of *de minimus* damages; and (4) the download data is over-inclusive for the purpose of estimating an individual artist's potential damages from putative class contracts due to UMGR's accounting, which aggregates revenue for all of an artist's contracts. *Id*.

## DISCUSSION

"Personal financial information comes within the zone of privacy protected by article I, section 1 of the California Constitution." *Whittall v. Henry Schein, Inc*., 2006 WL 902571, at *4 (E.D. Cal. Apr. 5, 2006). "When an individual's right of privacy in his financial affairs conflicts with the public need for discovery in litigation, the competing interests must be carefully balanced." *Id*. Even where the balance weighs in favor of disclosure of private information, the scope of the disclosure will be narrowly circumscribed; such an invasion of the right of privacy "must be drawn with narrow specificity" and is permitted only to the extent necessary for a fair resolution of the lawsuit. *Id*. (citing *Britt v. Superior Court*, 20 Cal.3d 844, 856, 859 (1978); and *City and County of San Francisco v. Superior Court*, 125 Cal. App. 3d 879, 883 (1981)).

After carefully weighing Plaintiffs' interests in the unedited production of the download revenue data against those of the recording artists in protecting access to their financial information, the Court finds that production of the unedited download revenue data is a reasonable measure to protect the privacy of the recording artists, while still providing Plaintiffs with the data that they seek to prepare for class certification in a meaningful way.

The Court finds that UMGR's concerns that officers of the Court might violate the protective order does not withstand scrutiny, given that UMGR has previously produced the same artists' contracts by name. The Court also finds UMGR's contentions that Plaintiffs will be unable to meaningfully utilize the data unavailing given that UMGR has previously asserted that the data could,

3

in fact, be matched with the artists' contracts. Dkt. 131, p. 4, fn. 8. To date, Plaintiffs have only disclosed the method for calculating damages for the nine named Plaintiffs, and have consistently asserted that the download revenue data is what "will provide evidence from which Plaintiffs will establish that damages can be measured on a class-wide basis." Dkt. 131 at 2. Accordingly, the Court orders UMGR to provide the documents subject to the stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: May 9, 2013

_____
Maria-Elena James
United States Magistrate Judge

4