UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant. | No. C 11-1613 SI (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTER FILED ON APRIL 1, 2013**<br><br>**Re: Dkt. No. 153** |

**BACKGROUND**

This is a consolidated putative class action for breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations of various state laws against defendant, UMG Recordings, Inc., and its affiliated and subsidiary entities ("UMGR"). Plaintiff recording artists and producers ("Plaintiffs") allege that UMGR underpaid licensing royalties on digital downloads of Plaintiffs' recordings by paying them at the lower "records sold" rate, instead of at the higher "licensing" rate in their contracts.

On April 1, 2013, the parties filed yet another joint letter, in which UMGR seeks to compel further responses to Interrogatory Nos. 10 and 12. Dkt. 153. Dkt. No. 153. These interrogatories seek Plaintiffs' methodology and manner in which they calculated damages for the representative sample of named plaintiffs, pursuant to this Court's November 19, 2012 Discovery Order. Plaintiffs argue the motion should be denied because they have fully complied with the Discovery Order by providing a plausible methodology to demonstrate that damages can be proven on an individual and class-wide basis. *Id*. at 3-4.

## DISCUSSION

Interrogatory No. 10 required Plaintiffs to state, with particularity, "the nature and amount of damages" and the "precise manner" in which the amount of such damages was calculated. Interrogatory No. 12 required Plaintiffs to state with particularity the amount of money under-reported, and the precise manner in which the amount was calculated. Plaintiffs originally objected to these interrogatories on the grounds they would provide the information at class certification. This Court ordered supplemental responses on November 19, 2012, which directed Plaintiffs to provide responses based on an agreed-upon representative sample. Dkt. No. 138.

In their supplemental responses, Plaintiffs provided two charts, which set forth, with particularity, a uniform method of calculating music download and ringtone royalties for the named plaintiffs, and which explain the precise manner in which damages can be calculated. The supplemental responses also include the nature of the damages claimed. Prior to class certification, Plaintiffs need not supply a "precise damage formula," but must offer a proposed method for determining damages that is not "so insubstantial as to amount to no method at all." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 314 (N.D. Cal. 2010) (Illston, J.), *abrogated in part on other grounds by In re ATM Fee Antitrust Litig.*, 686 F.3d 741 (9th Cir. 2012).

In a previous order, Plaintiffs were directed to respond to these interrogatories based on an agreed-upon representative sample consisting of the nine named plaintiffs for this very purpose. Dkt. 138. The Court finds that Plaintiffs have complied with its previous order by setting forth the parameters of each individual class members' damage theory and stating how Plaintiffs intend to calculate damages for each named plaintiff. Accordingly, the Court DENIES the motion to compel further responses to these interrogatories.

**IT IS SO ORDERED.**

Dated: May 9, 2013

_____
Maria-Elena James
United States Magistrate Judge