UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant. | No. C 11-1613 SI (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTER FILED ON July 18, 2012**<br><br>**Re: Dkt. No. 164** |

## BACKGROUND

This is a consolidated putative class action for breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations of various state laws against defendant, UMG Recordings, Inc., and its affiliated and subsidiary entities ("UMGR") filed by plaintiff recording artists and producers ("Plaintiffs"), who allege that UMGR underpaid licensing royalties on digital downloads of Plaintiffs' recordings by paying them at the lower "records sold" rate, instead of at the higher "licensing" rate in their contracts.

The parties have once again been unable to resolve their discovery disputes without assistance from the Court. This Order concerns the most recent dispute, in which UMGR seeks an order compelling further responses to Interrogatory Nos. 29-35. These interrogatories seek information and damages calculations concerning Plaintiffs' implied breach of the covenant of good faith and fair dealing claims.

**DISCUSSION**

**A.     Interrogatory Nos. 29-30**

Interrogatory No. 29 asks Plaintiffs to identify, for each agreement alleged in the Consolidated Amended Complaint ("CAC"), whether and in what manner they contend the agreement has been modified other than in writing. UMGR asserts this interrogatory goes to the merits of Plaintiffs' claims and to the issue of class certification. Jt. Ltr. at 3, Dkt. No. 164. Plaintiffs object to the interrogatory on the grounds that it seeks a compilation of documents in UMGR's possession or control. *Id*. at 5-6. Plaintiffs additionally object that the request is overly broad and burdensome, as it would require review of over 14,000 recording contracts, which Plaintiffs are still reviewing. *Id*. Interrogatory No. 30 asks Plaintiffs to identify whether and in what manner they contend each agreement is ambiguous. UMGR asserts that further response to this interrogatory is required to permit adequate assessment of the merits of Plaintiffs' claims and how they affect class certification. *Id*. at 3-4. The responses are relevant to analysis of claims brought under New York contract law, which bars extrinsic evidence unless a contract term is ambiguous. *Id*. at 3. Plaintiffs concede that these interrogatories seek relevant information, but object that they are overbroad and unduly burdensome, as a response would require review of over 14,000 putative class members' recording contracts. *Id*. at 5-6; Fed. R. Civ. P. 26(b)(2)(C)(I) .

Plaintiffs' objections are not well-taken. In the letter brief, Plaintiffs assert that the September 2002 Ostroff Memorandum unilaterally overrode provisions of "existing contracts," even in situations where the contract was not amended in writing. Jt. Ltr. at 8. This claim applies to the putative class as a whole, without need for individual contract analysis. Yet, Plaintiffs failed to provide this information in their interrogatory responses. The Court thus ORDERS Plaintiffs to supplement this interrogatory with all responsive information that does not require individualized contractual review.

At this point in the litigation, the Court expects that Plaintiffs have performed at least some review of the putative class contracts in preparation for class certification. However, review of 14,000 contracts is a burdensome task, given that the information sought will likely be duplicative or yield diminishing returns. Thus, in accordance with the Court's prior orders, the Court ORDERS the

parties to meet and confer to determine a reasonable number of contracts that can be used as a representative sample. If the parties cannot agree on a reasonable number of agreements to include in this representative sample, they may file a joint discovery dispute letter (pursuant to the Court's standing order) that sets forth each of their positions.

**B.     Interrogatory Nos. 31-35**

These interrogatories seek to determine whether Plaintiffs' implied covenant claims involve alleged conduct and damages different from those on which Plaintiffs' express contract claims are based. Each interrogatory asks Plaintiffs to "state how you will calculate" each item of damages. UMGR contends that Plaintiffs must show how damages will be calculated, and that without such formulae, Plaintiffs' responses are deficient because they do not allow UMGR to analyze whether the implied covenant claims are viable and susceptible to common proof across the class. The Court agrees. Accordingly, the Court ORDERS Plaintiffs to respond to the damages portion of the interrogatories. In answering, Plaintiffs must state, for each type of damages claimed in response to these interrogatories, how such damages will be calculated. To the extent any damages are comprised of a set statutory amount, no calculations or formulae are required.

UMGR also complains that Plaintiffs have failed to set forth all material facts on which their implied covenant claim is based, and that their responses improperly reference other documents. The Court declines to compel further responses based on UMGR's dissatisfaction with the merits, rather than the completeness, of Plaintiffs' responses. *McConnell v. PacifiCorp., Inc.,* 2008 WL3843003, at *3 (Aug. 15, 2008).

**IT IS SO ORDERED.**

Dated: August 29, 2013

_____
Maria-Elena James
United States Magistrate Judge

3