UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant. | No. C 11-1613 SI (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTER (DKT. NO. 165)** |

## INTRODUCTION

Having failed to resolve their differences through the meet and confer process, the parties submit another discovery dispute to be resolved by the Court. In this dispute, UMGR seeks to compel further responses to Interrogatory Nos. 24-25, which seek the factual basis for Plaintiffs' allegations regarding whether, and to what extent, Plaintiffs' and putative class members' claims are time-barred. Jt. Ltr. at 3, Dkt. 165.

## DISCUSSION

Interrogatory Nos. 24 - 25 asks Plaintiffs to "state all facts" supporting their contentions about delay, tolling, or extension of the accrual date(s) of any of Plaintiffs' or putative class members' claims. UMGR moves to compel on the grounds that Plaintiffs' responses with respect to these "other policies and practices" are conclusory and duplicative of the contentions set forth in the

Consolidated Amended Complaint ("CAC"). As discussed below, the Court agrees that Plaintiffs' responses are deficient and must be supplemented.

Plaintiffs assert that they cannot provide the specific facts UMGR seeks because the parties have yet to reach an agreement with regard to the privilege log. *Id.* at 5-6. Thus, "Plaintiffs are not apprised as to the internal discussions regarding the 2002 Ostroff Memo, UMG's decision to treat licenses as 'resales,' its communications with its Licensees regarding removing the word 'license,' or other related facts which may further support Plaintiffs' contentions." Pls.' Supp'l. Interr. Resp. at 12. Plaintiffs also identify "white papers" that are presumably in the possession of UMGR. The Court thus ORDERS the parties to meet and confer in person with respect to the privilege log issue, as it relates to the production of information relevant to these interrogatories. If the parties cannot reach an agreement by September 18, 2013, they may file a letter brief consistent with the Court's Standing Order.

The Court finds that notwithstanding the items withheld due to the unresolved privilege issue, there are other, non-privileged facts, which Plaintiffs failed to provide. First, Plaintiffs should be able to identify the specific public statements made by UMGR as part of the "sustained public relations effort" identified in their responses to both interrogatories. Plaintiffs likewise must identify, with specificity, the public statements "characterizing its agreements with Licensees as 'resale agreements'" after the "Ninth Circuit's pivotal decision following years of contentious litigation in the F.T.B. case." Next, Plaintiffs contend in their responses that UMGR implemented a "host of unfair tactics and strategies" implemented by UMGR in dealing with artists. To the extent any tactic or strategy contributed to the tolling of the statute of limitations due to fraudulent concealment, Plaintiffs must specifically identify them. Last, Plaintiffs are directed to identify the specific portions of "the pleadings" in the *F.B.T. Prod. v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 1677 (2011) case, on which they rely. Referring to a wide universe of documents without specifying the records in sufficient detail when referencing a case with 950 dockets is discourteous and improper. *See Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, at *3 (N.D. Cal. Sep. 18, 2012). Accordingly, the Court GRANTS the motion to compel as to the information

1 identified above. Such information is public, non-privileged, and should have been provided in
2 response to these interrogatories.

## CONCLUSION

Based on the analysis above, the Court GRANTS UMGR's motion to compel further responses to Interrogatory Nos. 24-25. Plaintiffs must serve supplemental responses consistent with this Order by September 25, 2013. Further, given the volume and contentious nature of discovery in this case, and the apparent unwillingness to meet and confer in good faith, the parties are hereby advised that, should future disputes arise, the undersigned is likely to recommend that the presiding judge appoint a discovery special master, at the parties' expense, pursuant to Federal Rule of Civil Procedure 53.

**IT IS SO ORDERED.**

Dated: September 4, 2013

_____
Maria-Elena James
United States Magistrate Judge