1

2

3

4

5

6                          UNITED STATES  DISTRICT COURT

7                            Northern District of California

8

9    RICK JAMES, by and through THE JAMES          No. C 11-1613 SI (MEJ)
     AMBROSE JOHNSON, JR., 1999 TRUST, his
10   successor in interest, individually and on    **DISCOVERY ORDER RE: DKT. NO.**
     behalf of all others similarly situated,      **166**
11
                          Plaintiffs,
12           v.

13   UMG RECORDINGS, INC., a Delaware
     corporation,
14
                          Defendant.
15   _____

16

17                                  **BACKGROUND**

18        This is a consolidated putative class action for breach of contract, breach of the covenant of

19   good faith and fair dealing, and statutory violations of various state laws against defendant, UMG

20   Recordings, Inc., and its affiliated and subsidiary entities ("UMGR") filed by plaintiff recording

21   artists and producers ("Plaintiffs"), who allege that UMGR underpaid licensing royalties on digital

22   downloads of Plaintiffs' recordings by paying them at the lower "records sold" rate, instead of at the

23   higher "licensing" rate in their contracts.

24        The parties have once again been unable to resolve their discovery disputes without assistance

25   from the Court.  This Order concerns the most recent dispute, in which UMGR seeks an order

26   compelling further responses to Interrogatory Nos. 14-22, or in the alternative, reconsideration of the

27   Order denying leave to file replacement Interrogatory Nos. 46-48. Dkt. No. 155.  The disputed

28

UNITED STATES DISTRICT COURT
For the Northern District of California

interrogatories ask Plaintiffs to define certain of the core terms appearing in the recording contracts at issue in this case.

UMGR previously moved to compel responses to these interrogatories on September 17, 2012. Dkt. 117 at 3. Plaintiffs opposed the motion, arguing that the interrogatories were "a complete waste of time . . . because [they] have become moot" in light of Plaintiffs' impending motion to file the proposed Consolidated Amended Complaint ("CAC"). *Id*. at 3, 5. Plaintiffs cited another court in this district, asserting that UMGR's sole remedy was to propound new interrogatories directed specifically at the allegations in the CAC, if it was approved. *Id*. at 6. On this basis, the Court denied UMGR's motion to compel without prejudice, and ordered the parties to meet and confer to determine how Judge Illston's ruling on the CAC affected the discovery disputes at issue. Dkt. 123 at 4.

After Judge Illston permitted the CAC to be filed, UMGR propounded Interrogatory Nos. 14-22 on the three new Plaintiffs added to the CAC. Dkt. 166 at 3, n.1. Plaintiffs again objected, claiming that the interrogatories were "unanswerable" in light of the new allegations in the CAC that the recording contracts were not identical. *See* Dkt. 166-1 at 20:20-28.

Although UMGR did not agree with Plaintiffs' objections, they served proposed Interrogatory Nos. 46-48, which were aimed at discovering whether there were material differences in the terms of the class contracts. Plaintiffs refused to stipulate to the service of these amended interrogatories. When UMGR sought leave to serve them, explaining they "largely replace and supersede UMGR's former interrogatories 14-22," Plaintiffs misleadingly argued that the interrogatories were redundant and that UMGR should first "meet and confer on those prior requests," despite knowing that they had previously taken the position that the interrogatories were moot and should be replaced. Dkt. 152 at 2, 4.

UMGR now moves to compel Plaintiffs' responses to Interrogatory Nos. 14-22 in accordance with the Order of this Court. Dkt. No. 155. Plaintiffs again object on the grounds that they are moot. Plaintiffs additionally contend that the interrogatories present improper questions of pure law, that

UNITED STATES DISTRICT COURT
For the Northern District of California

2

1    contention interrogatories are premature and should be deferred until the close of fact discovery, and

2    that they are duplicative of concurrently served RFAs.  Dkt. 166 at 6-7.

3        For the reasons discussed below, the Court GRANTS UMGR's motion to compel responses to

4    Interrogatory Nos. 14-22.

5                                    **DISCUSSION**

6        Interrogatory Nos. 14-22 seek the Plaintiffs' definition of the terms "records," "record clubs,"

7    "club operation," "distribution," "distributor," licensees," "net sales," "normal retail channels," and

8    "audiophile records" as they are used by Plaintiffs in the CAC.  The Court finds that the existence of

9    differences in essential contract terms is a relevant inquiry.  The fact that Plaintiffs now allege that

10   the contracts are not identical, but are "quite similar in their material terms," does not moot these

11   interrogatories.  UMGR is entitled, prior to class certification, to discovery on issues of commonality.

12       The Court finds unpersuasive Plaintiffs' objection that the interrogatories present questions of

13   pure law in light of the fact that the interrogatories seek Plaintiffs' understanding of these material

14   contract terms as they apply to the issue of commonality.  *See O'Brien v. Int'l Brotherhood of Elec.*

15   *Workers,* 443 F.Supp. 1182, 1187 (N.D. Ga. 1977).  They do not, as in *O'Brien,* seek a recitation of

16   abstract legal issues that are not dependent on the facts of the case.

17       The Court also declines to defer these contention interrogatories until the close of fact

18   discovery in light of the procedural posture of this case.  Under the framework developed in *In re*

19   *Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985), the party moving to compel

20   responses to contention interrogatories at an early stage in the litigation must show that responses

21   would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of

22   the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion

23   under Rule 11 or Rule 56.  *Id.* at 338-39.  These guidelines are not to be applied rigidly, and so any

24   decision must be made on a case by case basis.  *Id.* at 337.

25       This case, which was filed over two years ago, is not in its early stages.  Significant discovery

26   has taken place, including party depositions.  UMGR has provided the approximately 14,000

27   contracts at issue produced between December 2011 and March 2012.  Plaintiffs have reviewed the

28

UNITED STATES DISTRICT COURT
For the Northern District of California

3

UNITED STATES DISTRICT COURT
For the Northern District of California

1  contracts sufficiently to ascertain that they contain enough differences to merit amending the

2  complaint.  There has already been a summary judgment motion. While Plaintiffs seek further party

3  depositions and discovery, Interrogatory Nos. 14-22 are contention interrogatories, and thus seek

4  Plaintiffs' definitions of the contract terms, not the definitions intended or contemplated by UMGR.

5  More persuasive to the Court is the fact that the parties deferred the scheduled class certification by

6  stipulation for the purpose of resolving discovery matters.  Dkt. 125 at 2.  The parties' stipulation

7  thus weighs in favor of permitting these interrogatories prior to any certification hearing, as they will

8  certainly assist in clarifying the issue of whether the case may proceed as a class action.

9       Last, the Court finds that the RFA's are not duplicative because they are directed to the class

10 members' claims, rather than those of the named Plaintiffs, and are designed to test whether there is

11 sufficient typicality.  Interrogatory Nos. 14-22, which are directed to the named Plaintiffs, test

12 commonality and superiority.

13      Accordingly, the Court GRANTS UMGR's motion to compel responses to Interrogatory Nos.

14 14-22.  In so doing, the Court DENIES UMGR's request to reconsider its prior motion.

15      **IT IS SO ORDERED.**

16

17 Dated: September 5, 2013

18 _____
   Maria-Elena James
   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

4