# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant. | No. C 11-1613 SI (MEJ)<br><br>**ORDER REGARDING JOINT DISCOVERY DISPUTE LETTER**<br><br>**(Docket No. 167)** |

## BACKGROUND

This is a consolidated putative class action for breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations of various state laws against defendant, UMG Recordings, Inc., and its affiliated and subsidiary entities ("UMGR") filed by plaintiff recording artists and producers ("Plaintiffs"), who allege that UMGR underpaid licensing royalties on digital downloads of Plaintiffs' recordings by paying them at the lower "records sold" rate, instead of at the higher "licensing" rate in their contracts.

This Order concerns the parties joint discovery dispute letter filed on August 16, 2013, (Dkt. No. 167), in which UMGR seeks an order compelling further responses to over half of the Second Set of Requests for Admissions ("RFAs") UMGR propounded on Whitesnake Productions (Overseas) Limited ("Whitesnake"), one of the named plaintiffs in this putative class action.

1    These RFAs seek Whitesnake's position on how specific terms used in the Contract apply to
2 permanent downloads and ringtones. Whitesnake objects to the RFAs on the grounds that they are
3 burdensome, compound, and violate Federal Rule of Civil Procedure 36 as they seek to "establish
4 facts which are obviously in dispute." Dkt. 167 at 4-5. UMGR contends that RFAs that "relate to the
5 interpretation of a contract at issue in a case" are "permissible under the amended Rule 36." *Id*. at 1
6 (quoting *Sigmund v. Starwood Retail VI, LLC*, 236 F.R.D. 43, 46 (D.D.C. 2006). UMGR asserts that
7 it may request admissions regarding Whitesnake's interpretation of the meaning of terms used in the
8 Contract for the purpose of discovering and narrowing the issues.

9    For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART
10 UMGR's motion to compel responses to the Second Set of RFAs.

**DISCUSSION**

**A.    RFA Nos. 85-88 and 113-116**

13   RFA Nos. 85-86 and 113-114 ask Whitesnake to admit or deny that Music Downloads and
14 Ringtones, as defined by Plaintiffs in the Consolidated Amended Complaint ("CAC") are
15 "phonograph records" within the meaning of Whitesnake's September 17, 1982 Agreement (the
16 "Contract"). Whitesnake objected to these RFAs on the grounds that the requests call for a legal
17 conclusion and are not matters within the scope of Federal Rule of Civil Procedure 26(b)(1) because
18 they ask Whitesnake to "admit one of the key facts in dispute related to the breach of contract claim."
19 Dkt. 167-2 at 2-3, 19-20.

20   Whitesnake's objections are not well-taken. A request for admission that relates to the
21 interpretation of a contract at issue in a case involves the application of law to the unique facts of that
22 case, and is thus permissible under amended Federal Rule of Civil Procedure 36. *See Disability*
23 *Rights Council v. Wash. Area Metro. Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006); *Booth Oil Site*
24 *Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("where the question of the
25 meaning of the document is at issue in the case, a request directed to another party seeking admission
26 or denial of a document's meaning or intent by that party as stated in the request relates to a statement
27 [of] fact, and it authorized by Rule 36"). *GEM Acquisitionco, LLC v. Sorenson Group Holdings,*
28

2

1  *LLC*, 2010 WL 1340562 (N.D. Cal. April 5, 2010), on which Whitesnake bases its objection, is in
2  agreement. There, the court compelled further responses to RFAs seeking the defendant's
3  interpretation of the meaning of the term "manager" as it appeared in the parties' contract, but
4  declined to compel responses to RFAs that sought admissions as to key terms in dispute or
5  conclusions of law. *Id*. at *2. Thus, RFAs which essentially "asked Sorenson to admit GEM's
6  interpretation of a disputed provision of the parties' contract" improperly called for a legal
7  conclusion. *Id*. Similarly, RFAs which asked the responding party "to admit one of the key facts in
8  dispute" related to the breach of contract claim (i.e. "that Sorenson facilitated a competing bid for the
9  Portfolio before the FDIC notified GEM that GEM was not the successful bidder for the Portfolio")
10 was "not the proper subject of an RFA." *Id*. at *3. *GEM Acquisitionco* is thus not a proper basis for
11 objecting to these RFAs.

12 Here, as in *GEM*, Whitesnake is being asked to admit its interpretation of the terms of its own
13 contract, not to admit to UMGR's interpretation. *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050,
14 1057 (S.D. Cal. 1999), which required the plaintiff to admit what her contract legally required of her,
15 and the pure legal conclusion that she was a "public figure" as defined in a published case is also
16 inapposite as the RFAs do not ask Whitesnake to make such a conclusion. For these reasons, the
17 Court GRANTS the motion to compel further responses to these RFAs.

18 RFA Nos. 86-87 and 115-116 ask Whitesnake to admit or deny that Music Download
19 Providers and Ringtone Providers (as defined in the CAC) are "licensed" by UMGR to sell "records"
20 under the Contract. UMGR complains that Whitesnake's responses "rephrase the RFAs and admit
21 only to different, less complete propositions while ignoring the language of the RFA itself." Dkt. 167
22 at 2. The Court does not agree that the RFAs are incomplete because Whitesnake ascribes a different
23 meaning to the terms "music downloads" and "ringtones" than the one advanced by UMGR.
24 Whitesnake has properly entered a qualified admission to these RFAs, based on its understanding of
25 the terms. The "quintessential function of Requests for Admissions is to allow for the narrowing of
26 issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide
27 notification as to those facts, or opinions, that remain in dispute." *S.A. Healy Co./Lodigiani USA,*
28

*Ltd. v. United States*, 37 Fed. Cl. 204, 206 (Fed. Cl. 1997); *see also Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (the primary purpose of a Rule 36 request is to limit factual issues for trial as opposed to eliciting additional facts and information from a party). Here, Whitesnake's qualified response serves the function of the RFAs as it puts UMGR "on notice that their interpretation of a given document is inconsistent with [UMGR's] construction" such that evidence will be required to prove the document's meaning. *S.A. Healy*, 37 Fed. Cl. at 206. The responses are sufficient because they put UMGR on notice that the definition of the term "records," as it applies to these digital materials, is in dispute. Accordingly, the Court DENIES the motion to compel further responses to these RFAs.

**B.     RFA Nos. 89-90 and 117-118**

These RFAs ask Whitesnake to admit or deny that Music Downloads and Ringtones are "Masters" under the Contract. The Court GRANTS the motion to compel further responses to these RFAs. *See GEM Acquisitionco*, 2010 WL 1340562, at *2 (N.D. Cal. Apr. 5, 2010) (finding defendant had no valid basis to refuse to respond to RFA seeking admission of a term defined in the parties' own agreement). "Where the question of the meaning of the document is at issue in the case, a request directed to another party seeking admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement [of] fact, and it authorized by Rule 36." *Booth Oil*, 194 F.R.D. at 80.

**C.     RFA Nos. 91-92, 95-96, 119-120, and 123-124**

These RFAs ask Whitesnake to admit or deny that Music Download Providers and Ringtone Providers are UMGR's "licensees" or that UMGR "license[s] these Providers to sell Music Downloads and Ringtones under the Contract." UMGR complains that Whitesnake has "answered different propositions than the RFAs pose," i.e. that they have qualified their admissions to these RFAs. The Court does not find that Whitesnake failed to admit to the substance of the RFAs. *See S.A. Healy*, 37 Fed. Cl. at 206 (qualified response to RFA effectuates purpose of Rule 36 by putting propounding party on notice that evidence will be required to prove the document's meaning). Accordingly, the Court DENIES the motion to compel responses to these RFAs.

4

**D.      RFA Nos. 97-98, 125-126**

These RFAs ask Whitesnake to admit or deny that Music Download Providers and Ringtone Providers are "Company Distributor[s]" under the Contract. The Court GRANTS the motion to compel further responses to these RFAs. *See GEM Acquisitionco*, 2010 WL 1340562, at \*2 (finding defendant had no valid basis to refuse to respond to RFA seeking admission of a term defined in the parties' own agreement). "Where the question of the meaning of the document is at issue in the case, a request directed to another party seeking admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement [of] fact, and it authorized by Rule 36." *Booth Oil*, 194 F.R.D. at 80.

**E.      RFA Nos. 101-102, 129-130**

These RFA ask Whitesnake to admit or deny that sales of Music Downloads by Music Download Providers, and Ringtones by Ringtone Providers, are "net sales" under the Contract. The Court GRANTS the motion to compel further responses to these RFA. *See GEM Acquisitionco*, 2010 WL 1340562, at \*2 (finding defendant had no valid basis to refuse to respond to RFA seeking admission of a term defined in the parties' own agreement). "Where the question of the meaning of the document is at issue in the case, a request directed to another party seeking admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement [of] fact, and it authorized by Rule 36." *Booth Oil*, 194 F.R.D. at 80.

**F.      RFA Nos. 105-106, 133-134**

These RFA ask Whitesnake to admit or deny that Music Downloads and Ringtones are "devices" under the Contract. The Court GRANTS the motion to compel further responses to these RFA. *See GEM Acquisitionco*, 2010 WL 1340562, at \*2 (finding defendant had no valid basis to refuse to respond to RFA seeking admission of a term defined in the parties' own agreement). "Where the question of the meaning of the document is at issue in the case, a request directed to another party seeking admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement [of] fact, and it authorized by Rule 36." *Booth Oil*, 194 F.R.D. at 80.

**CONCLUSION**

The Court GRANTS the motion to compel further responses to RFAs Nos. 85-86; 113-114; 89-90; 117-118; 97-98; 125-126; 101-102; 129-130; 105-106; and 133-134. The Court finds that the responses to RFA Nos. 86-87; 115-116; 91-92; 95-96; 119-120; 123-124 are sufficient and therefore DENIES the motion to compel further responses to these RFAs.

**IT IS SO ORDERED.**

Dated: September 26, 2013

Maria-Elena James
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California