UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UMG RECORDINGS, INC.,<br><br>　　　　Defendant. | Case No. 11-cv-01613-SI (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 173 |

## BACKGROUND

This is a consolidated putative class action for breach of contract, breach of the covenant of good faith and fair dealing, and statutory violations of various state laws against defendant, UMG Recordings, Inc., and its affiliated and subsidiary entities ("UMGR") filed by plaintiff recording artists and producers ("Plaintiffs'), who allege that UMGR underpaid licensing royalties on digital downloads of Plaintiffs' recordings.

The current dispute concerns Plaintiffs' motion to compel responses to Request for Production ("RFP") Nos. 73 and 76, which seek all documents demonstrating UMGR's interpretation and input into its royalty system of the named plaintiffs' contract terms and data regarding the revenue received by UMGR, as well as calculation of royalties for downloads of the named plaintiffs' recordings from 1999 to the present. Dkt. No. 173. UMGR opposes the motion, arguing that the document requests violate Federal Rule of Civil Procedure ("Rule") 34(b)(1)(a) because they are overbroad. UMGR also opposes the motion on the grounds that: (1) production of documents evidencing electronic royalty statements or receipts for digital downloads would impermissibly require UMGR to create or prepare new documents; and (2) any "royalty briefs"

that might exist are privileged.

## DISCUSSION

**A.  Federal Rule of Civil Procedure 34(b)(1)(a)**

UMGR first argues that Plaintiffs' motion to compel is inherently deficient because RFP Nos. 73 and 76 demand that UMGR produce each and every document "relating to" or "regarding" any of the Plaintiffs, and as such violate Rule 34(b)(1)(a), which provides that such requests "must describe with reasonable particularity each item or category of items to be inspected." Rule 26(b) requires that information sought through discovery be relevant to the claims and defense in the action and be "reasonably calculated to lead to admissible evidence." Applying these principles, the Court finds the requests are overbroad because they fail to comply with the particularity requirement of Rule 34. The requests' expansive sweep includes documents that would not be directly relevant to Plaintiffs' claims and would place an undue burden upon Defendant to produce. 2011 WL 3740853, at *4 (N.D. Cal. Aug. 25, 2011).

However, the deficiencies in the original request are not fatal to Plaintiffs' motion because Plaintiffs aver that they have, via the meet and confer process, limited the scope of the RFPs to the categories of data set forth in the meet and confer letter, and that they "will not ask for further data or documents on the basis of these requests," reserving only the right to request further responses to material UMGR has already agreed to produce in response to Category 4, "Contract Identification Info." Dkt. 173 at 1, fn 1. Accordingly, the Court finds that Plaintiffs need not propound a new set of RFPs. As discussed below, the Court DENIES the motion to compel in part and orders the parties to meet and confer further.

**B.  Request for Production No. 73**

This RFP seeks three categories of documents, which the Court will discuss in turn.

1. <u>Electronic Versions of the Royalty Statements</u>

Plaintiffs seek production of the royalty statements previously produced by UMGR in electronic format dating from 2003 to the present. Plaintiffs assert that UMGR has offered to produce "Excel-formatted statements" for 2009 to 2012, but will not confirm that electronically stored statements are available dating back to 2003. Jt. Ltr. at 2. This information, they contend,

2

1  can be "downloaded as plaintiffs have requested with relative ease." *Id*. Plaintiffs seek an order
2  requiring UMGR to produce the 2009 to 2012 statements, and provide "written confirmation" that
3  such data is available "back to 2003 -- or a later date if applicable." *Id*.

4  Contrary to Plaintiffs' representations, UMGR does not confirm that it agreed to produce
5  *any* of the requested documents in electronic format. Instead, UMGR contends that having twice
6  produced the documents, it should not be required to produce the documents a third time in
7  electronic format. *Id*. at 5. UMGR argues that production of electronically formatted royalty
8  statements would require creation of new documents not currently in existence, and would require
9  "40 hours of employee time" to produce statements for the 2009 to 2012 period alone. *Id*. at 5 and
10 fn 9.

11 Rule 26(f) requires parties to discuss the form that production of electronically stored
12 information should take. Fed. R. Civ. P. 26(f)(3)(C). Rule 34 provides that "[i]f a request does
13 not specify a form for producing electronically stored information, a party must produce it in a
14 form or forms in which it is ordinarily maintained or in a reasonably usable form or forms" and
15 "[a] party need not produce the same electronically stored information in more than one form."
16 Fed. R. Civ. P. 34(b)(2)(E)(ii)-(iii).

17 Plaintiffs originally requested that UMGR "produce electronically stored information in a
18 form or forms in which it is ordinarily maintained or in a form or forms that are reasonably
19 usable." Jt. Ltr., Ex. A. Although Plaintiffs surely could foresee the need to manipulate the
20 royalty data, they did not specify production in electronic form. Now Plaintiffs seek to compel
21 electronic versions of the royalty statements UMGR has already twice produced, by arguing only
22 generally that production in Excel format would be more convenient for their use. *Id.* at 2 (Excel
23 format "would be far more usable for plaintiffs and any experts"); *Id*. at fn 2 ("to replicate the
24 Excel-formatted statements would be far more burdensome for Plaintiffs"). Plaintiffs' justification
25 for their need for this information, as set forth in their motion, falls far short of the mark.
26 Accordingly, the motion to compel is DENIED. The Court declines to compel UMGR to create
27 new documents solely for this purpose.
28

2. <u>Evidence of Receipts for Digital Downloads</u>

Plaintiffs state that they require the receipts UMGR received from the download transactions with vendors like Apple/iTunes in order to calculate royalties under Plaintiffs' theory of the case. Jt. Ltr. at 2-3. Plaintiffs state that they can extrapolate these receipts at class certification, but are concerned they will draw objections from UMGR. On the other hand, UMGR avers that they cannot produce this data because it would require the reprogramming of its royalty database, and creation of new software to extract the information Plaintiffs seek. *Id*. at 5-6. Plaintiffs state that they can discern this data by extrapolation, but seek the actual receipts data for verification in case UMGR objects to their methods. *Id*. at 3. Balancing UMGR's representation that production of the data would require extensive, costly software modifications, against Plaintiffs' admission that they can extrapolate this data using materials they currently possess, the Court finds the burden far outweighs the usefulness of ordering production of the data. The parties may, however, meet and confer regarding the cost and timing required to extract the information. If Plaintiffs then wish to proceed with their request, they may do so at their own expense. Thus, the motion to compel is DENIED.

3. <u>Contract Identification Information</u>

UMGR has stated in its response to the pending motion that it will provide all available discovery material in response to this RFP by November 15, 2013. Accepting this statement, and absent any argument by Plaintiffs as to why the Court should compel an earlier production date, the motion to compel production of these documents prior to November 15, 2013 is DENIED.

**C.  Request for Production No. 76 (Royalty Briefs)**

Plaintiffs seek to compel production of UMGR's internal instructions to royalty staff identifying the relevant royalty provisions in each contract for input into the tracking system. Plaintiffs argue that these one-page "royalty briefs" would "reveal, for each contract, how UMGR *itself* interpreted the [contract] terms, how they interact with each other, and their impact on royalties," aiding their typicality analysis at class certification. Jt. Ltr. at 3 (emphasis in original).

UMGR counters that such "royalty briefs" likely do not exist, as they were created for new contracts beginning in 2012, while Plaintiffs' contracts, which were entered into between 1969

4

and 1993 with UMGR's predecessors, predated this policy change. *Id*. at 6. Moreover, UMGR did not create "royalty briefs" for pre-existing contracts. *Id*. (citing Rule 30(b)(6) testimony on this issue). Even if the briefs exist, UMGR contends they would be privileged. *Id*.

UMGR's arguments put the cart before the horse. The Court, not UMGR, will make the privilege determination if, and when, any responsive documents are produced. But here, UMGR has not unequivocally stated that there are no documents responsive to this request, nor have they searched for any such documents. If the Court credits Plaintiffs' description of these documents, they would be highly relevant to the current litigation. However, if royalty briefs do not exist for Plaintiff's contracts, there is no burden to UMGR. Thus, Court is thus not persuaded by UMGR's complaints that the search for such documents would be so burdensome as to excuse them from the task. Jt. Ltr. at 6 (such a search "would be a time-consuming undertaking of unknown duration"). The Court is unwilling to accept UMGR's argument that royalty briefs "may not even exist;" UMGR must make this determination. Accordingly, the Court GRANTS Plaintiffs' request, to the extent that royalty briefs exist for Plaintiffs' contracts.

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
MARIA-ELENA JAMES
United States Magistrate Judge

5