LEONARD B. SIMON (State Bar No. 58310)
LAW OFFICES OF LEONARD B. SIMON P.C.
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619-338-4549
Facsimile:  619-231-7423
lsimon@rgrdlaw.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, individually and on behalf of all others similarly situated, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> UMG RECORDINGS, INC., a Delaware corporation, <br><br> Defendants. <br><br> AND RELATED ACTIONS | Case No. CV-11-1613 (SI) <br><br> [REDACTED] MOTION FOR RELIEF FROM NON-DISPOSITIVE RULING BY MAGISTRATE JUDGE |

## I. INTRODUCTION AND FACTS

Pursuant to Local Rule 72-2, plaintiffs hereby seek relief from the February 10, 2014 Order of Magistrate Judge James rejecting their challenge to UMGR's designation of 223 documents[1] as privileged. Judge James erred by: (a) accepting factual assertions made by UMGR's counsel without proof, in the face of contrary sworn testimony of UMGR personnel; and (b) misapplying the attorney-client privilege doctrine to documents written or received by attorneys employed by UMGR as businessmen and women, not legal counsel.

None of the documents at issue involve outside counsel or persons employed in a non-existent "Legal Department" of UMGR.  Rather, the documents emanate from UMGR's Business and Legal Affairs ("BLA") department, a corporate business function that during the relevant period employed lawyers to make most of its business decisions.

Judge James, with no evidence to the contrary before her, ruled in a manner starkly inconsistent with these key facts.

Indeed, though Judge James accepted UMGR's labeling of Michael Ostroff as General Counsel (Feb. 10, 2014 Order at 3),

The dispute principally involves documents relating to the crucial "Ostroff Memo" in 2002 (attached as Ex. C), announcing how UMGR would pay artists for digital downloads, irrespective of the terms of their contracts.  BLA employees wrote and received hundreds of communications about this issue –how to explain and "sell" it to artists, how to explain it to the public – but UMGR has withheld these documents.  (Plaintiffs had the Ostroff Memo itself when they filed suit, but has none of the surrounding or preceding evidence regarding this crucial event, which is highly material to their claims under the UCL and the covenant of good faith and fair dealing.)

---

[1] UMGR's privilege log is attached as Exhibit A.  This motion pertains to items numbered 61-65, 75-80, 83-112, 114-128, 131-178, 180-240, 254-293, 300-314, 316-317, and 337.

1  Despite testimony that BLA employees were most often engaged in business, not law, Judge
2  James accepted the unsworn, self-serving characterizations in UMGR's privilege log (Ex. A), as
3  determinative evidence of privilege.  Not only did she credit the wrong "evidence," if a log is
4  "evidence" at all, but she accepted an inconceivable state of facts – a large corporation making a
5  crucial business decision without creating any "business" documents, only "legal" ones.  Given
6  testimony that BLA personnel were doing business, not law, the error becomes more patent.  We
7  note that the President, the Governor, and the Commissioner of the NBA all have law degrees, but
8  none is providing legal counsel at present.

9  It defies imagination and experience that UMGR could have more than 370 documents
10 reflecting legal advice, but essentially no non-privileged documents generated by businessmen and
11 women acting as such.  UMGR's privilege log descriptions ignore this distinction, and it was error to
12 rely on them in the face of contrary sworn evidence.

13 Judge James also failed to consider the crucial evidence that the policy reflected in the
14 Ostroff Memo was an across-the-board, extra-contractual decision that UMGR has characterized as a
15 show of "generosity" to artists (by supposedly paying higher royalties than deserved, ***regardless of***
16 ***what their individual contracts may have said***).  *See* Ex. C (policy was "artist-friendly");
17
18 Choosing to pay artists more than they are purportedly owed is a business, not a legal, decision.

19 **II.    ARGUMENT**

20 As noted above, the documents in question involve neither outside counsel nor typical "in
21 house counsel" working in a legal department.  Rather, they involve BLA employees with law
22 degrees pursuing a business career in the music industry.  Even if these employees worked in a
23 "Legal Department," which they did not, privilege claims involving attorneys who are employees are
24 given "heightened scrutiny."  *Devlyne v. Lassen Mun. Util. Dist.*, 2011 U.S. Dist. LEXIS 119173, *7
25 (E.D. Cal. Oct. 14, 2011); *accord Rossi v. Blue Cross & Blue Shield*, 73 N.Y.2d 588, 592-94
26
27
28

(1989).[2]  The party asserting the privilege bears the burden of demonstrating that the "dominant purpose of the relationship" between the parties to the communication was attorney-client.  *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 739-40 (2009); *accord Optic Plus Enters., Ltd. v. Bausch & Lomb Inc.*, 37 A.D. 3d 1185, 1186 (N.Y. App. 2007).  This principle should apply even more strongly where the lawyer is working in a business position, not the legal department.  UMGR did not meet its burden merely by characterizing hundreds of documents on a log as relating to "legal advice" or "reflecting the impressions, conclusions and opinions" of BLA attorneys.

First, such characterizations are not evidence and do not meet any burden.  Second, in several respects they were rebutted by sworn testimony from UMGR personnel.  For instance, Judge James accepted UMGR's counsel's assertion that the "dominant purpose" of the relationship between UMGR and 22 of the 24 attorneys on the log was legal, rather than

Judge James' conclusion also defies reality, as a "***Business*** and Legal Affairs" department comprised almost exclusively of lawyers must do extensive business through those lawyers.  It is more likely that 2, rather than 22, of the 24 lawyers were involved primarily in legal issues.

> Communications that principally involve the performance of non-legal functions by an attorney are not protected. . . . [E]ven if a business decision can be viewed as both business and legal evaluations, the business aspects of the decision are not protected simply because legal considerations are also involved.

*Complex Sys. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011).

*Wellpoint Health Networks, Inc. v. Super. Ct.*, 59 Cal. App. 4th, 110, 122 (1997), relied on by Judge James, makes clear that the dominant purpose of particular communications – as well as of the relationship – is determinative where attorneys function in the dual roles of business and legal advisers.  "[E]ven though an attorney is hired to conduct business affairs, he or she may be called on to give legal advice during the course of the representation, and documents related to those

---

[2]  As this Court has previously held, both New York and California law apply to aspects of this case because plaintiffs have substantive claims arising under both California and New York law. Dkt. 130; *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, 2011 U.S. Dist. LEXIS 82706, *10 (N.D. Cal. Nov. 3. 2011) (in diversity case, "privileges are determined under the state law that otherwise governs decision of the case"). *Ridenhour v. UMG Recordings, Inc.*, No. 11-cv-5321 (SK) (DKT No. 24).

1 communications should be protected." *Id.*; *see also Montebello Rose Co. v. Agricultural Labor Relations Bd.*, 119 Cal. App. 3d 1, 32 (1981) (focus is on "the dominant purpose of the particular communication"). Just as communications giving legal advice are protected, communications concerning business decisions provided by the same employee are not. To hold otherwise would "plac[e] a premium upon use of attorneys as business agents" to invoke the privilege. *Wellpoint*, 59 Cal. App. 4th at 122.

UMGR has not met its burden to show that these communications concerned legal issues, and its own witnesses implied the opposite as they struggled to avoid an admission.

---

[3] Judge James accepted UMGR's challenges to this testimony, although they had little merit. As to Hoffman, Judge James noted that only 13 of the disputed documents involved him, but she did not order production even of those 13; nor did she acknowledge that UMGR introduced no evidence concerning the legal nature of the other 210 documents at issue, or the other BLA employees, at issue. She discounted Kenswil's testimony by adopting UMGR's assertions that Kenswil was talking about 12998, not 2002, but his testimony was not so limited and there is no evidence that BLA stopped hiring predominantly lawyers in that four-year period. Moreover, his testimony about the analysis leading to the Ostroff Memo was clearly directed to 2002.

Such equivocal testimony from UMGR top personnel leads to an inference supporting plaintiffs' case.

Judge James cites *In re 3dfx Interactive, Inc.*, 347 B.R. 394 (N.D. Cal. Bankr. 2006), but *3dfx* does not authorize reliance solely on a privilege log.  To the contrary, the *3dfx* court  relied on deposition testimony by corporate officers supporting the assertion of privilege.

Here, UMGR failed to meet its burden despite being fully aware that plaintiffs disputed the legal nature of these communications.  *Cf. Wellpoint*, 59 Cal. App. 4th at 123 (party asserting privilege not at fault for not providing evidence of legal nature of relationship where underlying facts were never in dispute).  UMGR should be ordered to produce the 223 documents in dispute.

Alternatively, if the Court wishes to make a document-by-document review , it may order UMGR to submit the documents for *in camera* review, or UMGR may voluntarily submit them to buttress its argument that they are privileged.[4]  Given the case's age and the desire to move forward on class certification, and the likelihood of a challenge to the Magistrate Judge's rulings after *in camera* review, whatever the outcome, plaintiffs respectfully request that any *in camera* review deemed necessary done by the District Judge.

Finally, narrower grounds were offered in plaintiffs' letter-brief for release of certain documents.  Should the Court not accept the broader view, it should consider these points.

Documents concerning public relations and artist relations should be produced (*e.g.*, Nos. 205 and 314).  No attorney is listed as either the author or addressee of document 64, which was merely copied to an employee with a law degree.

---

[4]   *In camera* review of purportedly privileged materials may be ordered under New York law and, under California law, can be conducted with UMGR's consent. *Optic Plus Enters., Ltd. v. Bausch & Lomb Inc.*, 37 A.D.3d 1185, 1186; *Wellpoint*, 59 Cal. App. 4th at 121.

[REDACTED] MOTION FOR RELIEF FROM NON-DISPOSITIVE RULING BY MAGISTRATE
JUDGE - CV-11-1613 (SI)                                                                                                      - 5 -

| | | |
|---|---|---|
| 1 | DATED:  February 24, 2014 | LEONARD B. SIMON<br>LAW OFFICES OF LEONARD B. SIMON P.C. |
| 2 | | |
| 3 | | |
| 4 | | /s LEONARD B. SIMON<br>LEONARD B. SIMON |
| 5 | | 655 West Broadway, Suite 1900<br>San Diego, CA  92101 |
| 6 | | Telephone:  619-338-4549<br>Facsimile:  619-231-7423 |
| 7 | | *Chair of Lead Class Counsel Group for Plaintiffs* |
| 8 | | |
| 9 | David M. Given<br>Nicholas A. Carlin | Michael W. Sobol<br>Eric B. Fastiff |
| 10 | Alexander Tuzin<br>PHILLIPS, ERLEWINE & GIVEN LLP | Roger N. Heller<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 11 | 50 California Street, 35th Floor<br>San Francisco, CA  94111 | 275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3336 |
| 12 | Telephone:  415-398-0900<br>Facsimile:  415-398-0911 | Telephone:  415-956-1000<br>Facsimile:  415-956-1008 |
| 13 | *Co-Lead Class Counsel for Plaintiffs* | *Co-Lead Class Counsel for Plaintiffs* |
| 14 | Bruce L. Simon<br>Clifford H. Pearson | Michael Lehmann<br>HAUSFELD LLP |
| 15 | Daniel L. Warshaw<br>William J. Newsom | 44 Montgomery Street, Suite 3400<br>San Francisco, CA  94104 |
| 16 | PEARSON, SIMON, WARSHAW & PENNY LLP<br>15165 Ventura Boulevard, Suite 400 | Telephone:  415-633-1908<br>Facsimile:  415-358-4980 |
| 17 | Sherman Oaks, CA  91403<br>Telephone:  818-788-8300 | *Co-Lead Class Counsel for Plaintiffs* |
| 18 | Facsimile:  818-788-8104 | |
| 19 | *Co-Lead Class Counsel for Plaintiffs* | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24. 2014, I authorized the electronic filing of the foregoing **[REDACTED] MOTION FOR RELIEF FROM NON-DISPOSITIVE RULING BY MAGISTRATE JUDGE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 24, 2014.

　s/ LEONARD B. SIMON
LEONARD B. SIMON

THE LAW OFFICES OF LEONARD B. SIMON P.C.
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/338-4549
Fax:  619/231-7423
E-mail:  lsimon@rgrdlaw.com

## Mailing Information for a Case  3:11-cv-01613-SI James v. UMG Recordings, Inc.

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Arthur Nash Bailey , Jr**
  abailey@hausfeldllp.com,celder@hausfeldllp.com

- **Raymond Paul Boucher**
  boucher@kbla.com,smendoza@kbla.com,sharo@kbla.com

- **Elliot Perry Cahn**
  cahnman@aol.com

- **Robyn C. Callahan**
  rcc@phillaw.com,rac@phillaw.com

- **Nicholas A. Carlin**
  nac@phillaw.com,rac@phillaw.com

- **Bryan L. Clobes**
  bclobes@caffertyclobes.com,docketclerk@caffertyclobes.com,ktucker@caffertyclobes.com

- **Eric B. Fastiff**
  efastiff@lchb.com,btroxel@lchb.com

- **David M. Given**
  dmg@phillaw.com,ala@phillaw.com,rac@phillaw.com

- **Jeffrey D. Goldman**
  jgoldman@jmbm.com,mastercalendar@jmbm.com,RMauck@jmbm.com,BYates@jmbm.com,rf2@jmbm.com

- **Cecilia Han**
  chan@lchb.com

- **Michael D. Hausfeld**
  mhausfeld@hausfeldllp.com

- **Roger Norton Heller**
  rheller@lchb.com,mgordon@lchb.com

- **Douglas Lowell Johnson**
  njohnson@jjllplaw.com

- **Neville L. Johnson**
  njohnson@jjllplaw.com,nkazalbasch@jjllplaw.com,nkurtz@jjllplaw.com

- **Jeffrey Alan Koncius**
  koncius@kbla.com,jmendez@kbla.com,jsalgueiro@kbla.com,narutunyan@kbla.com

- **Michael Paul Lehmann**
  mlehmann@hausfeldllp.com

- **Ryan Scott Mauck**
  rmauck@jmbm.com

- **William James Newsom**
  wnewsom@pswlaw.com,yberry@pswlaw.com

- **Clifford H. Pearson**
  cpearson@pswlaw.com

- **James J. Pizzirusso**
  jpizzirusso@hausfeldllp.com,kryan@hausfeldllp.com

- **Glenn Douglas Pomerantz**
  glenn.pomerantz@mto.com,cherryl.tillotson@mto.com

- **R. Alexander Saveri**
  rick@saveri.com

- **Melissa Conwell Shapiro**
  mshapiro@saveri.com

- **Aaron M. Sheanin**
  asheanin@pswlaw.com,yberry@pswlaw.com

- **Bruce L. Simon**
  bsimon@pswlaw.com

- **Bruce Lee Simon**
  bsimon@pswlaw.com,mpearson@pswlaw.com,cpearson@pswlaw.com,dwarshaw@pswlaw.com,wnewsom@pswlaw.com,yberry@pswlaw.com,tboardman@pswlaw.com,mwill

- **Leonard B. Simon**
  lens@rgrdlaw.com,terreed@rgrdlaw.com

- **Michael W. Sobol**
  msobol@lchb.com,nreynolds@lchb.com,mgordon@lchb.com,jrudnick@lchb.com

- **Michael W. Sobol**
  msobol@lchb.com

- **Nicole Diane Sugnet**
  nsugnet@lchb.com

- **Alexander Hilary Tuzin**
  aht@phillaw.com,rac@phillaw.com

- **Daniel L. Warshaw**
  dwarshaw@pswlaw.com,mwilliams@pswlaw.com,egrant@pswlaw.com

- **Bruce J. Wecker**
  bwecker@hausfeldllp.com

- **Kara M Wolke**
  kwolke@glancylaw.com

- **Brian Meredith Yates**
  byates@jmbm.com

- **Cadio R. Zirpoli**
  zirpoli@saveri.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
James              Timothy Ryan
Johnson & Rishwain LLP
439 N Canon Dr #200
Beverly Hills, CA 90210
```