1   LEONARD B. SIMON (State Bar No. 58310)
    LAW OFFICES OF LEONARD B. SIMON P.C.
2   655 West Broadway, Suite 1900
    San Diego, CA  92101
3   Telephone:  619-338-4549
    Facsimile:  619-231-7423
4   lsimon@rgrdlaw.com

5   [Additional Counsel Appear on Signature Page]

6   *Attorneys for Plaintiff and the Putative Class*

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO COURTHOUSE

11

12   RICK JAMES, by and through THE JAMES ) Case No. CV-11-1613 (SI)
     AMBROSE JOHNSON, JR., 1999 TRUST,    )
13   his successor in interest, individually and on ) MOTION FOR RELIEF FROM NON-
     behalf of all others similarly situated, *et al.,* ) DISPOSITIVE RULING BY MAGISTRATE
14                                          ) JUDGE
                            Plaintiffs,     )
15                                          )
     vs.                                    )
16                                          )
     UMG RECORDINGS, INC., a Delaware       )
17   corporation,                           )
                                            )
18                          Defendants.     )
     _____)
19                                          )
     AND RELATED ACTIONS                    )
20   _____)

21

22

23

24

25

26

27

28

## I.      INTRODUCTION AND FACTS

Pursuant to Local Rule 72-2, plaintiffs hereby seek relief from the February 10, 2014 Order of Magistrate Judge James rejecting their challenge to UMGR's designation of 223 documents[1] as privileged.  Judge James erred by: (a) accepting factual assertions made by UMGR's counsel without proof, in the face of contrary sworn testimony of UMGR personnel; and (b) misapplying the attorney-client privilege doctrine to documents written or received by attorneys employed by UMGR as businessmen and women, not legal counsel.

None of the documents at issue involve outside counsel or persons employed in a non-existent "Legal Department" of UMGR.  Rather, the documents emanate from UMGR's Business and Legal Affairs ("BLA") department, a corporate business function that during the relevant period employed lawyers to make most of its business decisions.  Larry Kenswil, a top executive at UMGR during the relevant period and previously the head of BLA admitted that the "bulk" of work done by these BLA lawyers was, in fact, business, and that many UMGR employees refer to BLA as "Business Affairs.  Kenswil Dep. at 23 (deposition excerpts attached as Ex. B).  Judge James, with no evidence to the contrary before her, ruled in a manner starkly inconsistent with these key facts.

Indeed, though Judge James accepted UMGR's labeling of Michael Ostroff as General Counsel (Feb. 10, 2014 Order at 3), Kenswil testified that Ostroff succeeded him as head of BLA but that "he may have taken the title general counsel, I'm not sure."  Kenswil Dep. at 52.

The dispute principally involves documents relating to the crucial "Ostroff Memo" in 2002 (attached as Ex. C), announcing how UMGR would pay artists for digital downloads, irrespective of the terms of their contracts.  BLA employees wrote and received hundreds of communications about this issue –how to explain and "sell" it to artists, how to explain it to the public – but UMGR has withheld these documents.  (Plaintiffs had the Ostroff Memo itself when they filed suit, but has none of the surrounding or preceding evidence regarding this crucial event, which is highly material to their claims under the UCL and the covenant of good faith and fair dealing.)

---

[1]     UMGR's privilege log is attached as Exhibit A.  This motion pertains to items numbered 61-65, 75-80, 83-112, 114-128, 131-178, 180-240, 254-293, 300-314, 316-317, and 337.

MOTION FOR RELIEF FROM NON-DISPOSITIVE RULING BY MAGISTRATE JUDGE -
CV-11-1613 (SI)                                                                                              - 1 -

1    Despite testimony that BLA employees were most often engaged in business, not law, Judge

2    James accepted the unsworn, self-serving characterizations in UMGR's privilege log (Ex. A), as

3    determinative evidence of privilege.  Not only did she credit the wrong "evidence," if a log is

4    "evidence" at all, but she accepted an inconceivable state of facts – a large corporation making a

5    crucial business decision without creating any "business" documents, only "legal" ones.  Given

6    testimony that BLA personnel were doing business, not law, the error becomes more patent.  We

7    note that the President, the Governor, and the Commissioner of the NBA all have law degrees, but

8    none is providing legal counsel at present.

9    It defies imagination and experience that UMGR could have more than 370 documents

10   reflecting legal advice, but essentially no non-privileged documents generated by businessmen and

11   women acting as such.  UMGR's privilege log descriptions ignore this distinction, and it was error to

12   rely on them in the face of contrary sworn evidence.

13   Judge James also failed to consider the crucial evidence that the policy reflected in the

14   Ostroff Memo was an across-the-board, extra-contractual decision that UMGR has characterized as a

15   show of "generosity" to artists (by supposedly paying higher royalties than deserved, ***regardless of***

16   ***what their individual contracts may have said***).  *See* Ex. C (policy was "artist-friendly"); Kenswil

17   Dep. at 158-59 (UMGR was "[p]aying more money . . . [t]han we would have otherwise").

18   Choosing to pay artists more than they are purportedly owed is a business, not a legal, decision.

19   **II.    ARGUMENT**

20   As noted above, the documents in question involve neither outside counsel nor typical "in

21   house counsel" working in a legal department.  Rather, they involve BLA employees with law

22   degrees pursuing a business career in the music industry.  Even if these employees worked in a

23   "Legal Department," which they did not, privilege claims involving attorneys who are employees are

24   given "heightened scrutiny."  *Devlyne v. Lassen Mun. Util. Dist.*, 2011 U.S. Dist. LEXIS 119173, *7

25   (E.D. Cal. Oct. 14, 2011); *accord Rossi v. Blue Cross & Blue Shield*, 73 N.Y.2d 588, 592-94

26

27

28

1    (1989).[2]   The party asserting the privilege bears the burden of demonstrating that the "dominant

2    purpose of the relationship" between the parties to the communication was attorney-client.  *Costco*

3    *Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 739-40 (2009); *accord Optic Plus Enters., Ltd. v.*

4    *Bausch & Lomb Inc.*, 37 A.D. 3d 1185, 1186 (N.Y. App. 2007).  This principle should apply even

5    more strongly where the lawyer is working in a business position, not the legal department.  UMGR

6    did not meet its burden merely by characterizing hundreds of documents on a log as relating to "legal

7    advice" or "reflecting the impressions, conclusions and opinions" of BLA attorneys.

8         First, such characterizations are not evidence and do not meet any burden.  Second, in several

9    respects they were rebutted by sworn testimony from UMGR personnel.  For instance, Judge James

10   accepted UMGR's counsel's assertion that the "dominant purpose" of the relationship between

11   UMGR and 22 of the 24 attorneys on the log was legal, rather than Kenswil's testimony that the

12   "bulk" of the work done by BLA employees was in a business, not legal, capacity.  Kenswil Dep. at

13   23.  Judge James' conclusion also defies reality, as a "***Business*** and Legal Affairs" department

14   comprised almost exclusively of lawyers must do extensive business through those lawyers.  It is

15   more likely that 2, rather than 22, of the 24 lawyers were involved primarily in legal issues.

16
     Communications that principally involve the performance of non-legal functions by
17   an attorney are not protected. . . . [E]ven if a business decision can be viewed as both
     business and legal evaluations, the business aspects of the decision are not protected
18   simply because legal considerations are also involved.

19   *Complex Sys. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011).

20        *Wellpoint Health Networks, Inc. v. Super. Ct.*, 59 Cal. App. 4th, 110, 122 (1997), relied on by

21   Judge James, makes clear that the dominant purpose of particular communications – as well as of the

22   relationship – is determinative where attorneys function in the dual roles of business and legal

23   advisers.  "[E]ven though an attorney is hired to conduct business affairs, he or she may be called on

24   to give legal advice during the course of the representation, and documents related to those

25   ─────────────────
     [2]   As this Court has previously held, both New York and California law apply to aspects of this
26   case because plaintiffs have substantive claims arising under both California and New York law.
     Dkt. 130; *In re Chase Bank USA, N.A. "Check Loan" Contract Litig.*, 2011 U.S. Dist. LEXIS 82706,
27   *10 (N.D. Cal. Nov. 3. 2011) (in diversity case, "privileges are determined under the state law that
     otherwise governs decision of the case").  *Ridenhour v. UMG Recordings, Inc.*, No. 11-cv-5321 (SK)
28   (DKT No. 24).

     MOTION FOR RELIEF FROM NON-DISPOSITIVE RULING BY MAGISTRATE JUDGE -
     CV-11-1613 (SI)                                                                    - 3 -

communications should be protected."  *Id.*; *see also Montebello Rose Co. v. Agricultural Labor Relations Bd.*, 119 Cal. App. 3d 1, 32 (1981) (focus is on "the dominant purpose of the particular communication").  Just as communications giving legal advice are protected, communications concerning business decisions provided by the same employee are not.  To hold otherwise would "plac[e] a premium upon use of attorneys as business agents" to invoke the privilege. *Wellpoint*, 59 Cal. App. 4th at 122.

UMGR has not met its burden to show that these communications concerned legal issues, and its own witnesses implied the opposite as they struggled to avoid an admission.  For instance, Rand Hoffman testified that while he sometimes gave "pure business advice" concerning payment of artists, he wasn't "comfortable characterizing [the advice he gave Ostroff concerning digital downloads at the relevant time] as legal or business or neither or both."  Hoffman Dep. at 64-65 (Ex. B); *see also id.* at 72.[3]  Similarly, Kenswil testified:

> Q:    I take it you would agree with me that [in the Ostroff Memo] Mr. Ostroff is, uh, making at least some business determinations here rather than legal determinations, wouldn't you?
>
> A:    I, I've never thought about it. . . .
>
> Q:    Now a decision by a business to pay a counter-party more than required under their contracts, you wouldn't call a legal decision, would you?
>
> A:    I think that sentence could be interpreted either way.  I don't know enough about, you know, the, the intricacies of, you know, the law of legal communications to answer that question.
>
>                                *       *       *
>
> Q:    The decision to pay artists more than Universal thought they were entitled to under the contract is a business decision, isn't it?
>
> A:    All I can say it's a decision by a business.  If that makes it a business decision, that's, I don't know.

---

[3]    Judge James accepted UMGR's challenges to this testimony, although they had little merit.  As to Hoffman, Judge James noted that only 13 of the disputed documents involved him, but she did not order production even of those 13; nor did she acknowledge that UMGR introduced no evidence concerning the legal nature of the other 210 documents at issue, or the other BLA employees, at issue.  She discounted Kenswil's testimony by adopting UMGR's assertions that Kenswil was talking about 12998, not 2002, but his testimony was not so limited and there is no evidence that BLA stopped hiring predominantly lawyers in that four-year period.  Moreover, his testimony about the analysis leading to the Ostroff Memo was clearly directed to 2002.

1    Kenswil Dep.at 109-113 (colloquoy omitted); *see also id*. at 114, 158.  Such equivocal testimony

2    from UMGR top personnel leads to an inference supporting plaintiffs' case.

3            Judge James cites *In re 3dfx Interactive, Inc.*, 347 B.R. 394 (N.D. Cal. Bankr. 2006), but *3dfx*

4    does not authorize reliance solely on a privilege log.  To the contrary, the *3dfx* court  relied on

5    deposition testimony by corporate officers supporting the assertion of privilege.

6            Here, UMGR failed to meet its burden despite being fully aware that plaintiffs disputed the

7    legal nature of these communications.  *Cf. Wellpoint*, 59 Cal. App. 4th at 123 (party asserting

8    privilege not at fault for not providing evidence of legal nature of relationship where underlying facts

9    were never in dispute).  UMGR should be ordered to produce the 223 documents in dispute.

10            Alternatively, if the Court wishes to make a document-by-document review , it may order

11    UMGR to submit the documents for *in camera* review, or UMGR may voluntarily submit them to

12    buttress its argument that they are privileged.[4]  Given the case's age and the desire to move forward

13    on class certification, and the likelihood of a challenge to the Magistrate Judge's rulings after *in*

14    *camera* review, whatever the outcome, plaintiffs respectfully request that any *in camera* review

15    deemed necessary done by the District Judge.

16            Finally, narrower grounds were offered in plaintiffs' letter-brief for release of certain

17    documents.  Should the Court not accept the broader view, it should consider these points.  Evidence

18    shows that David Benjamin (identified on the privilege log as "in-house counsel") was not employed

19    in a legal capacity (Kenswil Dep. at 185) – yet he is the sole attorney on several documents (*e.g.*,

20    Nos. 186-88, 191-93, 196, 198).  Documents concerning public relations and artist relations should

21    be produced (*e.g.*, Nos. 205 and 314).  No attorney is listed as either the author or addressee of

22    document 64, which was merely copied to an employee with a law degree.

23

24

25

26    _____

27    [4]   *In camera* review of purportedly privileged materials may be ordered under New York law and,
      under California law, can be conducted with UMGR's consent. *Optic Plus Enters., Ltd. v. Bausch &*
28    *Lomb Inc.*, 37 A.D.3d 1185, 1186; *Wellpoint*, 59 Cal. App. 4th at 121.

1  DATED:  February 24, 2014                    LEONARD B. SIMON
                                                LAW OFFICES OF LEONARD B. SIMON P.C.
2

3
                                                _____
4                                                     s/ LEONARD B. SIMON
                                                     LEONARD B. SIMON
5
                                                655 West Broadway, Suite 1900
6                                               San Diego, CA  92101
                                                Telephone:  619-338-4549
7                                               Facsimile:  619-231-7423

8                                               *Chair of Lead Class Counsel Group for Plaintiffs*

9  David M. Given                               Michael W. Sobol
   Nicholas A. Carlin                           Eric B. Fastiff
10 Alexander Tuzin                              Roger N. Heller
   PHILLIPS, ERLEWINE & GIVEN LLP               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
11 50 California Street, 35th Floor             275 Battery Street, 29th Floor
   San Francisco, CA  94111                     San Francisco, CA 94111-3336
12 Telephone:  415-398-0900                     Telephone:  415-956-1000
   Facsimile:  415-398-0911                     Facsimile:  415-956-1008
13
   *Co-Lead Class Counsel for Plaintiffs*        *Co-Lead Class Counsel for Plaintiffs*
14
   Bruce L. Simon                               Michael Lehmann
15 Clifford H. Pearson                          HAUSFELD LLP
   Daniel L. Warshaw                            44 Montgomery Street, Suite 3400
16 William J. Newsom                            San Francisco, CA  94104
   PEARSON, SIMON, WARSHAW & PENNY LLP          Telephone:  415-633-1908
17 15165 Ventura Boulevard, Suite 400           Facsimile:  415-358-4980
   Sherman Oaks, CA  91403
18 Telephone:  818-788-8300                     *Co-Lead Class Counsel for Plaintiffs*
   Facsimile:  818-788-8104
19
   *Co-Lead Class Counsel for Plaintiffs*
20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on February 24, 2014, I authorized the electronic filing of the foregoing

3  **MOTION FOR RELIEF FROM NON-DISPOSITIVE RULING BY MAGISTRATE JUDGE**

4  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

5  the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

6  caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

7  CM/ECF participants indicated on the attached Manual Notice List.

8      I certify under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct.  Executed on February 24, 2014.

10                             s/ LEONARD B. SIMON
                              LEONARD B. SIMON

11

12                             THE LAW OFFICES OF LEONARD B. SIMON P.C.
                              655 West Broadway, Suite 1900

13                             San Diego, CA  92101-3301
                              Telephone:  619/338-4549

14                             Fax:  619/231-7423
                              E-mail:  lsimon@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM NON-DISPOSITIVE RULING BY MAGISTRATE JUDGE -
CV-11-1613 (SI)                                                        - 7 -

## Mailing Information for a Case  3:11-cv-01613-SI James v. UMG Recordings, Inc.

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Arthur Nash Bailey , Jr**
  abailey@hausfeldllp.com,celder@hausfeldllp.com

- **Raymond Paul Boucher**
  boucher@kbla.com,smendoza@kbla.com,sharo@kbla.com

- **Elliot Perry Cahn**
  cahnman@aol.com

- **Robyn C. Callahan**
  rcc@phillaw.com,rac@phillaw.com

- **Nicholas A. Carlin**
  nac@phillaw.com,rac@phillaw.com

- **Bryan L. Clobes**
  bclobes@caffertyclobes.com,docketclerk@caffertyclobes.com,ktucker@caffertyclobes.com

- **Eric B. Fastiff**
  efastiff@lchb.com,btroxel@lchb.com

- **David M. Given**
  dmg@phillaw.com,ala@phillaw.com,rac@phillaw.com

- **Jeffrey D. Goldman**
  jgoldman@jmbm.com,mastercalendar@jmbm.com,RMauck@jmbm.com,BYates@jmbm.com,rf2@jmbm.com

- **Cecilia Han**
  chan@lchb.com

- **Michael D. Hausfeld**
  mhausfeld@hausfeldllp.com

- **Roger Norton Heller**
  rheller@lchb.com,mgordon@lchb.com

- **Douglas Lowell Johnson**
  njohnson@jjllplaw.com

- **Neville L. Johnson**
  njohnson@jjllplaw.com,nkazalbasch@jjllplaw.com,nkurtz@jjllplaw.com

- **Jeffrey Alan Koncius**
  koncius@kbla.com,jmendez@kbla.com,jsalgueiro@kbla.com,narutunyan@kbla.com

- **Michael Paul Lehmann**
  mlehmann@hausfeldllp.com

- **Ryan Scott Mauck**
  rmauck@jmbm.com

- **William James Newsom**
  wnewsom@pswlaw.com,yberry@pswlaw.com

- **Clifford H. Pearson**
  cpearson@pswlaw.com

- **James J. Pizzirusso**
  jpizzirusso@hausfeldllp.com,kryan@hausfeldllp.com

- **Glenn Douglas Pomerantz**
  glenn.pomerantz@mto.com,cherryl.tillotson@mto.com

- **R. Alexander Saveri**
  rick@saveri.com

- **Melissa Conwell Shapiro**
  mshapiro@saveri.com

- **Aaron M. Sheanin**
  asheanin@pswlaw.com,yberry@pswlaw.com

- **Bruce L. Simon**
  bsimon@pswlaw.com

- **Bruce Lee Simon**
  bsimon@pswlaw.com,mpearson@pswlaw.com,cpearson@pswlaw.com,dwarshaw@pswlaw.com,wnewsom@pswlaw.com,yberry@pswlaw.com,tboardman@pswlaw.com,mwill

- **Leonard B. Simon**
  lens@rgrdlaw.com,terreed@rgrdlaw.com

- **Michael W. Sobol**
  msobol@lchb.com,nreynolds@lchb.com,mgordon@lchb.com,jrudnick@lchb.com

- **Michael W. Sobol**
  msobol@lchb.com

- **Nicole Diane Sugnet**
  nsugnet@lchb.com

- **Alexander Hilary Tuzin**
  aht@phillaw.com,rac@phillaw.com

- **Daniel L. Warshaw**
  dwarshaw@pswlaw.com,mwilliams@pswlaw.com,egrant@pswlaw.com

- **Bruce J. Wecker**
  bwecker@hausfeldllp.com

- **Kara M Wolke**
  kwolke@glancylaw.com

- **Brian Meredith Yates**
  byates@jmbm.com

- **Cadio R. Zirpoli**
  zirpoli@saveri.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
James               Timothy Ryan
Johnson & Rishwain LLP
439 N Canon Dr #200
Beverly Hills, CA 90210
```