UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, et al., <br>     Plaintiffs, <br>   v. <br> UMG RECORDINGS, INC., <br>     Defendant. | Case No. 11-cv-01613-SI   (MEJ) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 190 |

On March 7, 2014, the parties filed a joint letter regarding a dispute over UMGR's obligation to produce ESI. Jt. Ltr., Dkt. No. 190. The parties have reached an agreement narrowing Plaintiffs' ESI request to manually query fifteen new custodians, but Plaintiffs disagree with UMGR's proposed plan for retrieving and analyzing the ESI because it arbitrarily restricts the number of results UMGR will review, or Plaintiffs' ability to propound further queries. *Id*. at 1-2.

Specifically, UMGR agreed to run all of Plaintiffs' keyword searches for the time period requested, but seeks to impose two conditions: (1) an upper limit of 15,000 non-identical, potentially responsive emails to be manually reviewed, the parties to meet and confer to narrow the search parameters if the search yields records in excess of this number; and (2) agreement on a specific standard that Plaintiffs must satisfy in order to have the right to obtain additional searches; additional searches allowed if a search reveals a unique descriptor for digital downloads that they could not have reasonably anticipated. *Id*. at 4.

Plaintiffs disagree with UMGR's proposal in two areas: (1) whether it is reasonable to require Plaintiffs to agree to a cap of 15,000 emails returned without providing the number of responsive emails that actually exist; and (2) if the number of "hits" exceeds the agreed-upon cap, whether Plaintiffs ability to modify the search should be limited, as UMGR will not allow any

modifications to the search parameters other than the previously stated exception for unique terms. *Id*. at 2 and 3, fn 3.

To remedy these concerns, Plaintiffs propose that after UMGR runs Plaintiffs' search terms against the new custodians, UMGR must then disclose: (a) whether ESI exists for each custodian; (b) if ESI exists, how many documents it includes in total; and (c) the number of documents captured by Plaintiffs' search terms. *Id*. at 3. If, after running a search using Plaintiff's proposed search terms, UMGR believes that the burden of reviewing and producing the ESI outweighs the benefit it will provide, the parties will meet and confer in good faith to discuss ways to modify (though not necessarily narrow) the search. *Id*. at 3.

The Court finds that UMGR's cap of 15,000 emails per search is reasonable in light of the fact that UMGR claims it has already logged substantially all of the responsive email on the adoption of its digital download policy in 2002. *Id*. at 4. Accordingly, the burden of reviewing more than 15,000 emails to confirm Plaintiffs' speculation that numerous additional documents on this subject exist is great. For this reason, the Court declines to order UMGR to accept Plaintiffs' proposal. UMGR's current plan to allow Plaintiffs to meet and confer to more narrowly craft the search parameters in the event that the searches locate more than 15,000 results is an appropriate use of the iterative method for ESI searches. UMGR's plan sets reasonable limits on the search process, which will enable Plaintiffs to discover relevant ESI, while engaging in a process that has a logical termination point. For the foregoing reasons, Plaintiffs' request to compel UMGR to adopt its discovery proposal is DENIED.

**IT IS SO ORDERED.**

Dated: March 17, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge