UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UMG RECORDINGS, INC.,<br><br>　　　　　Defendant. | Case No. 11-cv-01613-SI   (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 197 |

# INTRODUCTION

On March 24, 2014, the parties filed a joint letter regarding a dispute over outstanding issues regarding UMGR's interrogatories and requests for admissions ("RFA"). Jt. Ltr., Dkt. No. 197. UMGR first seeks an order compelling Plaintiffs to provide a further response to Interrogatory No. 29 in compliance with the Court's August 29, 2013 Order (Dkt. No. 168). *Id*. UMGR then seeks an order compelling Plaintiff Dave Mason ("Mason") to respond to UMGR's RFA Nos. 95-105 and 116-126. *Id*.

# DISCUSSION

**A. Interrogatory No. 29**

This interrogatory asks, "For each agreement alleged in the [Consolidated Amended Complaint ("CAC")]: (a) state each part of the agreement not in writing, and the date that part of the agreement was made; (b) state each modification not in writing, and the date the modification

was made; (c) state who participated in the communications or conduct that created each modification not in writing; and (d) identify all DOCUMENTS that evidence each modification of the agreement not in writing and for each state the name, address, and telephone number of each person or entity who has the DOCUMENT." *Id*. at 1. UMGR contends that Plaintiffs' response to this interrogatory is evasive because it fails to identify any actual modifications, in accordance with the legal meaning of that term. *Id*. Instead, UMGR argues, Plaintiffs have provided an evasive response from which it cannot be discerned whether Plaintiffs contend the contracts have, or have not, been modified by the 2002 Ostroff Memo. *Id*. Plaintiffs argue that their response is sufficient, and that UMGR's attempt to force them to provide their contentions regarding the legal effect of the modifications set forth in their response is outside the scope of the original interrogatory. *Id*. at 3. The Court agrees. UMGR has asked Plaintiffs to identify each modification, and they have done so. UMGR's request to compel further responses to this interrogatory is therefore DENIED.

**A. Requests for Admissions**

RFA Nos. 95-105 ask Mason to admit that "MUSIC DOWNLOAD PROVIDERS" are "direct sales to consumer operations" within the meaning of various absent class members' contracts. Ex. B to Jt. Ltr., at 7-15. RFA Nos. 116-126 seek the same admissions with respect to "RINGTONE PROVIDERS." *Id*. at 20-28. UMGR contends that these RFAs are relevant and probative of Mason's claim that he is a proper class representative because each of these contracts provide for a reduced royalty rate for "direct sales to consumer operations," indicating that these eleven putative class members would actually be harmed by their inclusion in the class. Jt. Ltr. at 3-4. UMGR further contends that these RFAs are proper based on this Court's prior discovery order compelling one plaintiff to respond to RFAs concerning its understanding of the terms of its own contract[1]. *Id*. at 3. UMGR also argues that Mason's response that he "lacks sufficient

---

[1] UMGR's attempt to expand the holding of this Court's prior discovery order to support its position is misplaced. That order required Plaintiff Whitesnake to respond to RFAs concerning its interpretation of the meaning of terms in its own contract, and did not broadly hold that UMGR could seek admissions regarding Plaintiffs' interpretations of absent class members' contracts. Dkt. No. 171.

2

1  information" does not comply with Federal Rule of Civil Procedure 36(a) because the information
2  is readily obtainable from Mason's attorneys. *Id*. at 3.
3       Plaintiffs respond that these RFAs are improper in that they require Mason to review and
4  interpret the meaning of terms as they appear in contracts to which Mason is not a party,
5  regardless of whether or not his attorneys have themselves performed such a review. *Id*. at 4.
6  Mason has already testified at deposition that he had "no knowledge of the contents or proper
7  interpretation of any other artist's agreement with UMGR," and did not know whether UMGR
8  used form contracts. *Id*. (citing Mason Dep. at 85-92, 152). Plaintiffs also argue that these RFAs
9  essentially seek unnecessary discovery from absent class members in order to determine whether
10 Mason is an adequate class representative. *Id*. (citing *Mehl v. Canadian Pac. Ry.*, 216 F.R.D. 627,
11 631 (D.N.D. 2003). The Court agrees with Plaintiffs. While UMGR may seek Mason's own
12 interpretation of the meaning of terms that appear in his contract, RFA asking Mason to interpret
13 the meaning of terms appearing in the contracts of absent class members is improper.
14 Accordingly, UMGR's request to compel responses to these interrogatories is DENIED.
15 **IT IS SO ORDERED.**

17 Dated: April 11, 2014

                                                  MARIA-ELENA JAMES
                                                  United States Magistrate Judge