

# JMBM | Jeffer Mangels Butler & Mitchell LLP

Jeffrey D. Goldman
Direct: (310) 785-5386
Fax: (866) 297-8774
JGoldman@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080   (310) 203-0567 Fax
www.jmbm.com

June 2, 2014

**VIA ELECTRONIC CASE FILING**

The Honorable Susan Illston
United States District Court
Northern District of California

Re:   *James v. UMG Recordings, Inc.*, Case No. CV 11-1613 SI (N.D. Cal.)

Dear Judge Illston:

UMGR opposes Plaintiffs' request to reschedule and delay UMGR's summary judgment motions. As a threshold matter, Plaintiffs have not complied with the requirements of Local Rule 6-3 (governing motions to change time), including the declaration Rule 6-3 requires. Most importantly, Plaintiffs have not established "substantial harm or prejudice that would occur if the Court did not change the time" of UMGR's motions. Specifically:

(1)   Plaintiffs have mischaracterized the Court's directive at the February 28 Case Management Conference ("CMC"), and UMGR's narrowly focused motions provide no basis for the Court to reconsider its view;

(2)   Plaintiffs have an abundance of resources available to timely oppose UMGR's motions;

(3)   Plaintiffs' unexplained delay in seeking relief undermines any claim of "substantial harm or prejudice";

(4)   Plaintiffs' arguments that they may not contest some issues and others may overlap with their class certification brief only militate in favor of adhering to the current, normal schedule and avoiding further delay;

(5)   Plaintiffs' alternative proposal to continue the summary judgment briefing for four weeks would only risk creating the overlap and redundancy Plaintiffs claim they want to avoid; and

(6)   At a minimum, Plaintiffs' request should not be considered, if at all, until the summary judgment motions are fully briefed.

The Honorable Susan Illston
Page 2

1.   **Plaintiffs mischaracterize the Court's ruling at the CMC.**

UMGR and Plaintiffs have diametrically different recollections of the unreported February 28 CMC. The Court clearly rejected Plaintiffs' argument in the CMC Statement and at the CMC to prohibit summary judgment motions until after class certification. It did not leave the issue "open," as Plaintiffs assert, but specifically permitted UMGR to file such motions. While the Court obviously did not commit to ruling on any particular, as-yet-unfiled summary judgment motion -- no one disputes the Court controls its own calendar and can sequence pending and upcoming motions in any way it sees fit – the Court's directive was simply that UMGR not file an inordinate number of motions (the Court said it did not want to see "five motions") and that the motions appear directed to simplifying, not complicating, the Court's class certification analysis. UMGR has abided by this directive. It considered filing motions directed to every Plaintiff's contract(s), and could have done so, but chose to file motions sparingly and only on very targeted issues. These narrow motions provide no justification for the Court to reconsider its position at the CMC.

Plaintiffs' argument that there is a "general rule that summary judgment should follow class certification" is "without merit." *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998). "It is reasonable to consider a Rule 56 motion first when [it] seems likely to protect both the parties and the court from needless and costly further litigation." *Wright v. Schock*, 742 F.2d 541, 543 (9th Cir. 1984). This is "well settled." *Evans v. Taco Bell Corp.*, 2005 WL 2333841, *4 n.6 (D.N.H. 2005).

2.   **Plaintiffs have an abundance of resources available to timely oppose the motions.**

Plaintiffs have at least nine law firms and 28 lawyers working on these cases. Twelve different lawyers have taken or defended depositions for Plaintiffs. This army of lawyers is not "too busy" to oppose two narrowly focused motions. UMGR has just three lawyers actively working on the case, but seeks no special privileges and is prepared to work day and night to file its replies within the one week permitted by the rules.[1] Plaintiffs knew what they were getting into when they filed lawsuits making very serious and damaging accusations and claiming entitlement to potentially hundreds of millions of dollars in damages. And they will soon be asking this Court to conduct a "rigorous analysis" of thousands of disparate, individually negotiated contracts to determine if they can be litigated all at once in a single trial. Plaintiffs should be willing to work at least as hard as they will be asking the Court to work -- especially if they claim they are capable of prosecuting such a massive trial on behalf of thousands of absent parties.

---

[1] Plaintiffs' reference to "two clean-up motions to compel discovery" is a makeweight argument. Such motions (even if they are anything but smokescreens to try to further delay summary judgment) are in embryonic stages. Plaintiffs requested a meet and confer on one issue just this past Thursday; they have not even requested a meet and confer in whatever second motion they claim they are contemplating. Clearly such potential motions will not interfere with Plaintiffs' filing of oppositions *this Friday*.

The Honorable Susan Illston
Page 3

If the contracts are as simple and similar as Plaintiffs claim, it should be easy for them to oppose UMGR's first summary judgment motion concerning interpretation of a single contract (plaintiff Bo Donaldson's). That Plaintiffs claim such an opposition will be inordinately time-consuming and difficult speaks volumes about the weakness of both their claims and their commitment to prosecute them. On the second motion, Plaintiffs have had two years to accumulate and organize the evidence, if any, to support their unfair competition and open book account claims that they were lacking in 2012. The idea that after all this time, they need to pore through the record to locate such evidence is not credible. It is not time or resources Plaintiffs lack – it is evidence.

3. **Plaintiffs' delay in seeking relief reinforces and exacerbates the lack of substantial harm or prejudice.**

The absence of substantial harm and prejudice is only reinforced, and exacerbated, by Plaintiffs' week-long, unexplained delay in seeking relief. Knowing they had two weeks from May 23 to file their oppositions absent relief from the Court, Plaintiffs sat idly by and did not even make any proposal to UMGR to continue the motions for six days, until 4:00 p.m. on Thursday, May 29,[2] and did not file their request until late Friday afternoon, May 30, a full week after UMGR's motions were filed. Meanwhile, Plaintiffs presumably have been working on their oppositions, and surely will continue doing so until the Court rules on their request. UMGR is entitled to four days to file its opposition to Plaintiffs' motion (though it is doing so earlier), L.R. 6-3(b), so Plaintiffs could not reasonably expect a ruling prior to Wednesday, June 4 – just two days before their oppositions are due and will presumably be nearly complete. Thus, granting Plaintiffs' motions will only save a few attorneys a day or two of work at most – which hardly constitutes avoiding "substantial harm or prejudice." It is inconceivable that spending a couple of days finalizing a pair of opposition briefs will seriously interfere with class certification briefs Plaintiffs have had *three years* to prepare.

4. **Plaintiffs' claim that some issues on the motion will not be contested only undermines their position.**

Plaintiffs assert they may not even contest some of the issues on UMGR's motions. This only makes UMGR's motions narrower and further contravenes any showing of substantial harm or prejudice. It requires little time or effort from Plaintiffs to simply acknowledge their non-opposition, which could only serve to simplify class certification analysis. Plaintiffs' claim that after three years, they still need another month to make "strategic decisions" about which of their claims to pursue and which to abandon is highly dubious. Plaintiffs have had three years to (in their words) "streamline" their case and dismiss any meritless claims, yet have exhibited zero

---

[2] Plaintiffs first contacted UMGR on Tuesday, May 28, to ask if UMGR planned to file any more motions prior to class certification. UMGR said it did not. The next communication from Plaintiffs was on Thursday, May 30, proposing a call at 4:00 p.m. that day to discuss UMGR's motions. On this call, Plaintiffs first proposed continuing UMGR's motions. UMGR promptly responded prior to business hours on Friday morning setting forth its opposition to Plaintiff's request.

The Honorable Susan Illston
Page 4

urgency in doing so. It defies credibility to think that after all these years, Plaintiffs can't decide whether to abandon such claims by June 6, but will have that answer by July 11. Perhaps responding to UMGR's motions will help expedite Plaintiffs' long-delayed analysis of their own claims, thereby preserving the Court's time and resources. Plaintiffs' assertion that "[i]t is pointless to brief or decide issues in June if they may disappear on July 11" has it exactly backwards – what is pointless is giving Plaintiffs the option to seek certification of claims if such claims could not even survive summary judgment. Plaintiffs should not get to decide whether to make meritless claims "disappear" on July 11 – if they are meritless, Plaintiffs should make them "disappear" on June 6 or the Court should make them "disappear" on June 27.

Finally, Plaintiffs inconsistently argue that UMGR's motions "overlap" with class certification issues. They do not specify any such issues, but assuming this is true, adjudicating such issues now could only serve to assist and simplify the Court's analysis of the class certification issues. Whether UMGR's motions will make issues "disappear" or will simplify the Court's class certification analysis, or both, ruling on them prior to class certification will be beneficial to the process.

5.  **Plaintiffs' alternative proposal to continue the summary judgment briefing for four weeks would only risk creating the overlap and redundancy Plaintiffs claim they want to avoid.**

Continuing the briefing of UMGR's motions by four weeks is no solution. Rather, it would require Plaintiffs to file their class certification motion without knowing how the Court will rule on UMGR's motions, thereby potentially briefing issues that are or will be moot. UMGR will then have to oppose class certification equally blind to the Court's view of its motions. As discussed above, Plaintiffs do not need this delay -- they have enormous resources and will undoubtedly have largely drafted their oppositions by the time the Court rules on their present request – and this proposal seems entirely calculated to make UMGR's motions ineffectual and create the very redundancy Plaintiffs profess they want to avoid.

6.  **At a minimum, no basis exists to consider Plaintiffs' request until the summary judgment motions are fully briefed.**

There is no need to grant Plaintiffs' request at all, but there certainly is no need to do so now. The parties should fully brief the summary judgment motions and, after reviewing the briefs the Court can decide whether to defer them. As noted, Plaintiffs' delay in requesting relief means that their oppositions will inevitably be nearly complete by the time the Court rules on the present request. No basis exists to let Plaintiffs derail or delay the normal briefing process where, as here, there is no evidence of substantial harm or prejudice.

For all of these reasons, Plaintiffs' request should be denied.

Sincerely,

/s/  Jeffrey D. Goldman

JEFFREY D. GOLDMAN of
Jeffer Mangels Butler & Mitchell LLP

