LEONARD B. SIMON (Bar No. 58310)
**LAW OFFICES OF LEONARD B. SIMON P.C.**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-338-4549
Facsimile: 619-231-7423
lsimon@rgrdlaw.com
Attorneys for Plaintiffs and the Class

[Additional counsel appear on signature pages]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, et al., individually and on behalf of all others similarly situated, | CASE NO. CV 11-01613 SI (MEJ) |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| UMG RECORDINGS, INC., a Delaware corporation, | DATE:    April 28, 2015 |
| Defendant. | TIME:    10:30 a.m. |
| | CTRM.:  10, 19th Floor |
| | JUDGE:  Hon. Susan Illston |

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...................................................................................1

II.    BACKGROUND...........................................................................................................2

    A.    STATEMENT OF FACTS ................................................................................2

    B.    THE EXTENSIVE AND MONTHS-LONG SETTLEMENT NEGOTIATIONS ...........................................................................................4

    C.    SETTLEMENT TERMS ..................................................................................5

        1.    Past Relief ..............................................................................................5

        2.    Prospective Relief ..................................................................................5

        3.    Narrowly Tailored Release.....................................................................6

        4.    Attorneys' Fees and Costs and Enhancement Awards............................6

        5.    Comprehensive Notice Program .............................................................7

III.    LEGAL ANALYSIS ....................................................................................................7

    A.    STANDARD FOR PRELIMINARY APPROVAL .....................................................7

    B.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED...................8

        1.    The strength of plaintiff's case compared to the risk, expense, complexity, and likely duration of further litigation .....................................9

        2.    The risk of maintaining class action status throughout the trial..................10

        3.    The amount offered in settlement.................................................................10

        4.    The extent of discovery completed and the stage of the proceedings..........10

        5.    The experience and views of counsel............................................................11

    C.    INDIVIDUAL NOTICE MORE THAN SATISFIES RULE 23 ..............................11

    D.    THE COURT SHOULD CERTIFY A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ................................................................................13

        1.    The Requirements of Rule 23(a) Are Satisfied ............................................13

            (a)    Numerosity ......................................................................................13

            (b)    Commonality ...................................................................................14

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

(c)    Typicality ...................................................................................14

(d)    Adequacy of Representation ...........................................................15

2.    The Requirements of Rule 23(b)(3) Are Satisfied ......................................15

IV.    ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS .......................16

V.    THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE...............17

VI.    CONCLUSION .............................................................................17

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*In re Abbott Labs. Norvir Anti-trust Litig.*,
Case Nos. C 04-1511 CW, C 04-4203 CW, 2007 WL 1689899
(N.D. Cal. June 11, 2007)........................................................................................14

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) .......................................................................................13, 14, 17

*Beltran v. EMI Music, Inc.*,
No. 4:12-cv-1002 YGR (N.D. Cal.) ...........................................................................3

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ...................................................................................15

*Bozzio v. EMI Group, Ltd.*,
No. 4:12-cv-02421 YGR (N.D. Cal.) ..........................................................................3

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004).............................................................................8, 9, 10

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ...................................................................................8

*Davis v. Capitol Records, LLC*,
No. 12-cv-1602-YGR (N.D. Cal.) ...............................................................................3

*F.B.T. Prods., LLC v. Aftermath Records*,
621 F.3d 958 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 1677 (2011) .......................3, 10

*In re Flat Glass Antitrust Litig.*,
191 F.R.D. 472 (W.D. Pa. 1999) ..............................................................................15

*Fraley v. Facebook, Inc.*,
No. CV–11–01726 RS, 2012 WL 6013427 (N.D. Cal. Dec. 3, 2012)........................9

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) .................................................................................................14

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998).........................................................................9, 15, 16

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ...................................................................................15

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010) ..................................................................................18

*Mullane v. Cen. Hanover Bank & Trust Co.*,
   229 U.S. 306 (1950) ..................................................................................................13

*Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*,
   660 F.2d 9 (2d Cir. 1981) ...........................................................................................7

*Radcliffe v. Experian Info. Solutions, Inc.*,
   715 F.3d 1157 (9th Cir. 2013) ..................................................................................17

*In re Relafen Antitrust Litig.*,
   231 F.R.D. 52 (D. Mass. 2005) .................................................................................17

*Shropshire v. Sony Music Entertainment*,
   No. 06-cv-3252-GBD (S.D.N.Y.) Dkt. No. 97 ....................................................5, 11

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) ....................................................................................8

*In re Tableware Antitrust Litig.*,
   484 F.Supp.2d 1078 (N.D. Cal. 2007) ....................................................................8, 9

*Tavares v. Capitol Records, LLC*,
   No. 4:12-cv-3059 YGR (N.D. Cal.) ................................................................ *passim*

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) .........................................................................................9

*Vasquez v. Coast Valley Roofing, Inc.*,
   670 F. Supp. 2d 1114 (E.D. Cal. 2009) .......................................................................9

*In re Warner Music Group Corp. Digital Downloads Litig.*,
   No. 3:12-cv-0559 RS (N.D. Cal.) ................................................................... *passim*

**Federal Statutes**

28 U.S.C. § 1715 .............................................................................................................13

**State Statutes**

California Code of Civil Procedure § 337a .......................................................................4

**Rules**

Fed. R. Civ. P.  23 .....................................................................................................1, 2, 13

Fed. R. Civ. P. 23(a) ..............................................................................................11, 14, 16

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Fed. R. Civ. P. 23(a)(1) ...................................................................................................14

Fed. R. Civ. P. 23(a)(2) ...................................................................................................15

Fed. R. Civ. P. 23(a)(3) ...................................................................................................15

Fed. R. Civ. P. 23(a)(4) ...................................................................................................16

Fed. R. Civ. P. 23(b) ...............................................................................................14, 16

Fed. R. Civ. P. 23(b)(2) ...................................................................................................16

Fed. R. Civ. P. 23(b)(3) .......................................................................................11, 16, 17

Fed. R. Civ. P. 23(c)(2)(B) ..............................................................................................13

Fed. R. Civ. P. 23(c)(3) ...................................................................................................13

Fed. R. Civ. P. 23(e) ..........................................................................................................8

Fed. R. Civ. P. 23(e)(1) ...................................................................................................12

**Other Authorities**

Alba Conte & Newberg, 4 Newberg on Class Actions (4th ed. 2010) § 12:15 ...............................7

Manual for Complex Litigation (Fourth) § 13.14 (2004)...........................................................9, 14

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 28, 2015 at 10:30 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Susan Illston, United States District Court, Northern District of California, Plaintiffs Rick James, by and through The James Ambrose Johnson, Jr., 1999 Trust, his successor in interest; David Coverdale, by and for Whitesnake Productions (Overseas) Limited; Dave Mason; Carlton Douglas Ridenhour, d/b/a "Chuck D, " individually and as a member of Public Enemy; Ron Tyson; Robert Walter "Bo" Donaldson, individually and d/b/a Bo Donaldson And The Heywoods; William Mclean, a/k/a "Will Mclean" and p/k/a "Mista Lawnge," and Andres Titus, p/k/a "Dres," jointly d/b/a Black Sheep; Martha Davis; and Ralph Vierra Tavares, Arthur Paul Tavares, Feliciano Vierra Tavares, Antone Lawrence Tavares, and Perry Lee Tavares, individually and jointly p/k/a "Tavares (collectively, "Plaintiffs") will and hereby do move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the entry of an Order:

1.    Certifying the Settlement Class as defined in the Settlement Agreement solely for settlement purposes;

2.    Granting preliminary approval of the Settlement;

3.    Approving appointment of a settlement administrator and the proposed forms of notice and schedule for dissemination of the notices, which will be submitted in advance of the hearing on this motion;

4.    Scheduling a hearing on final approval of the Settlement and on Class Counsel's motion for an award of attorneys' fees, costs and enhancement awards.

The grounds for this motion are that the proposed Settlement is within the range of reasonableness to be finally approved as fair, adequate, and reasonable in all respects.

This motion is based upon the attached Memorandum of Points and Authorities, the accompanying Declarations of Leonard Simon ("Simon Decl.") and of other Plaintiffs' counsel, the pleading and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this memorandum of law in support of their motion for preliminary approval of class action settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

## I.    PRELIMINARY STATEMENT

After researching this case and preparing individual complaints, and later a consolidated amended complaint, successfully combating motions to dismiss, a motion for summary judgment, and an opposition to a motion for leave to amend, reviewing hundreds of thousands of pages of documents produced in discovery, and taking and defending numerous depositions, the Plaintiffs have achieved a settlement (hereinafter the "Settlement") with Defendants UMG Recordings, Inc. ("UMGR") and Capitol Records, LLC ("Capitol") (sometimes referred to collectively herein as "Defendants" or, with Plaintiffs, as  the "Parties").

This Settlement was the product of extensive negotiations that began in 2012, and included multiple in-person mediation sessions with the Honorable Edward Infante (Ret.) of Judicial Arbitration and Mediation Services (JAMS), plus numerous phone conferences and in-person meetings of counsel.

Pursuant to the Stipulation and Agreement of Settlement (the "Settlement Agreement"), a copy of which is attached as Exhibit A to the Simon Declaration,  Defendants have agreed, among other things, (1) to create an $11.5 million Fund[1] to settle claims over the amount of royalties paid in the past to Class Members, (2) to increase future royalty payments and credits to Class Members, and (3) to pay the costs of notice, claims administration, attorneys' fees and costs, and enhancements awards out of the Fund.[2]

The Settlement satisfies all of the criteria for preliminary settlement approval and falls well

---

[1] Unless otherwise defined herein (*see infra* footnote 4 defining "Downloads/Mastertones"), all capitalized terms shall have the definition set forth in the Settlement Agreement.

[2] Plaintiffs also seek approval of the Confidential Supplemental Agreement, executed by the Parties concurrent with the Settlement Agreement, a copy of which is attached as Exhibit B to the Simon Declaration and is being filed under seal.

1   within the range of reasonableness. Accordingly, Plaintiffs request that the Court certify the

2   stipulated Class for settlement purposes, grant preliminary approval of the proposed Settlement,

3   and direct distribution to the Class and publication of the proposed notices in the form and the

4   manner set out below. Plaintiffs also request that the Court schedule a final approval hearing and

5   other dates pertinent to concluding the case.

6   **II.      BACKGROUND**

7           **A.      STATEMENT OF FACTS**

8           Plaintiffs in these consolidated class actions are certain recording artists and music

9   producers, or production or loan-out companies providing the services of artists and producers

10  (collectively, "Artists") who entered into contracts with UMGR and Capitol that provide for the

11  payment of royalties upon exploitation of the Artists' music.[3] Plaintiffs allege that Defendants

12  have systematically breached these contracts by underpaying the royalties owed to the Artists

13  when their music is disseminated in the form of permanent downloads and "mastertones,"

14  commonly known as ringtones for cellular phones ("Downloads/Mastertones")[4] Specifically,

15  Plaintiffs allege that Defendants have improperly treated Artists' Downloads/Mastertones

16  revenues as "sales" instead of "licenses," and thereby paid Artists royalties based upon the much

17  lower sales royalty rate than the licensing royalty rate. See generally *F.B.T. Prods., LLC v.*

18  _____

19  [3] The claims against Capitol were initially presented in separate lawsuits before Judge Gonzalez
20  Rogers in this district. *Davis v. Capitol Records, LLC,* No. 12-cv-1602-YGR (N.D. Cal.); *Tavares
    v. Capitol Records, LLC,* No. 4:12-cv-3059 YGR (N.D. Cal.) (the "Capitol Cases"). Two other
21  cases raising similar claims against Capitol were dismissed by Judge Gonzalez Rogers *in toto.
    Beltran v. EMI Music, Inc*., No. 4:12-cv-1002 YGR (N.D. Cal.); *Bozzio v. EMI Group, Ltd*., No.
22  4:12-cv-02421 YGR (N.D. Cal.). During the pendency of this litigation, an indirect parent
    company of UMGR acquired the recorded music interests of Capitol from the latter's former
23  parent. During settlement negotiations, it was agreed to settle the cases together, and a stipulated
    amended complaint has been filed in this docket so that the Court has jurisdiction to resolve all
24  claims against UMGR and Capitol. Judge Gonzalez Rogers was previously advised of the parties'
25  intent to proceed in this fashion and has expressed no objection.

26  [4] The Plaintiffs in the Capitol Cases also allege that Capitol (but not UMGR) underpaid royalties
    for digital transactions known as Streams. *See* Settlement Agreement, ¶I.CCC. Except as
27  otherwise indicated, the term "Downloads/Mastertones" herein, as it applies to Capitol only,
    includes Streams.

28

1  *Aftermath Records*, 621 F.3d 958 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 1677 (2011) ("*F.B.T.*").

2      Plaintiffs asserted in their complaints causes of action for breach of contract, breach of the

3  implied covenant of good faith and fair dealing, declaratory judgment, open book account under

4  California Code of Civil Procedure § 337a, and violation of California's and New York's unfair

5  competition laws. Plaintiffs filed these cases as putative class actions alleging that Defendants'

6  practices as described herein have been uniform with respect to all members of the Class and are

7  alleged to have caused millions of dollars in damages to Plaintiffs and Class Members, and to

8  threaten continuing damage of the same nature.  Defendants vigorously deny all of these

9  allegations.

10      Multiple individual complaints were filed against UMGR that were later combined in a

11  consolidated amended complaint. Dkt. No. 130. A motion to dismiss was denied as to certain

12  claims in the *James* complaint, as well as a subsequent motion for partial summary judgment on

13  certain claims.  Dkt. Nos. 21, 66, 49, 87. An opposition to the motion to file an amended

14  complaint was also rejected. Dkt. No. 129.

15      Discovery in the UMGR case was extensive. UMGR produced, and Plaintiffs reviewed,

16  over 11,000 recording contracts, many over 50 pages long, and thousands of other documents in

17  discovery.  Simon Decl., ¶12.  Numerous depositions were conducted by the Parties; some

18  Plaintiffs were deposed multiple times. *Id.*  The Magistrate Judge was required to resolve

19  numerous discovery disputes (Dkt. Nos. 123, 133, 138, 140, 142, 144, 147, 155-57, 168-74, 181),

20  several of which were appealed to the Court (Dkt. Nos. 148, 150, 159).  *Id.*

21      At the time of the final round of settlement negotiations with Judge Infante, the Parties

22  were about to brief class certification, and several motions for summary judgment had just been

23  filed by UMGR. Dkt. Nos. 203, 205.  *Id.* at ¶13.

24      The Capitol Cases took a similar path, with multiple rounds of briefing on motions to

25  dismiss, resulting in the dismissal of certain actions and claims, and substantial document

26  discovery before it was agreed to try to settle the Capitol Cases along with the UMGR case. *Id.* at

27  ¶16; McNamara Decl., ¶3-5.

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**B.** **THE EXTENSIVE AND MONTHS-LONG SETTLEMENT NEGOTIATIONS.**

The settlement of these cases should be understood in the context of litigation and settlement of class actions concerning permanent downloads filed against all four of the largest record companies in the U.S.  Sony Corp. was sued in 2006 in the Southern District of New York, and the case settled in August 2011.  *Id*. at ¶14; Amended Stipulation and Agreement of Settlement at 4, *Shropshire v. Sony Music Entertainment*, No. 06-cv-3252-GBD (S.D.N.Y.) Dkt. No. 97.  Shortly before Sony settled, UMGR, Warner Music and Capitol/EMI were sued in parallel cases in this district in 2011, with the UMGR case assigned to this Court, the Warner case assigned to Judge Seeborg and the Capitol Cases to Judge Gonzalez Rogers.  Plaintiffs' Counsel in the UMGR, Warner and Capitol Cases overlap, but are not identical.  Simon Decl., ¶14.

Although the UMGR cases were filed first, and made progress more quickly, settlement was seriously broached first by Warner.  It was agreed to try to settle the Warner case before the expenditure of a huge effort on discovery and class certification, and the Hon. Daniel Weinstein was retained to assist in 2012.  *Id*. at ¶15.  After substantial negotiations and additional lengthy efforts to document the settlement, which included both damages and prospective royalty relief, a settlement was reached, and Judge Seeborg granted preliminary approval on January 23, 2014.  Order, *In re Warner Music Group Corp. Digital Downloads Litig.,* No. 3:12-cv-0559 RS (N.D. Cal.)("*Warner*") Dkt. No. 101.  Judge Seeborg granted final approval of the settlement on January 12, 2015.  *Warner*, Dkt. No. 117; Simon Decl., ¶15.

Plaintiffs' counsel in the UMGR cases and the Capitol Cases were intimately familiar with the Warner negotiations, but as they proceeded, and even after the Warner settlement was reached, little progress was made in settling with UMGR or Capitol.  In UMGR, the Parties met with Judge Infante on August 21, 2012 and again on or about January 8, 2013, but no serious progress was made. Simon Decl., ¶16. Lawyer to lawyer efforts later in 2013 without Judge Infante were also entirely unsuccessful, but on June 3, 2014, the Parties met with Judge Infante one final time before class certification and summary judgment briefing, and a breakthrough was made which included

1   the tentative settlement of the Capitol Cases, subject to the approval of counsel in *Tavares*. *Id.*;

2   McNamara Decl., ¶5.  The Warner settlement was used as a template or starting point, with

3   various adjustments required, and the gulf between the Parties was finally breached with the wise

4   counsel of Judge Infante.  Simon Decl., ¶16.

5         Many details needed to be worked out, particularly about future relief, which process

6   consumed the second half of 2014 and first months of 2015, but a Settlement Agreement dated as

7   of April 1, 2015 has been executed.  *Id.* at ¶17.

8   **C.     SETTLEMENT TERMS**

9         The proposed Settlement Class generally consists of all persons and entities (or their

10   successors) that are parties to a Class Contract, generally defined as a contract with a UMGR or

11   Capitol U.S. Label dated between January 1, 1965 and April 30, 2004, which contained "records

12   sold" and "masters licensed" royalty rate provisions or were the subject of a gratis program

13   offered by Capitol to certain artists known as the "Legendary Artists Program." *See* Settlement

14   Agreement, ¶I.L.1, 2.  There are certain exclusions.  *Id.* at I.L.3.

15              **1.     Past Relief.**

16         In order to compensate Class Members for alleged underpayments on

17   Downloads/Mastertones in the past, Defendants will make available $11,500,000 (less attorneys'

18   fees, costs, enhancement awards, settlement notice costs, and settlement administration costs),

19   which will be allocated to Class Members as per a formula in the Settlement Agreement.  *Id.* at

20   ¶¶I.Q and I.ZZ.  The formula is designed to permit Class Members to receive a share of the

21   Distributable Fund that corresponds to their share of the revenue of UMGR and Capitol from

22   Downloads/Mastertones during a relevant and representative time period.

23              **2.     Prospective Relief.**

24         In addition to paying the past relief as set forth above, Defendants will also increase the

25   royalties paid or credited to Class Members on income from Downloads/Mastertones going

26   forward.[5]  Entitlement to this increase in Class Members' royalties will be in perpetuity.

27   _____

28   [5] The increase will not apply to Streams, which already are currently being paid at a rate consistent

1   In general, all Class Members who make the requisite claim will receive an increase in

2   payments or credits of approximately ten (10%) percent for exploitation of

3   Downloads/Mastertones.  (So, for example, in simple terms, if a Class Member had been receiving

4   $100,000 in download royalties annually, he or she would receive $110,000 for an equivalent

5   amount of future download sales under the terms of the settlement.)  Class Members will also lock

6   in certain additional benefits in the calculation of their royalties on Download/Mastertone income

7   preventing reductions for, e.g., "packaging" and free goods from being implemented in the future

8   on Downloads/Mastertones.

9             **3.**        **Narrowly Tailored Release.**

10   The Settlement Agreement contains a tailored release that is specifically limited to claims

11   arising out of or related to the allegations in the now consolidated cases relating to royalties for

12   Downloads/Mastertones.  *See* Settlement Agreement, ¶¶ 1.MM.  The release comports with

13   applicable law, which holds that a class action lawsuit may release all claims "that may arise out

14   of the transactions or events pleaded in the complaint."  *See Alba* Conte & Newberg, 4 Newberg

15   on Class Actions (4th ed. 2010) ("Newberg") § 12:15, at 312. *See also Nat'l Super Spuds, Inc. v.*

16   *New York Mercantile Exchange,* 660 F.2d 9, 16-18 (2d Cir. 1981).

17             **4.**        **Attorneys' Fees, Costs and Enhancement Awards.**

18   The Settlement Agreement allows Class Counsel to make an application to the Court for an

19   award of attorneys' fees and costs, payable from the Fund, in an amount not to exceed 25% of the

20   Fund ($2,875,000) in fees and $450,000 in costs.  Settlement Agreement, ¶VII.  Fees and costs

21   were negotiated (with Judge Infante's assistance) only after reaching an agreement as to the relief

22   to the Class.  Simon Decl., ¶ 16.

23   The Settlement Agreement also allows Plaintiffs to apply for an enhancement award of

24   $22,500 each for Plaintiffs deposed twice (David Coverdale, Dave Mason, Ron Tyson, and Dennis

25   King, Trustee for Rick James Estate), $13,500 each for Plaintiffs deposed once (Robert Walter

26

27   _____

28   with the positions asserted by plaintiffs in these cases.

1    "Bo" Donaldson, William Mclean, and Andres Titus), and for the Plaintiffs who were not

2    deposed, but assisted with the actions, including discovery, $7,500 for Martha Davis, and $5,000

3    each for Ralph Vierra Tavares, Arthur Paul Tavares, Feliciano Vierra Tavares, Antone Lawrence

4    Tavares, and Perry Lee Tavares, which is to be paid out of the Fund.  Settlement Agreement ¶VIII.

5    The enhancement award is designed to reward the class representatives for their service on behalf

6    of the Class.

7                              **5.        Notice Program.**

8            The Settlement Agreement provides for a comprehensive notice program (Section IV) that

9    utilizes direct mail notice to all potential Class Members receiving royalty statements from UMGR

10   or Capitol. Settlement Agreement, ¶IV.B.  In addition, notice will be publicized in major media in

11   significant music markets.  *Id.* ¶IV.C.  A dedicated Settlement website also will be created. *Id.*

12   ¶V.D.1. The notice program is at least as robust as the notice program approved in the *Warner*

13   settlement.  As set forth in detail below, the notice program satisfies the requirements of Federal

14   Rule of Civil Procedure ("Rule") 23 and ensures as fully as possible that all of the Class Members

15   will receive notice of the Settlement.

16   **III.    LEGAL ANALYSIS**

17           **A.        STANDARD FOR PRELIMINARY APPROVAL.**

18           Rule 23(e) requires court approval for settlements of class actions.  It is well-settled that

19   there is "a strong judicial policy that favors settlements, particularly where complex class action

20   litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

21   *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Churchill Vill., L.L.C. v. Gen.*

22   *Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) ("*Churchill*").

23           To grant preliminary approval of a class action settlement, a court need only find that the

24   settlement is within "the range of reasonableness" to justify publishing and sending notice of the

25   settlement to class members and scheduling a final approval hearing.  *See In re Tableware*

26   *Antitrust Litig.*, 484 F.Supp.2d 1078, 1079-80 (N.D. Cal. 2007).

27

28

1   The approval of a proposed class action settlement "is committed to the sound discretion of

2 the trial judge." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("*Hanlon*").  In

3 exercising this discretion, the trial court should  give "proper deference to the private consensual

4 decision of the parties," as "the court's intrusion upon what is otherwise a private consensual

5 agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to

6 reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or

7 collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable

8 and adequate to all concerned." *Id.* at 1027.

9   In making a preliminary determination of the fairness, reasonableness, and adequacy of a

10 class action settlement, the trial court must balance a number of factors, including:

11    (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely
    duration of further litigation; (3) the risk of maintaining class action status
12    throughout the trial; (4) the amount offered in settlement; (5) the extent of
    discovery completed and the stage of the proceedings; (6) the experience and views
13    of counsel; (7) the presence of a governmental participant; and (8) the reaction of
    the class members to the proposed settlement.

14

15 *Churchill*, 361 F.3d at 575. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.

16 1993).  At the preliminary approval stage, a final analysis of the settlement's merits is premature.

17 Instead, a more detailed assessment is reserved for final approval, after class notice has been sent

18 and class members have had the opportunity to object to, or opt out of, the settlement.  *See, e.g.,*

19 *Tableware Antitrust Litigation*, 484 F. Supp. 2d at 1079 (N.D. Cal. 2007); *Vasquez v. Coast Valley*

20 *Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009); *Fraley v. Facebook, Inc.*, No. CV–

21 11–01726 RS, 2012 WL 6013427 at *1 (N.D. Cal. Dec. 3, 2012); *Manual for Complex Litigation*

22 (Fourth) § 13.14 at 173 (2004) ("*Manual*") ("[f]irst, the judge reviews the proposal preliminarily

23 to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision

24 on approval is made after the hearing.").

25   **B.  THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED.**

26   Counsel for Plaintiffs and the Class have substantial experience in class action litigation,

27 and some have substantial experience in the music industry.  Some or all have been litigating the

28

1   UMGR case, the Capitol Cases and the Warner case since 2011, and have devoted countless hours

2   to learning more about contractual and royalty payment practices in the music industry and in

3   particular the issue of royalties for downloads.  In their unanimous view, the proposed settlement

4   is well within "the range of reasonableness" and is fundamentally fair, adequate, and reasonable in

5   the circumstances[6], and should meet the Court's scrutiny using the *Churchill* factors, as set out

6   below:

7           **1.**       **The strengths and risks of Plaintiffs' case.**

8       Although Class Counsel's opinion is that this case is a strong one, it must be noted that

9   there has not been a ruling on the substantive issue underlying the litigation—whether Defendants'

10   exploitation of Artists' Downloads/Mastertones are properly characterized as "licenses" or "sales."

11   The *FBT* case, *supra*, was successful for an individual plaintiff in this regard, so the challenge of

12   the case would be to convince the Court or the jury that the logic of *FBT* applies to the many

13   contracts at issue here, the bulk of which have language varying from the contract in *FBT*.  Should

14   the Settlement not be approved, further litigation would focus on class certification and on

15   applying the *FBT* holding to the contracts in question, plus a variety of defenses offered by

16   Defendants owing to contractual limitations and other issues.  Defendants have vigorously

17   opposed these claims, Capitol defeated two cases on the pleadings, and both Defendants have

18   defeated claims in other cases where artists have asserted similar claims.  Simon Decl., ¶19.

19       Continuation of this litigation would be risky, expensive and create substantial delay in

20   recovery to Class Members, many of whom recorded their music in the 1970s, 1980s and 1990s.

21   The outcome is unpredictable, and a favorable outcome for Plaintiffs would no doubt be appealed,

22   further delaying relief to the Class Members.  Because of the age of the Class Members, recovery

23   of the past relief plus the increase in future royalties will be very beneficial to them, more so if

24   they can begin to receive those benefits now, rather than if they have to wait several more years of

25

26

27 [6] *See* Simon Decl., ¶¶21-25; Declaration of Arthur N. Bailey, Jr., ¶8; Declaration of David M. Given, ¶13; Declaration of Daniel Warshaw, ¶14; Declaration of Michael W. Sobol, ¶7;

28 Declaration of Thomas S. McNamara¶14; Declaration of Jeffrey A. Koncius, ¶6.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  contested litigation.

2  ### 2.  The risk of maintaining class action status throughout the trial.

3  Plaintiffs submit that this action could be properly maintained as a class action as the

4  requirements under Rules 23(a) and 23(b)(3) are met. However, Plaintiffs recognize that the

5  variations among Class Contracts (over the decades and among the sublabels owned by

6  Defendants) will permit Defendants to make a substantial argument that no class can be certified,

7  and certainly not the entire class.  The risk of maintaining class action status throughout trial and

8  appeal, and affording relief to all Class Members rather than the handful of named Plaintiffs,

9  weighs strongly in favor of settlement.

10  ### 3.  The amount offered in settlement.

11  Defendants are making $11.5 million available for payment of past relief, fees, costs,

12  administrative costs, and incentive fees.  Defendants are also agreeing to increase future payments

13  on Downloads/Mastertones by approximately 10%, and without any cap.

14  This amounts to a reasonable compromise of the Parties' respective positions.  The amount

15  offered in settlement, arrived at after intensive arm's-length negotiations, is a significant recovery

16  for the Class in light of the risks of further litigation and Defendants' likely defenses, and

17  compares favorably with the settlements reached in the *Sony* and *Warner* cases ($7.65 million and

18  $11.5 million, respectively).  That Defendants have agreed to pay the costs associated with

19  notifying the Class of the Settlement and administering it, is an added benefit conferred upon the

20  Class.

21  ### 4.  The extent of discovery completed and the stage of the proceedings

22  Extensive discovery has occurred in the UMGR case, and substantial document discovery

23  was undertaken in the cases against Capitol.  Simon Decl., ¶24.  Plaintiffs consulted with an

24  industry expert on practices in royalty reporting and accounting as well as trends in digital

25  distribution of recorded music. The expert also reviewed several iterations, and gave advice on the

26  contours of the Parties' settlement agreement in its drafting stage.  *Id.*  This information, and other

27  data exchanged in mediation, provided Plaintiffs and Judge Infante with sufficient evidence to

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   evaluate the strengths and weaknesses of Plaintiffs' claims and the benefits of the proposed

2   settlement. *Id.*

3        It is significant that many of the Class Counsel here are also counsel in two other pieces of

4   litigation involving the identical claims alleged herein. One of those matters, the *Warner* case, has

5   led to a proposed settlement for which preliminary (and final) approval has been granted. *Id.*,

6   ¶15. Counsel learned a great deal about the industry, downloads, and how a settlement could be

7   structured from the *Warner* negotiations, and information informally provided in that case. Thus,

8   Class Counsel are well informed not only of the basis for the claims and allegations herein, but

9   also of Defendants' claimed or anticipated defenses.

10       **5.      The experience and views of counsel.**

11       Plaintiffs and the Class Members are represented in this case by counsel who have

12  significant experience in complex class action litigation, have negotiated numerous other

13  substantial settlements, and have the ability to litigate this case on a classwide basis if a fair

14  settlement were not offered. *See* Simon Decl., ¶¶4, 21-25; Declaration of Arthur N. Bailey, Jr.,

15  ¶¶4-7; Declaration of David M. Given, ¶¶4, 8-11; Declaration of Daniel Warshaw, ¶¶4-13;

16  Declaration of Michael W. Sobol, ¶¶2-6; Declaration of Thomas S. McNamara¶¶9-13; Declaration

17  of Jeffrey A. Koncius, ¶¶5-6. Class Counsel include attorneys highly experienced in music and

18  entertainment litigation, and their expertise helped inform the settlement negotiations. Class

19  Counsel were satisfied with the Settlement Agreement only after conducting intensive settlement

20  negotiations and thorough investigation into the factual and legal issues raised in this case. Simon

21  Decl., ¶¶21-25; Bailey Decl., ¶8; Given Decl., ¶13; Warshaw Decl., ¶14; Sobol Decl., ¶7;

22  McNamara Decl., ¶14; Koncius, ¶6.

23       In negotiating and evaluating the Settlement Agreement, Class Counsel relied on their

24  investigation and drew on their considerable experience, skill, and expertise in determining that

25  the Settlement Agreement was fair, reasonable, and adequate. *Id.*

26  **C.      THE NOTICE PROGRAM SATISFIES RULE 23**

27       Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   members who would be bound by a proposed settlement, voluntary dismissal, or compromise."

2   Notice to the class must be "the best notice that is practicable under the circumstances, including

3   individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P.

4   23(c)(2)(B). *See also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("*Amchem*");

5   *Mullane v. Cen. Hanover Bank & Trust Co.*, 229 U.S. 306, 314 (1950).  Here, Class Members will

6   receive the Notice and Claim Form by mail as provided in Paragraphs 10-11 of the Settlement

7   Agreement.  There will be direct, individual mailed notice to every Class Member who receives

8   royalty statements from Defendants.  This is undoubtedly the best notice practicable under the

9   circumstances.  In addition to notice via direct mail, there will be notice via publication once in

10  *Billboard* magazine (in one-quarter page size), once in *Rolling Stone* magazine (in one-half page

11  size), once in the *Chicago Tribune* (in one-sixth page size), twice in the *Los Angeles Times* (in

12  one-sixth page size), twice in the *New York Times* (in one-sixth page size), and twice in the

13  *Nashville Tennessean* (in 3 columns x 7 in/cm size).  Settlement Agreement, ¶IV.C.  The Parties

14  will also cause the settlement administrator to issue a press release to all major media outlets

15  summarizing the terms of the Settlement and postcard reminders.  *Id.* at ¶IV.F.  The above

16  methods of notice satisfy Rule 23 and all due process requirements.

17          In addition to the manner of giving notice to the Class, the contents of the notice itself will

18  satisfy Rule 23(c)(2)(B), as the notice will include all required elements: "(i) the nature of the

19  action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a

20  class member may enter an appearance through an attorney if the member so desires; (v) that the

21  court will exclude from the class any member who requests exclusion; (vi) the time and manner

22  for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule

23  23(c)(3)."  Copies of the proposed notices to the Class will be provided to the Court in advance of

24  the hearing in a subsequent filing.

25          Finally, the Settlement Agreement comports with the Class Action Fairness Act by

26  requiring Defendants to provide notice to the proper entities within 10 days after the Settlement

27  Agreement is filed with the Court.  *See* 28 U.S.C. § 1715; Settlement Agreement, ¶IV.H.

28

1    Accordingly, the form of notice and the manner of giving notice should be approved.

2    **D.    THE COURT SHOULD CERTIFY THE CLASS FOR SETTLEMENT**

3         **PURPOSES.**

4    Before granting preliminary approval of a settlement, the Court must determine that the

5    proposed Settlement Class is a proper class. *Manual*, § 21.632 (4th ed. 2004); *Amchem*, 521 U.S.

6    at 620. Certification is appropriate where the proposed class and the proposed class

7    representatives meet the four requirements of Rule 23(a)—numerosity, commonality, typicality

8    and adequacy of representation—and one of the three requirements of Rule 23(b).

9    Plaintiffs seek certification of a Settlement Class, as described above. For the reasons set

10   out below, all of the required elements of class certification are satisfied.

11   **1.    The Requirements of Rule 23(a) Are Satisfied.**

12   Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class

13   whose claims they wish to litigate by limiting the class claims to those fairly encompassed by the

14   named plaintiffs' claims. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("*Falcon*").

15   Under Rule 23(a), the party seeking certification must demonstrate that:

16       (1) the class is so numerous that joinder of all members is impracticable;
17       (2) there are questions of law or fact common to the class;
         (3) the claims or defenses of the representative parties are typical of the claims or
18           defenses of the class; and
19       (4) the representative parties will fairly and adequately protect the interests of the
             class.

20   Fed. R. Civ. P. 23(a).

21   **(a)    Numerosity.**

22   Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is

23   impracticable." Fed. R. Civ. P. 23(a)(1). "Where the exact size of the class is unknown, but

24   general knowledge and common sense indicate that it is large, the numerosity requirement is

25   satisfied." *In re Abbott Labs. Norvir Anti-trust Litig.*, Case Nos. C 04-1511 CW, C 04-4203 CW,

26   2007 WL 1689899, at *6 (N.D. Cal. June 11, 2007). Here, there are thousands of Settlement Class

27   Members, which easily satisfies the numerosity requirement.

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

(b)     **Commonality.**

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The Ninth Circuit has ruled that the commonality requirement is to be "construed permissively." *Hanlon*, 150 F.3d at 1019.  A court must assess if "the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable." *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975).  This requirement, however, is easily met: it is satisfied by the existence of a single common issue. *In re Flat Glass Antitrust Litig.,* 191 F.R.D. 472, 478 (W.D. Pa. 1999).  Here, the claims of all Class Members depend upon a common contention that Defendants improperly accounted for and paid royalties to Class Members for exploitation of Downloads/Mastertones as a sale, rather than a license, and that the licensing rate should have been applied to Download/Mastertone transactions.  Class Members' claims are based upon the same conduct and similar contracts and contractual provisions, resulting in the litigation of common legal issues.  The common questions of law and fact presented in this case could only be effectively and efficiently resolved in a classwide settlement proceeding.

(c)     **Typicality.**

Rule 23(a)(3) is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotations omitted).  Here, the named Plaintiffs are all recording artists or producers that have received royalties from Defendants.  They allege the same injury arising from the same conduct by Defendants as every other member of the Class.  Their experience is not unique, but is emblematic of the experience of other Class Members.  Accordingly, Plaintiffs' claims are typical of the claims of the Class.

1

(d)     **Adequacy of Representation.**

2      Rule 23(a)(4) permits class certification  if "the representative parties will fairly and

3  adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "This factor requires: (1)

4  that the proposed representative plaintiffs do not have conflicts of interest with the proposed class,

5  and (2) that Plaintiffs are represented by qualified and competent counsel."  *Hanlon*, 150 F.3d at

6  1020.

7      No named Plaintiff has a conflict of interest with the proposed Class.  Plaintiffs' claims are

8  consistent with the claims of other Class Members and arise from the same conduct by

9  Defendants.  Plaintiffs and other Class Members have suffered the same injury, and Plaintiffs seek

10  relief equally applicable and beneficial to the Class.

11      Further, Plaintiffs are represented by qualified and competent counsel who have the

12  experience and resources necessary to vigorously pursue this action.  *See* Dkt. No. 48 in *Warner*;

13  *See* Simon Decl., ¶¶4, 21-25; Bailey Decl., ¶¶4-7; Given Decl., ¶¶4, 8-11; Warshaw Decl., ¶¶4-13;

14  Sobol Decl., ¶¶2-6; McNamara Decl., ¶¶9-13; Koncius Decl., ¶¶5-6.  .  Plaintiffs and their counsel

15  are able to fairly and adequately protect the interests of the Class.

16              **2.     The Requirements of Rule 23(b)(3) Are Satisfied.**

17      In addition to meeting the prerequisites of Rule 23(a), a class action must satisfy at least

18  one of the three conditions of Rule 23(b).  Plaintiffs submit that the Settlement Class satisfies Rule

19  23(b)(3).[7]

20      Under Rule 23(b)(3), a class action may be maintained if: "[1] the court finds that the

21  questions of law or fact common to class members predominate over any questions affecting only

22  individual members, and [2] that a class action is superior to other available methods for fairly and

23  efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Here, common questions

24  predominate over any individualized inquiries relating to Class Members.  Plaintiffs' allege a

25  common course of conduct undertaken by Defendants with respect to every member of the Class:

26  _____

27  [7] Plaintiffs believe Rule 23(b)(2) provides an alternate method for class certification; as in other
matters, Defendants vigorously disagree and reserve the right to oppose that position.

28

1  underpayment of royalties to Artists for the exploitation of Downloads/ Mastertones.  To resolve

2  the Rule 23(b)(3) superiority inquiry, the Court should consider class members' interests in

3  pursuing separate actions individually, and whether any litigation is in progress involving the

4  same controversy.[8]  Here, superiority is met.  If each Class Member were to sue, each would bring

5  essentially the same claim, likely for a relatively small amount of money, and yet might have to

6  expend significant individual costs.

7          Thus, this action is appropriate for class certification for settlement purposes, embodying

8  all the hallmarks, both in form and in substance, of class actions routinely certified in this Circuit

9  as has been discussed at length herein.

10  **IV.      ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS**

11         The Settlement Agreement provides that Class Counsel may apply to the Court for an

12  award of attorneys' fees and costs in an amount not to exceed 25% of the fund ($2,875,000) in

13  fees and up to $450,000 in costs.  Settlement Agreement, ¶VII.A.  The Settlement Agreement also

14  allows Plaintiffs to apply to the Court for enhancement awards to the individual plaintiffs as

15  described above. Settlement Agreement, ¶VIII. The enhancement awards are designed to reward

16  the current and former class representatives for their service to the Class, which in some cases

17  included searching for documents and attending one or two depositions. These awards are

18  consistent with Ninth Circuit precedent that holds enhancement awards cannot be conditioned on

19  class representatives' support for the settlement.  *See Radcliffe v. Experian Info. Solutions, Inc.*,

20  715 F.3d 1157, 1161 (9th Cir. 2013).

21         The Notice will explain the forthcoming motion for attorneys' fees, costs, and

22  enhancement awards so that Class Members will be aware of the proposed requests.  The motion

23  for attorneys' fees, costs, and enhancement awards will be filed a reasonable time before the

24  _____

25  [8] In settlement context, the inquiry under Rule 23(b)(3) is simpler than for certification of
   litigation class. Manageability is not a relevant inquiry with respect to a settlement class.
26  ("Confronted with a request for settlement-only class certification, a district court need not inquire
   whether the case, if tried, would present intractable management problems, . . . for the proposal is
27  that there be no trial."  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997), *In re Relafen
   Antitrust Litig.*, 231 F.R.D. 52, 68 (D. Mass. 2005) (same).

28

1   deadline for objections. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th

2   Cir. 2010) (holding that class members should have adequate time to review motion for attorneys'

3   fees before deadline for objections).

4   **V.**     <u>**THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE**</u>

5       The last step in the class settlement approval process is the final approval hearing, at which

6   the Court may hear all evidence and argument necessary to evaluate the proposed settlement.  At

7   that hearing, proponents of the settlement may explain and describe its terms and conditions and

8   offer argument in support of settlement approval.  Members of the Class, or their counsel, may be

9   heard in support of or in opposition to the settlement.  Plaintiffs propose the following schedule

10   for final approval of the settlement as detailed in the accompanying proposed order:

| | Date | Action |
|---|---|---|
| 1. | 45 days after entry of an order of preliminary approval | Mailed notice is sent, a dedicated settlement website is created and published notice commences (Settlement Agreement, ¶¶IV.B-F). |
| 2. | 45 days after the Notice Date | Plaintiffs file their application for for attorneys' fees, costs, and enhancement awards in the amounts specified in the Settlement Agreement. |
| 3. | 60 days after the Notice Date. | Claims Forms, Requests for Exclusion, and Objections Due (Settlement Agreement, ¶IX.B.2). |
| 4. | 270 days after the Notice Date | Last day for Class Counsel to file a motion for final approval of the proposed Settlement, including application for fees, costs, and enhancement awards. |
| 5. | TBD by Court | Final approval hearing and hearing on application for attorneys' fees, costs, and enhancement awards |

**VI.**   <u>**CONCLUSION**</u>

      For the reasons stated above, Plaintiffs respectfully submit that the proposed Settlement is

fair, adequate, and reasonable, and in the best interests of the Class. Accordingly, they respectfully

request that this Court: (a) certify the Settlement Class as defined in the Settlement Agreement

1   solely for settlement purposes; (b) grant preliminary approval of the Settlement; (c) approve the

2   proposed forms of notice; (d) approve the proposed schedule for dissemination of the notices;

3   (e) approve appointment of a settlement administrator and (f) schedule a hearing for final approval

4   of the Settlement and the award of attorney's fees, costs, and enhancement awards.

5

6   Dated:  April 14, 2015                         Respectfully Submitted,

7                                                  /s/

8                                                  Leonard B. Simon (State Bar No. 58310)
                                                   **LAW OFFICES OF LEONARD B.**
                                                   **SIMON**
9                                                  655 West Broadway, Suite 1900
10                                                 San Diego, CA 92101
                                                   Telephone:  619-231-1058
11                                                 Facsimile:  619-231-7423
                                                   lens@rgrdlaw.com

12

13                                                 David M. Given (State Bar No. 142375)
                                                   Nicholas A. Carlin (State Bar No. 112532)
14                                                 Alexander H. Tuzin (State Bar No. 267760)
                                                   **PHILLIPS, ERLEWINE & GIVEN LLP**
15                                                 50 California Street, 35th Floor
                                                   San Francisco, CA   94111
16                                                 Telephone:  415-398-0900
                                                   Facsimile:  415-398-0911
17                                                 dmg@phillaw.com
                                                   nac@phillaw.com
18                                                 aht@phillaw.com

19                                                 Michael W. Sobol
                                                   Roger N. Heller (State Bar No. 215348)
20                                                 Cecelia Han (State Bar No. 235640)
                                                   **LIEFF CABRASER HEIMANN &**
                                                   **BERNSTEIN**
21                                                 275 Battery Street, 29th Floor
22                                                 San Francisco, CA  94111-3336
                                                   Telephone:  415-956-1000
23                                                 Facsimile:  415-956-1008
                                                   msobol@lchb.com
24                                                 rheller@lchb.com
                                                   chan@lchb.com

25

26                                                 Michael P. Lehmann (State Bar No. 77152)
                                                   Arthur N. Bailey, Jr. (State Bar No. 248460)
27                                                 **HAUSFELD LLP**
                                                   44 Montgomery Street, Suite 3400
28                                                 San Francisco, CA 94104

Telephone: (415) 633-1908
Facsimile: (415) 358-4980
mlehmann@hausfeldllp.com
bwecker@hausfeldllp.com
abailey@hausfeldllp.com

Michael D. Hausfeld
James J. Pizzirusso
**HAUSFELD LLP**
1700 K Street, NW
Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
mhausfeld@hausfledllp.com
jpizzirusso@hausfeldllp.com

Bruce L. Simon (State Bar No. 96241)
Aaron M. Sheanin (State Bar No. 214472)
William J. Newsom (State Bar No. 267643)
**PEARSON, SIMON, WARSHAW &
PENNY, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswplaw.com
asheanin@pswplaw.com
wnewsom@pswplaw.com

Clifford H. Pearson (Cal. Bar No. 108523)
Daniel L. Warshaw (Cal. Bar No. 185365)
**PEARSON, SIMON, WARSHAW &
PENNY, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone:  (818) 788-8300
Facsimile:  (818) 788-8104
dwarshaw@pswplaw.com
cpearson@pswplaw.com

Edgar D. Gankendorff
Christophe Bela Szapary
**PROVOSTY & GANKENDORFF, L.L.C.**
650 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: (504) 410-2795
Facsimile: (504) 410-2796
egankendorff@provostylaw.com
cszapary@provostylaw.com

Neville L. Johnson
**JOHNSON & JOHNSON LLP**
439 N. Canon Drive, Suite 200
Beverly Hills, CA 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
njohnson@jjllplaw.com

Jeffrey A. Koncius
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
koncius@kbla.com

Thomas S. McNamara (Pro Hac Vice)
**INDIK & McNAMARA, P.C.**
100 South Broad Street, Suite 2230
Philadelphia, Pennsylvania 19110
Telephone: (215) 567-7125
Facsimile: (215) 563-8330
mcnamara@snip.net

*Attorneys for Plaintiffs and the Class*

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## <u>CERTIFICATE OF SERVICE</u>

I, Arthur N. Bailey, Jr., declare that I am over the age of eighteen (18) and not a party to the entitled action.  I am a partner at the law firm of HAUSFELD LLP, and my office is located at 44 Montgomery Street, Suite 3400, San Francisco, California 94104.

On April 14, 2015, I caused to be served a true and correct copy of the following:

1) **NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

2) **DECLARATION OF ARTHUR N. BAILEY, JR. IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

3) **DECLARATION OF LEONARD B. SIMON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

4) **DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

5) **DECLARATION OF MICHAEL W. SOBOL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

6) **DECLARATION OF DAVID M. GIVEN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

7) **DECLARATION OF THOMAS S. MCNAMARA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

8) **DECLARATION OF JEFFREY A. KONCIUS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

9) **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

10) **CERTIFICATE OF SERVICE**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2015 at San Francisco, California.

_/s/ Arthur N. Bailey, Jr._
Arthur N. Bailey, Jr.