Michael F. Ram (SBN 104805)
**RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311
Email: mram@rocklawcal.com

Thomas S. McNamara (Pro Hac Vice Pending)
**INDIK & McNAMARA, P.C.**
100 South Broad Street, Suite 2230
Philadelphia, PA 19110
Telephone: (215) 567-7125
Facsimile: (215) 563-8330
Email: mcnamara@snip.net

Attorneys for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, et al., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>　　　　　　　　　Defendant. | Case No. 11-CV-1613-SI (MEJ)<br><br>**CLASS ACTION**<br><br>Judge: Hon. Susan Illston<br><br>**DECLARATION OF THOMAS S. MCNAMARA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed and served concurrently with Motion for Preliminary Approval] |

I, Thomas S. McNamara, declare as follows:

1. I am an attorney in good standing licensed to practice law in the Commonwealth of Pennsylvania and the State of New Jersey, and a founder and shareholder of Indik & McNamara, P.C., a law firm which has offices in Philadelphia, Pennsylvania and Monmouth Junction, New Jersey.

2. I have been admitted to practice pro hac vice in the case of *Tavares v. Capitol Records, LLC,* No. 4:12-cv-03059-YGR (N.D.Cal.) ("*Tavares*"), a separate putative class action pending before Judge Gonzalez Rogers in this district, in which I, along with local counsel Michael A. Ram and the firm of Ram, Olson, Cerghino & Kopczynski LLP, represent plaintiffs Ralph Vierra Tavares, Arthur Paul Tavares, Feliciano Vierra Tavares, Antone Lawrence Tavares, and Perry Lee Tavares, individually and jointly p/k/a "Tavares, on their own behalf and on behalf of all others similarly situated, in claims against Capitol Records, LLC.

3. The plaintiffs in the *Tavares* case, and in another putative class action pending before Judge Gonzalez Rogers, *Davis v. Capitol Records, LLC,* No. 12-cv-1602-YGR (N.D. Cal.) ("*Davis*" and, together with *Tavares*, the "Capitol Actions"), assert claims against Capitol Records, LLC which are substantially similar to the those filed against UMG Records, Inc. in the putative class action lawsuits (collectively, the "UMGR Actions") which have been consolidated with the above-entitled putative class action lawsuit pending in this Court (Case NO. 11-CV-1613 SI) ("*James*").

4. My law firm and I have been actively involved in the drafting of pleadings, motion practice, and the conduct of discovery and other aspects of the *Tavares* case from its inception, including the coordination of discovery in the *Tavares* case with discovery in the *Davis* case, as directed by Judge Gonzalez Rogers.

5. The plaintiffs named in the Capitol Actions and the UMGR Actions have entered into a Stipulation and Agreement of Settlement which, if approved by the Court, will operate to settle the claims asserted in both sets of putative class action lawsuits. I have been actively involved in the review, negotiation and drafting of the Stipulation and Agreement of Settlement.

6. Pursuant to and subject to Court approval of the Stipulation and Agreement of Settlement, the plaintiffs named in the Capitol Actions and the UMGR Actions have filed a Second Consolidated Class Action Complaint in the *James* case, which conditionally supersedes and effects the consolidation of the Capitol Actions with the UMGR Action, together with a Motion for Preliminary Approval of Class Action Settlement. I also have filed a motion for admission pro hac vice in the *James* case.

7. I submit this declaration in support of the Parties' Motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

8. I graduated from the Rutgers University School of Law – Newark in 1983. I have practiced law for over 30 years.

9. From 1985 to the present, my legal practice has focused primarily on complex commercial litigation, including the representation of individuals and small businesses in direct and derivative litigation, as well as in class actions and group actions, in state and federal courts in Pennsylvania, New Jersey, and New York and throughout the country. I also have represented individuals in the litigation and trial of a variety of cases involving civil rights violations, serious injuries and wrongful death. In addition, I have consulted with and represented start-ups and other businesses in transactional and financial matters.

10. Over the course of my legal career, I have settled or when necessary successfully tried to verdict a wide variety of commercial disputes. A sample of some of the cases that I have actively litigated or tried, and the outcome of such cases, includes: *Foss v. Towa Corporation of America*, 1987 WL 9283 (E.D.Pa.)(defendant's motion for summary judgment granted in part and denied in part in action alleging claims for breach of contract, unfair competition and intentional interference with contractual relations in action arising out of termination of manufacturers' representative for electronic equipment manufacturer; case tried to jury verdict for plaintiff); *Pierce v. Rossetta Corporation, et al.*, 1991 WL 52720 (E.D.Pa. 1991)(defendants' motion for summary judgment granted in part and denied in part in action alleging claims for RICO violations, breach of fiduciary duty, civil conspiracy, fraud and intentional interference with

contractual relations arising out of development of lease finance software; first reported case establishing viability of claim for aiding and abetting breach of fiduciary duty under Pennsylvania law; case settled on confidential basis at trial); *Barmasters Bartending School, Inc. v. Authentic Bartending School, Inc.*, 931 F. Supp. 377 (E.D.Pa. 1996)(successfully obtained preliminary injunction in action alleging violations of Lanham Act, unfair competition and intentional interference with prospective contractual relations in dispute between franchisor and franchisee); *Hargrove v. Ehinger, et al.*, April Term, 1993, No. 976 (Pa. Com.Pl., Philadelphia County); *Ehinger v. Hargrove*, Civil Action No. 94-2389 (E.D.Pa.)(represented the general partners of The Marian Bank, a Pennsylvania private bank, in successful defense of $12 Million claim by Pennsylvania Secretary of Banking, as Receiver, and in prosecution of related civil rights action against Pennsylvania Secretary of Banking and others for wrongful taking of bank; cases settled with no finding or admission of liability on part of clients, requiring no payment by clients, and resulting in designation and appointment of one client as the fee-based Asset Manager for Committee of Excess Depositors created in connection with resolution of receivership litigation); *Todd v. Quest Diagnostics Incorporated*, Docket No. GLO-L-2212-96 (obtained $3.6 Million jury verdict in favor of plaintiff in medical malpractice/wrongful death action arising out of negligent pathology diagnosis of cervical biopsy); *Bond Opportunity Fund II, LLC v. Heffernan*, 340 F.Supp.2d 146 (D.R.I. 2004); *Almeroth v. Innovative Clinical Solutions, Ltd.*, 2004 WL 1922122 (Bankr.D.Del. 2004) (successfully representing a hedge fund as a plaintiff in an action for securities fraud, common law fraud, negligence and breach of fiduciary duty, and in a related adversary proceeding in bankruptcy court concerning a prepackaged plan of reorganization. After protracted litigation, both actions favorably settled on a confidential basis).

11.  Although most of my experience is in cases involving direct claims, I also have prior experience in class action litigation. Early in my career, I served as counsel in *Davies v. Continental Bank*, 122 F.R.D. 475 (E.D.Pa. 1988), a class action in which the court approved a complex settlement which included the structuring and funding of a bankruptcy plan of reorganization and payment of an aggregate of $12,500,000 to or for the benefit of the plaintiff class, after noting the complexity of the class actions, and the fact that any litigation of the

- 4 -
DECLARATION OF THOMAS S. MCNAMARA - 11-CV-1613-SI (MEJ)

complex legal conflicts involved would create "astronomical expenses" for the parties, stated that "the attorneys who have engineered and maintained this novel and complex plan should be commended for their efforts to avoid such costs." In a case involving the reorganization of a Philadelphia advertising agency, I also served as counsel for a nationwide class of television station creditors in the first class action by a media creditor class ever certified in an adversary proceeding in a U.S. Bankruptcy Court. *In re Mediaworks, Inc., Debtor*, Chapter 11, Case No. 97-11896 (SR); *Brunson Communications, Inc. t/a WGTW-TV 48 v. Inphomation Communications, Inc. and Mediaworks, Inc.*, Adversary Proceeding No. 97-01141 (Bankr. E.D.Pa.).

12. For many years, a portion of my practices has included the representation of recording artists, entertainers, record companies, songwriters, music publishing companies, and entertainment industry in both transactional and litigation matters, including representations in significant litigation involving joint ventures, royalty payment obligations, and claims of contractual breaches, copyright and trademark infringement, and unfair competition.

13. Music industry actions in which I have served as counsel include: *Steinberg, et al. v. Kenneth Gamble, Leon Huff and Thomas Bell, t/a Mighty Three Music, et al.*, January Term, 1994, No. 2932 (Pa. Com. Pleas, Philadelphia County) (obtained $1.4 million jury verdict – later molded to $2.1 million - in 1998 trial of action for breach of implied contract for finder's fee in connection with $14 million sale of music publishing catalog); *Ross v. Assorted Music, Inc. d/b/a Philadelphia International Records, Inc.*, September Term, 1998, No. 682 (Pa.Com Pleas, Philadelphia County) (action for breach of contract, intentional interference with prospective contractual relations, defamation and fraud in connection on behalf of record company consultant; case settled before trial on confidential basis); *Finkelstein v. Warner Music Group, Inc.*, 14 A.D.3d 415, 787 N.Y.S.2d 867 (1st Dept. 2005) (affirming denial of motion to dismiss fraud claim and reversing dismissal of claim for breach of fiduciary duty on behalf of Strictly Rhythm Records, Inc., an independent record company, and its sole shareholder, in litigation in the Supreme Court of New York arising out of a $20 million joint venture with Warner Music Group, Inc.; as part of a confidential settlement of that lawsuit, my client reacquired the master recording

by the joint venture entity, together with all associated copyrights and trademarks, and entered into a new distribution agreement and a new publishing administration agreement with affiliates of Warner Music Group).

14. Based on my significant experience in complex commercial litigation, including the trial and negotiations of settlements of substantial cases involving direct and class actions, on my familiarity with and knowledge of the substantive and procedural issues in the Capitol Actions and the UMGR Actions, and on my review and participation in the negotiation of the Stipulation and Agreement of Settlement and related settlement documents, I believe that the proposed settlement is fair reasonable and adequate and in the bests interests of the class, and merits preliminary approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __6th__ day of April, 2015, at Philadelphia, Pennsylvania.

_____
Thomas S. McNamara