# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UMG RECORDINGS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 11-01613 SI (MEJ)<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Susan Illston |

855912.6

1 | The Court, having reviewed Plaintiffs Rick James, by and through The James Ambrose Johnson, Jr., 1999 Trust, his successor in interest; David Coverdale, by and for Whitesnake Productions (Overseas) Limited; Dave Mason; Carlton Douglas Ridenhour, d/b/a "Chuck D, " individually and as a member of Public Enemy; Ron Tyson; Robert Walter "Bo" Donaldson, individually and d/b/a Bo Donaldson And The Heywoods; William Mclean, a/k/a "Will Mclean" and p/k/a "Mista Lawnge," and Andres Titus, p/k/a "Dres," jointly d/b/a Black Sheep; Martha Davis; and Ralph Vierra Tavares, Arthur Paul Tavares, Feliciano Vierra Tavares, Antone Lawrence Tavares, and Perry Lee Tavares, individually and jointly p/k/a "Tavares" (collectively, "Plaintiffs") Motion for Preliminary Approval of Class Action Settlement with Defendants UMG Recordings, Inc. ("UMGR") and Capitol Records, LLC ("Capitol"), (collectively "Defendants"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that Plaintiffs' motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Stipulation and Agreement of Settlement ("Settlement").

2. The Court hereby gives its preliminary approval to the Settlement, subject to a hearing on the final approval of the settlement (the "Fairness Hearing"), and hereby certifies the following Class for purposes of settlement:

> All persons and entities (and their successors-in-interest, assigns, and heirs) that are parties to a Class Contract and/or Artists or Included Other Royalty Recipients whose service are provided in connection with a Class Contract and receive royalties pursuant to a Class Contract (such as an Artist or Included Other Royalty Recipient who furnish services to a so-called "loan-out' company or production company), except for the following excluded persons or entities: (1) US Labels; (2) any persons or entities who file a valid and timely Request for Exclusion; (3) any persons or entities who have, whether by settlement, audit settlement, and/or other agreement(s) with a US Label:

  (a) released any and all then-existing claims relating to sales or exploitation of all Subject Masters as Downloads, Mastertones, and, as to Capitol US Labels, Streams, and (b) either expressly agreed as to how royalties are to be calculated for sales or exploitation of all Subject Masters as Downloads, Mastertones, and, as to Capitol US Labels, Streams, or released all future claims related to the method of calculation of royalties for Downloads, Mastertones, and, as to Capitol US Labels, Streams, and (c) the provisions or agreements described in paragraphs 0(a) and 0(b) individually or together account for, dispose of, and/or govern all past, present, and future claims by that person or entity relating to the applicable methodology or formula for calculating or determining royalties for sales or exploitation of all Subject Masters as Downloads, Mastertones, and, as to Capitol US Labels, Streams; (4) any persons or entities to whom a US Label accounts or pays solely as an accommodation or service to an Artist or Included Other Royalty Recipient (e.g., pursuant to a letter of direction); and (5) any person included on a government list of known or suspected terrorists or other individuals, entities, and organizations of concern, including, but not limited to, persons appearing on the United States Department of the Treasury, Office of Foreign Assets Control List of Specially Designated Nationals and Blocked Persons (the "SDN Lists").

  3. The Court finds that the Settlement falls within the range of reasonableness necessary to grant preliminary approval. The Court further finds that there is a sufficient basis for notifying the Class of the proposed Settlement, and for enjoining Class Members from proceeding in any other action arising from or relating to this litigation pending the conclusion of the Fairness Hearing.

  4. The Fairness Hearing will be conducted to determine the following:

   a. Whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval;

   b. Whether final judgments should be entered dismissing the claims of the

|     |     |
| --- | --- |
| 1   | Class against UMGR and Capitol with prejudice as required by the |
| 2   | Settlement Agreement; and |
| 3   | c.  Such other matters as the Court may deem appropriate. |

4. 5. Plaintiffs are hereby found to be adequate representatives of the Class and are therefore appointed as Class Representatives.

6. The Law Offices of Leonard B. Simon, P.C.; Pearson, Simon & Warshaw, LLP; Hausfeld LLP; Lieff Cabraser Heimann & Bernstein, LLP; Philips Erlewine & Given LLP; Kiesel Law LLP; and Indik & McNamara are hereby found to adequately represent the interests of the Class and are therefore appointed as Class Counsel.

7. The Court appoints Garden City Group, LLC as the Claims administrator.

8. The Court approves the form and content of the Claim Form, the Long Form Notice, and the Publication Notice attached hereto as Exhibits 1 through 3, respectively.  The Parties can make non-substantive changes to the Notice without prior Court approval.

9. The Court approves the mailing of the Long Form Notice, in the form attached hereto as Exhibit 2, by the Settlement Administrator to the Class members via direct mail within 45 days after the entry date of this Order (the "Notice Date").

10. Commencing on or before the Notice Date, the Claims Administrator shall arrange for the Publication Notice, in the form attached hereto as Exhibit 3, by purchasing media buys in the following publications: (a) once in *Billboard* magazine in a size equivalent to one-quarter page; (b) once in *Rolling Stone* magazine in a size equivalent to one-quarter page; (c) once in the *Chicago Tribune* in a size equivalent to one-sixth page; (d) twice in the *Los Angeles Times* in a size equivalent to one-sixth page; (e) twice in the New York Times in a size equivalent to one-sixth page; (f) and twice in the Nashville Tennessean in a size equivalent to 3 columns x 7 in/cm.

11. Commencing on or before the earlier of the Notice Date or the first publication of the Publication Notice, the Settlement Administrator shall establish the Settlement Website, which shall contain downloadable copies of the Notice and Claim Form, and hyperlinks to key case documents including the Notice, Claim Form, Second Consolidated Amended Complaint, this

1  Stipulation, the Preliminary Approval Order, and (after it is filed) Class Counsel's application for
2  attorneys' fees, costs and enhancement awards.  The Settlement Website shall also provide for
3  submissions of Claims Forms electronically. The Settlement Administrator shall establish and
4  administer a Toll-Free Number whereby potential Class members can obtain additional
5  information and request that a Claim Form be mailed to them.

6        12. Commencing on or before the earlier of the Notice Date or the first publication of
7  the Publication Notice, Defendants will place a link to the Settlement Website prominently on the
8  homepage of the website http://www.universalmusic.com through the deadline for the filing of
9  Claim Forms.

10       13. On or before the Notice Date, the Settlement Administrator shall issue a press
11 release in the form of the Publication Notice to be disseminated to major media outlets.

12       14. Class Members are instructed to follow the instructions for exercising their rights
13 under the Settlement Agreement as set forth in the Settlement Agreement and Class Notice.
14 Failure to timely file and serve written objections will preclude a Class Member from objecting to
15 the Settlement Agreement.  Failure to timely request exclusion will preclude a Class Member from
16 opting out of the Settlement Agreement.

17       15. The Court finds that the forms of notice to the Class members regarding the
18 pendency of this class action, and the methods of dissemination to the Class Members in
19 accordance with the terms of this Order, constitute valid, due and sufficient notice to the Class
20 Members pursuant to Federal Rule of Civil Procedure 23, the United State Constitution, and any
21 other applicable law.

22       16. Counsel for the parties are hereby authorized to utilize all reasonable procedures in
23 connection with the administration of the settlement which are not materially inconsistent with
24 either this Order or the terms of the Settlement Agreement.

25       17. All provisions of the Settlement Agreement regarding the form and manner of
26 providing notice to the Class shall remain in full force and effect unless otherwise expressly
27 modified herein.

28

18. The Court adopts the following schedule in order to effectuate the final approval of the Settlement Agreement.

    a. Plaintiffs' motion for attorneys' fees, costs and enhancement awards shall be within 45 days of the entry date of this Order;

    b. Class Members shall have until 60 days after the Notice Date to file claims, opt-out or exclude themselves, file a Notice of Intent to Appear at the Fairness Hearing, object to the Settlement Agreement, or respond to Plaintiffs' motion for attorneys' fees, costs and enhancement awards. Pursuant to the terms of the Settlement Agreement, Class Members who do not submit a valid and timely request to exclude themselves will be bound by the Settlement Agreement for any and all issues covered by the releases, waivers, and covenants in the Agreement.  Class Members who do not submit valid and timely objections will have waived all objections.

    c. Plaintiffs shall file their motion for final approval of the Settlement Agreement on or before 270 days after the Notice Date.

    d. The Fairness Hearing shall be held on _____.

19. The date or time for the Fairness Hearing may be moved *sua sponte* by the Court or pursuant to a stipulation by the parties subject to Court approval without providing additional notice to the Class Members beyond updating the Settlement Website, except such notice shall be provided to all objectors who timely state intent to appear at the Fairness Hearing.

20. Class Members shall, upon final approval of the Settlement Agreement, be bound by the terms and provisions of the Settlement Agreement so approved, including but not limited to releases, waivers, and covenants in the Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity submits an Authorized Claim Form.

21. All further proceedings are hereby stayed except for any that are required to effectuate the Settlement Agreement.

1  IT IS SO ORDERED.

2

3  Dated: _____, 2015       _____
                                        The Honorable Susan Illston
4                                       United States District Judge