UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UMG RECORDINGS, INC., et al.,<br><br>Defendants. | Case No. 11-cv-01613-SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 258 |

On April 13, 2016, the Court held a hearing on Plaintiffs' motion for final approval of the class action settlement with defendants UMG Recordings, Inc. and Capitol Records, LLC (collectively "Defendants"). Having reviewed Plaintiffs' motion, the pleadings and other papers on file in this action, the objections to the settlement, and the statements of counsel and an objector at the hearing, the Court hereby finds that Plaintiffs' motion should be GRANTED and a final judgment entered thereon.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement").

2. The Court has jurisdiction over the parties to the Settlement and the subject matter of the litigation.

3. The Court hereby finally approves the Settlement and finds that the Settlement is fair, adequate and reasonable to the Class Members in all respects.

4. The Court finds that the persons identified in Ex. A attached hereto have timely and

1  validly requested exclusion from the Settlement Class, or are permitted to be excluded
2  notwithstanding an untimely request upon consent of the Parties, and are therefore not included in
3  or bound by this Final Judgment and are not entitled to any recovery from the Fund or any other
4  settlement proceeds obtained through this Settlement.

5. The Court has considered the nine objections filed by purported class members, as well as the statements made at the hearing by objector Anthony Gottlieb.  The Court overrules the objections and finds that none of the objections demonstrate that the Settlement is not fair, adequate, and reasonable.  The Court notes that only one of the objectors, George Clinton, filed a claim, and that at the hearing defense counsel stated that defendants would accept late claims filed by the objectors if those claims were otherwise valid.

6. The Court hereby dismisses on the merits and with prejudice the claims asserted in the Second Consolidated Amended Complaint and each of the Pending Actions, with Plaintiffs and Defendants to bear their own attorneys fees' and costs, except as provided for in the Settlement or otherwise ordered by this Court.

7. Plaintiffs, the Settlement Class, and each Class Member on behalf of themselves and each and all of their past, present, and future officers, directors, stockholders, principals, employees, independent contractors, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, associates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors, assignors, and assigns shall be deemed to have, and by operation of the dismissal of the Action shall have, fully, finally and forever released relinquished, and discharged the Released Defendant Parties with respect to each and every Released Class Claim and shall forever be enjoined from prosecuting any of the Released Class Claims with respect to each and every Released Defendant Party and covenant not to sue any of the Released Defendant Parties with respect to any of the Released Class Claims.

8. Defendants, including the U.S. Labels, and including each of their unincorporated divisions and business units, and any and all of their past, present or future parents, associates,

affiliates, subsidiaries or licensees, and each and all of their past, present and future officers, directors, stockholders, principals, employees, independent contractors, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, associates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors, assignors and assigns, shall be deemed to have, and by operation of the dismissal of the Action shall have, fully, finally and forever released, relinquished and discharged the Released Plaintiff Parties with respect to each and every Released Defendant Claim and shall be forever enjoined from prosecuting any of the Released Defendant Claims with respect to each and every Released Plaintiff Party and covenant not to sue any of the Released Plaintiff Parties with respect to any of the Released Defendant Claims.

9. Nothing in the Settlement, this Order, and any judgment shall be offered or received as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission of wrongdoing, negligence, fault, misrepresentation, omission, or liability, or the truth or validity of any claim or defense made by an opposing Party. *See* Settlement § XIII.B.

10. The Court finds that the Notice, Publication Notice, and other forms of notice disseminated to the Settlement Class through first class mail, print media, and online provided the best notice practicable under the circumstances, provided due and adequate notice of the Settlement and these proceedings, and fully satisfied the requirements of Rule 23(c)(2) and (e), due process, and 28 U.S.C. § 1715.

11. The plan for allocation of proceeds of the settlement ("Plan of Allocation") proposed under the Settlement is hereby APPROVED. The Court finds the proposed Plan of Allocation to be fair, reasonable, and adequate and in the best interests of the Class Members and the Settlement Class as a whole, and hereby directs the Parties and Claims Administrator to distribute the proceeds of the Settlement in accordance with the Settlement.

12. Without affecting the finality of the Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over: (a) the implementation of the Settlement and any

1  distribution to Class Members pursuant to further orders of this Court; (b) the Defendants, until
2  the Effective Date and each and every act agreed to be performed by the parties has been
3  performed pursuant to the Settlement; (c) all Parties and Class Members for the purpose of
4  enforcing and administering the Settlement, including the prohibition on asserting Released Class
5  Claims or Released Defendant Claims pursuant to Section XI.B.7 of the Settlement; and (d) ruling
6  upon the pending application by Class Counsel for attorneys' fees and expenses, and incentive fee
7  awards.

8        13.    In the event the Effective Date does not occur in accordance with the terms of the
9  Settlement, then this Order and any judgment entered thereon shall be rendered null and void and
10 shall be vacated, and in such event, all orders and judgments entered and releases delivered in
11 connection herewith shall be null and void and the Parties shall be returned to their respective
12 positions ex ante.

13       14.    The Court will enter a final judgment in a separate document.

15 **IT IS SO ORDERED**.

17 Dated: April 13, 2016

                                        SUSAN ILLSTON
                                        United States District Judge