UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK JAMES, by and through THE JAMES AMBROSE JOHNSON, JR., 1999 TRUST, his successor in interest, *et al*., individually and on behalf of all others similarly situated., <br><br>Plaintiffs, <br><br>v. <br><br>UMG RECORDINGS, INC., *et al*., <br><br>Defendants. | Case No. 11-cv-01613-SI <br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS AND INCENTIVE AWARDS** <br><br>Re: Dkt. No. 243 |

On April 13, 2016, the Court held a hearing on Plaintiffs' Motion for Attorneys' Fees, Litigation Costs, and Incentive Awards. Having considered the pleadings and other papers on file in this action, and the statements of counsel at the hearing, the Court hereby GRANTS Plaintiffs' motion.

IT IS HEREBY ORDERED THAT:

1.  The Court finds that Plaintiffs' requested fee award of $2,875,000 is fair and reasonable in light of the results obtained by Plaintiffs' counsel in this case; the risks and complex issues involved, and the skill and high-quality work required to overcome them; the burdens borne by counsel in pursuing this litigation on a pure contingency basis; and the range of awards made in similar cases. The Court finds that the requested fee award, which represents the Ninth Circuit's

1  benchmark of 25% of the Fund[1] created by the Settlement Agreement, comports with the
2  applicable law and is justified by the circumstances in this case.

3      2.    The Court has confirmed the reasonableness of Plaintiffs' fee request by
4  conducting a lodestar cross-check. The Court finds that Plaintiffs' counsel's lodestar as of June 1,
5  2015 was over $12 million based on their historical hourly rates. Accordingly, Plaintiffs'
6  requested fee award is well below their lodestar.

7      3.    The Court finds that Plaintiffs' counsel incurred a total of $418,536.09 in litigation
8  costs and expenses in prosecuting this litigation. The Court finds that these costs and expenses
9  were reasonably incurred in the ordinary course of prosecuting this case and were necessary given
10 the complex nature and nationwide scope of the case. Accordingly, the Court approves a payment
11 to Plaintiffs' counsel in the amount of $418,536.09 for such costs and expenses.

12     4.    Finally, the Court approves an incentive award of $22,500 each to: (1) David
13 Coverdale; (2) Dave Mason; (3) Carlton Ridenhour; (4) Ron Tyson; and (5) Dennis King (on
14 behalf of the James Ambrose Johnson Jr. Trust). Additionally, $13,500 each to: (1) Robert Walter
15 "Bo" Donaldson; (2) William Mclean (p/k/a Black Sheep); and (3) Andres Titus (p/k/a Black
16 Sheep). Also, $10,000 to Dale Bozzio, $7,500 to Martha Davis, and $5,000 each to Ralph Vierra
17 Tavares, Feliciano Vierra Tavares, Antone Lawrence Tavares and Perry Lee Tavares. Plaintiffs'
18 application for incentive awards was carefully considered in light of the applicable principles, and
19 deemed reasonable and justified given: (1) the risks—reputational, financial, and otherwise—
20 faced by the class representatives in bringing this lawsuit; and (2) the work performed and the
21 active participation in the litigation and settlement process by the class representatives on behalf of
22 the members of the class.

---

[1] In response to questioning by the Court at the hearing, counsel explained that the $11.5 million settlement fund is a "notional" fund that will be used to pay at least $2.5 million to class members in past relief, and that the fund will pay class members' future benefits in the form of a 10% increase in future royalties. Counsel stated both in the papers and at the hearing that because the future relief continues in perpetuity, plaintiffs believe that the future payments will increase the total value of the settlement "well beyond" $11.5 million. Dkt. No. 243 at 9:4-7. Based upon these representations, the Court finds that although the Fund is not a traditional common fund, it is sufficiently analogous to one that the Ninth Circuit case law regarding attorneys' fees and common funds is relevant.

5. The attorneys' fees, costs and incentive awards set forth in this Order shall be paid by defendant UMG, in accordance with the terms of the Settlement Agreement.

**IT IS SO ORDERED**.

Dated: April 13, 2016

_____
SUSAN ILLSTON
United States District Judge